## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| T.K. PARTHASARATHY, EDMUND WOODBURY, STUART ALLEN SMITH, and SHARON SMITH, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Case No. 3:06-CV-00943-GPM |
| T. ROWE PRICE INTERNATIONAL FUNDS, INC., T. ROWE PRICE INTERNATIONAL, INC., ARTISAN FUNDS, INC., ARTISAN PARTNERS LIMITED PARTNERSHIP, AIM INTERNATIONAL FUNDS, INC. AND A I M ADVISORS, INC., | ) ) ) ) ) ) ) ) ) | (Circuit Court for the Third Judicial Circuit, Madison County, Illinois, Case No. 03-L-1253/03-L-1253A) |
| *Defendants.* | ) ) | |

## NOTICE OF REMOVAL

Defendants T. Rowe Price International Funds, Inc., T. Rowe Price International, Inc., Artisan Funds, Inc., Artisan Partners Limited Partnership, AIM International Funds, Inc. and A I M Advisors, Inc., hereby remove the above-captioned action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1441 and 1446(b), and the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p(c) & 78bb(f)(2).

1.    This removal is based upon the decision of the United States Supreme Court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503 (2006), and upon the decision of the United States Court of Appeals for the Seventh Circuit in *In re Mutual Fund Market-Timing Litig.*, 2006 U.S. App. LEXIS 25660 (7th Cir. 2006) ("*Kircher IV*"), remanding this action to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois

(the "Circuit Court"), as a result of which the case has now become removable. As the Seventh Circuit itself stated: "*Dabit* supplies an intervening change of law . . . ." *Id.* at *11.

2.      Plaintiffs originally filed this action in Circuit Court on September 16, 2003, and filed an Amended Complaint on October 2, 2003. Copies of the "process, pleadings and orders" required by 28 U.S.C. § 1446(a), and filed in the Madison County Circuit Court, are attached hereto as Group Exhibit A.

3.      Removal is authorized by 28 U.S.C. § 1446(b) which, *inter alia,* permits the removal of a case (not initially removable) within thirty days after receipt by the defendant of a copy of an order or other paper from which it may first be ascertained that the case is one which has become removable. *See* 28 U.S.C. § 1446(b). Each of the requirements of this section is satisfied in this case:

    a.      This Court previously determined that this case was not removable at the time it was initially filed. *T.K. Parthasarathy, et al. v. T. Rowe Price Int'l Funds, Inc., et al.,* 2004 U.S. Dist. LEXIS 29804 (S.D. Ill. Jan. 30, 2004).

    b.      It could not have been ascertained that the case had become removable until (following proceedings before the Court of Appeals and the Supreme Court) the Seventh Circuit vacated this Court's May 27, 2005 order of dismissal and ordered this case remanded to the Circuit Court on October 16, 2006. *See Kircher IV*, 2006 U.S. App. LEXIS 25660.

    c.      This removal is taken within thirty days of the date of the Seventh Circuit's October 16, 2006 decision in *Kircher IV* and, therefore, is timely under Section 1446(b).

4.      If, contrary to the foregoing, this case is viewed as one which *was* initially removable notwithstanding this Court's January 30, 2004 remand order, the error in the original remand of this case poses no bar to the re-removal of this case either under 1446(b) or SLUSA itself. The Seventh Circuit has recognized that nothing in Section 1446 or Section 1447(d) forecloses successive petitions for removal, *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999), and nothing in SLUSA imposes any procedural or temporal limits on removal. Consequently, the only possible limitation on the right of defendants to re-remove the case at this time is the doctrine of law of the case. *Benson*, 188 F.3d at 783. That doctrine is not a bar to a second removal where intervening events, including a change in controlling law, demonstrate that a prior remand order was erroneous, as the Supreme Court's ruling in *Dabit* unequivocally does here. *Benson*, 188 F.3d at 783 (remand order was law of the case but could be revisited where justified by intervening events); *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *11 ("preclusion does not block a successive removal if the facts *or law* change after the initial remand") (emphasis added).

5.      Removal also is authorized by SLUSA itself, which, as stated above, imposes no procedural or temporal limits on the removal of litigation subject to SLUSA preclusion. *See Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394 (7th Cir. 2006).[1]

---

[1]      Although the Seventh Circuit's decision in *Bradfisch* is unpublished, it falls within the "law of the case" exception to the rule that unpublished orders shall not be cited. *Bradfisch* was consolidated with plaintiffs' appeal to the Seventh Circuit from this Court's May 27, 2005 dismissal order and its subsequent order denying reconsideration of the dismissal order. *See* 7th Cir. R. 53(b)(2)(iv).

**A.      Removal Pursuant to 28 U.S.C. § 1446(b)**

6.      Title 28 U.S.C. § 1446(b) provides that:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446.   Under this Court's original remand order -- which is the law of this case -- "the case stated by the initial pleading was not removable."   28 U.S.C. § 1446(b).   *See Parthasarathy*, 2004 U.S. Dist. LEXIS 29804, at *17 ("SLUSA does not permit removal of Plaintiffs' claims").   That remand order, whether it was correct or not, established that the case was not initially removable, thus satisfying the first requirement of Section 1446(b).   *See Powers v. Chesapeake and Ohio R.R. Co.*, 169 U.S. 92, 97-98 (1898) (regardless of its correctness, order remanding case established "as between these parties and for purposes of this case, that, at the time of the filing of the first petition for removal, the case was not removable").   As noted *supra*, paragraph 1, "*Dabit* supplies an intervening change of law" that now authorizes the removal of "holder" claims like those alleged by plaintiffs.   *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *11 (order of remand "does not block a successive removal if facts *or law* change after the initial remand") (emphasis added).   *See also Benson v. SI Handling Sys., Inc.*, 188 F.3d 780 (7th Cir. 1999) (second removal not barred where "intervening events" establish exception to law of the case doctrine); *accord Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (original remand order establishes law of the case, which may be revisited on a second removal where justified by intervening events).

7.      The change in the law which has occurred since this Court's original remand order leaves no doubt that this case is both within this Court's removal jurisdiction and barred by SLUSA.   The Seventh Circuit wrote a few weeks ago, in this very case:

Our opinion in [*Kircher II*][2] explains the nature of these suits against mutual funds. Plaintiffs maintain that the funds are liable because they were vulnerable to arbitrageurs who exploited the fact that, when the mutual funds' shares were priced (at 4 P.M. New York time every business day), the funds valued securities of foreign issuers at their closing prices in the issuers' home markets rather than the latest trading price in any liquid market.

* * *

*Kircher II* held that **claims of this kind arise under federal securities law** because disclosure of the funds' practices and vulnerabilities would preclude recovery, and that, because plaintiffs have not taken advantage of the exception for derivative litigation, **the state-law claims are preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA)** even though at least some of the investors held their shares throughout the class periods . . . .

*Kircher IV*, 2006 U.S. App. LEXIS 25660, at *1-2 (emphasis added). Although *Kircher II* has now been vacated by the Supreme Court for lack of appellate jurisdiction, *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) ("*Kircher III*"), the Supreme Court accepted and endorsed the underlying reasoning of that decision and it therefore remains authority on the substantive issue of SLUSA preclusion in this case. *See Christianson v. Colt Indus. Operating Corp.*, 870 F.2d 1292, 1298-1299 (7th Cir. 1989); *United States ex rel. Espinoza v. Fairman*, 813 F.2d 117, 126 n.7 (7th Cir. 1987).

8. Indeed, the Supreme Court in *Dabit* expressly "agreed with [the] substantive approach" of *Kircher II*. *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *2. *Dabit* unequivocally rejects the *sole* basis for the January 30, 2004 remand order -- *i.e.*, that SLUSA does not apply to

---

[2]   In *Kircher I*, the Seventh Circuit held that it had appellate jurisdiction to review this Court's remand order notwithstanding the general bar on the appealability of remand orders in 28 U.S.C. § 1447(d). *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) ("*Kircher I*"). In *Kircher II*, the Seventh Circuit held that SLUSA does apply to so-called "holder" claims, and therefore reversed this Court's January 30, 2004 order and remanded with instructions to dismiss plaintiffs' state law claims. *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) ("*Kircher II*").

so-called "holder" class actions. *See Kircher III*, 126 S. Ct. at 2151 n.5 (explaining that *Dabit* rejected the reasoning underlying this Court's prior remand). Moreover, the Seventh Circuit has *twice* rejected plaintiffs' argument that what they have characterized as "negligence" claims are outside the reach of SLUSA. *See Kircher II*, 403 F.3d at 484 ("if these funds had stated bluntly in their prospectuses (or otherwise disclosed to investors) that daily valuation left no-load funds exposed to short-swing trading strategies, that revelation would have squelched litigation of this kind"); *Bradfisch*, 2006 U.S. App. LEXIS 12394, at *2 ("Although the plaintiffs maintain that *Dabit* does not control because (in their view) the defendant funds have been negligently managed, they have not sought relief through derivative litigation and therefore cannot take advantage of the exception for that kind of suit in the Securities Litigation Uniform Standards Act of 1998").

9.    Decisions in other Circuits agree that re-removal under Section 1446(b) is permissible where a case has been remanded and subsequent developments demonstrate that the remand was erroneous. *Doe v. American Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993) (finding nothing "prohibiting the filing of a second removal petition pursuant to Section 1446(b)" even though the district court's earlier remand order "has now been demonstrated [by a subsequent Supreme Court decision] to have been decided erroneously"); *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 265 (5th Cir. 2001) (successive removal permissible under Section 1446(b) without regard to the fact that earlier remand was incorrect, as demonstrated by a subsequent Fifth Circuit decision). In both *Doe* and *Green*, Section 1446(b) was held to permit re-removal even though the requirement of that section that the "case stated by the initial pleading is not removable" would not have been satisfied if the original removal had been viewed against subsequent case law developments demonstrating that the removal was correct. In short, a case

"is not removable" for purposes of Section 1446(b) if a district court *holds* it is not removable, and in that event a second removal is authorized where it subsequently appears from an "order or other paper" that the case "is one which is or has become removable . . . ."

10.      Defendants have filed this Notice "within thirty days after receipt . . . , through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Specifically, defendants have filed this Notice within 30 days after receipt of the Seventh Circuit's decision in *Kircher IV* which, by vacating this Court's May 27, 2005 dismissal of this action and ordering the return of the case to the Madison County Circuit Court, has for the first time since the change in the law effected by *Dabit* put this case in a position (*i.e.*, back in the State court) in which it is subject to removal, and which itself reconfirms that the case is, in fact, removable. *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *2 ("claims of this kind arise under federal securities law").

11.      The decision in *Kircher IV* is, moreover, an "order or other paper" in this case within the meaning of Section 1446(b). Specifically, each of the parties to this case (and hence each of the removing defendants) was a party to the appeals that were the subject of the Seventh Circuit's decision in *Kircher IV*.

**B.      Removal Pursuant to SLUSA**

12.      Even if the January 30, 2004 order of remand were ignored and this case were viewed, in hindsight, as one which *was* initially removable and therefore not within the second paragraph of Section 1446(b), nothing forecloses the re-removal of this case under SLUSA. Defendants initially, and timely, removed this case under SLUSA on October 16, 2003, within 30 days after its filing. Specifically, they complied with the requirements of the first paragraph

of Section 1446(b), permitting "removal of a civil action . . . [on notice] . . . filed within thirty days, after receipt by the defendant . . . of a copy of the initial pleading . . . ."  This Court remanded the case based upon its view of the law as it existed at that time, but the Supreme Court's subsequent decision in *Dabit* has now shown that this view, and the order of remand, were erroneous.

13.     The Seventh Circuit has held that a remand order may be "revisited . . . [by re-removal] . . . when intervening events justify that step."  *Benson,* 188 F.3d at 783.  Those intervening events include a change in the controlling law. *Kircher IV*, 2006 U.S. App. LEXIS 25660 at *11.  An intervening decision by another district court would not satisfy this standard, since the decisions of other district courts are not precedent, *Midlock,* 406 F.3d at 458, but a decision of the Supreme Court obviously does.  Here the intervention of the Supreme Court's decision in *Dabit* fully warrants revisiting the availability of SLUSA as a basis for removal -- indeed, it compels the conclusion that the case may be removed under, and is barred by, SLUSA.  Nothing in Section 1446(b) prohibits re-removal (since the case was originally, timely removed under SLUSA), nor does the prohibition of the review of remand orders by "appeal or otherwise" apply to prevent re-removal. *Midlock,* 406 F.3d at 456 (provision in Section 1447(d) stating that an order of remand is not reviewable on appeal "or otherwise" refers to *mandamus* or other means of obtaining appellate review, not to re-removal).  Consequently, the case may be re-removed at this time under SLUSA, 15 U.S.C. §§ 77p(c) and 78bb(f)(2).  SLUSA itself imposes no procedural or temporal limits on the removal of litigation. *Bradfisch*, 2006 U.S. App. LEXIS 12394.

* * *

14.     All defendants join in this Notice of Removal.

15.    Defendants will promptly serve written notice of the removal of this action upon all adverse parties and will file such notice with the Clerk of the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, as required by 28 U.S.C. § 1446(d).

16.    This Notice of Removal is signed by counsel for the respective defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

17.    The Supreme Court and the Seventh Circuit have now made it abundantly clear that plaintiffs' claims are barred by SLUSA, and yet plaintiffs continue to try "to evade [the] PSLRA in order to litigate a securities class action in state court in the hope that a local judge or jury may produce an idiosyncratic award." *Kircher II*, 403 F.3d at 484, *vacated* 126 S. Ct. 2145. This Court should not "reward game-playing of this kind." *Benson*, 188 F.3d at 783.

Dated:  November 15, 2006

Respectfully submitted,

ARTISAN PARTNERS LIMITED
PARTNERSHIP, defendant

By: ___/s/ Gary A. Meadows_____
         One of its attorneys

Gordon R. Broom - #00308447
Gary A. Meadows - #06209493
Troy A. Bozarth - #06236748
Hepler, Broom, MacDonald, Hebrank, True & Noce, LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
(618) 656-0184

John W. Rotunno
Kenneth E. Rechtoris
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121

    ***Attorneys for Artisan Partners Limited Partnership***

                                  ARTISAN FUNDS, INC., defendant


                              By: /s/ Richard K. Hunsaker with consent
                                      One of its attorneys

Robert H. Shultz, Jr. - #03122739
Richard K. Hunsaker - #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026
(618) 656-4646

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005
(22) 508-4600

    ***Attorneys for Artisan Funds, Inc.***

T. ROWE PRICE INTERNATIONAL FUNDS,
INC., T. ROWE PRICE INTERNATIONAL, INC.,
AIM INTERNATIONAL FUNDS, INC., and A I M
ADVISORS, INC., defendants


By:  ___/s/ Lisa M. Wood with consent_____
                One of their attorneys

Frank N. Gundlach
Lisa M. Wood - #6202911
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102
(314) 621-5070

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
Pollack & Kaminsky
114 West 47th Street
New York, New York 10036
(212) 575-4700


*Attorneys for Defendants T. Rowe Price International Funds, Inc. and T. Rowe Price
International, Inc., AIM International Funds, Inc. and A I M Advisors, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing Notice of Removal to be served upon the following counsel for Plaintiffs:

Stephen M. Tillery
Korein Tillery
10 Executive Woods Court
Swansea, Illinois 62226

Eugene Y. Barash
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

George A. Zelcs
Korein Tillery
205 N. Michigan Avenue
Chicago, Illinois  60602

Robert L. King
Swedlow & King LLC
701 Market Street, Suite 350
St. Louis, Missouri 63101

by placing copies in properly addressed envelopes, with first class postage affixed, and depositing said envelopes in the United States Mail at Edwardsville, Illinois, this 15th day of November 2006.

_/s/ Gary A. Meadows____
Attorney