**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**



FEB 11 2004

T.K. PARTHASARATHY, et al.                )

                                          )

                    Plaintiffs,           )

                                          )

v.                                        )     Case No. 03-L-1253

                                          )

T. ROWE PRICE INTERNATIONAL               )

FUNDS, INC., et. al.                      )

                                          )

                    Defendants.           )

#### ENTRY OF APPEARANCE

COME now Gordon R. Broom, Troy A. Bozarth, and Regina L. L. Wells of

Burroughs, Hepler, Broom, MacDonald, Hebrank & True, LLP and John W. Rotunno,

Kenneth E. Rechtoris, and Daniel J. Hayes of Bell, Boyd & Lloyd LLC and do hereby

enter their appearance on behalf of Defendant Artisan Partners Limited Partnership in the

above captioned matter.

Dated: February 11 , 2004.

                         Respectfully submitted,

                         Gordon R. Broom - #00308447
                         Troy A. Bozarth - #06236748
                         Regina L. L. Wells - #6278688
                         Burroughs, Hepler, Broom,
                           MacDonald, Hebrank & True LLP
                         103 West Vandalia Street, Suite 300
                         Edwardsville, IL  62025
                         (618) 656-0184
                         (618) 656-1364 facsimile

                         and

John W. Rotunno
Kenneth E. Rechtoris
Daniel J. Hayes
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL   60602-4207
(312) 372-1121
Firm No. 90100

*Attorneys for Artisan Partners Limited
Partnership*

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that she caused the foregoing Entry of

Appearance to be served upon:

| | | |
|---|---|---|
| Stephen M. Tillery<br>Korein Tillery<br>10 Executive Woods Court<br>Swansea, Illinois 62226 | Daniel A. Pollack<br>Martin I. Kaminsky<br>Edward T. McDermott<br>Anthony Zaccaria<br>Pollack & Kaminsky | David O. Stewart<br>Thomas B. Smith<br>Ropes & Gray LLP<br>700 12th Street, N.W.<br>Suite 900 |
| George A. Zelcs<br>Three First National Plaza<br>70 West Madison Street<br>Suite 660<br>Chicago, Illinois 60602 | 114 West 47th Street<br>New York, New York 10036 | Washington, D.C. 20005<br>(202) 508-4600 |
| Klint Bruno<br>Law Offices of Klint<br>Bruno<br>1131 Lake Street<br>Oak Park, Illinois 60301 | Frank N. Gundloch<br>Glenn E. Davis<br>Armstrong Teasdale LLP<br>One Metropolitan Square, Suite 2600<br>St. Louis, Missouri 63102 | Robert H. Schultz, Jr.<br>Richard K. Hunsaker<br>Heyl, Royster, Voelker & Allen<br>100 W. Vandalia Street, Suite 100<br>Edwardsville, IL 62026<br>(618) 656-4646 |
| **Counsel for Plaintiffs** | **Counsel for Defendants**<br>**T. Rowe Price International**<br>**Funds Inc.,**<br>**T. Rowe Price International, Inc.,**<br>**AIM International Funds, Inc.,**<br>**and**<br>**AIM Advisors, Inc.** | **Counsel for Artisan**<br>**Funds, Inc.** |

by placing copies of same in properly addressed envelopes, with first class postage

affixed, and depositing said envelopes in the United States Mail at Edwardsville, Illinois,

this 11th day of February, 2004.

Regina L. L. Wells

3

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, EDMUND WOODBURY, )
STEWART ALAN SMITH, and SHARON SMITH, )
individually and on behalf of all others similarly )
situated, )
              )
         Plaintiffs, )
              )
vs. )        Cause No.03-1253
              )
T. ROWE PRICE INTERNATIONAL FUNDS, INC., )
a corporation, T. ROWE PRICE INTERNATIONAL, )
INC., ARTISAN FUNDS, INC., a corporation, )
ARTISAN PARTNERS LIMITED PARTNERSHIP, )
AIM INTERNATIONAL FUNDS, INC., a corporation, )
and AIM ADVISORS, INC., )
              )
         Defendants. )

## NOTICE OF DEPOSITION PURSUANT TO RULE 206 (A) (1)

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

       PLEASE TAKE NOTICE that, pursuant to Rule 206 (a) (1) of the Illinois Supreme Court Rules, plaintiffs

by and through their undersigned attorneys, will take the deposition of the representative(s) designated and produced

to testify on behalf of Defendants concerning the topics identified in Exhibit A attached hereto on March 9, 2004, at

9:00 a.m. at Korein Tillery LLC, 10 Executive Woods Court, Swansea, Illinois.

                                  George A. Zelcs #3123738
                                  KOREIN TILLERY
                                  Three First National Plaza
                                  70 West Madison, Suite 660
                                  Chicago, IL 60602
                                  Telephone   312/641-9750
                                  Facsimile   312/641-9751

RECEIVED

FEB 2 0 2004

LOGGED
CALENDARED FOR

E-mail:gzelcs@koreintillery.com

Stephen M. Tillery #2834995
KOREIN TILLERY
10 Executive Woods Court
Swansea, IL 62226
Telephone:    618/277-1180
Facsimile:    618/277-9804

Eugene Barash #6280933
KOREIN TILLERY
701 Market Street, Suite 300
St. Louis, MO 63101
Telephone:    314/241-4844
Facsimile:    314/241-3525

*Attorneys for Plaintiffs and the Class*

2

**EXHIBIT A**

## I. DEFINITIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below.

1. "Plaintiffs" refers to the named plaintiff(s) and any of their agents, attorneys, representatives, or assigns, as well as any person acting or purporting to act on their behalf.

2. "You," "your" or "your Company," means the defendant responding to these requests, and, where applicable, any predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including, without limitation, any organization or entity in which they have management or controlling interests, together with all present and former directors, officers, employees, agents, assigns, attorneys, representatives or any other persons acting on behalf of the above identified persons or entities.

3. "Document" has the broadest meaning which can be ascribed to it pursuant to Rule 214 of Illinois Supreme Court Rules. "Document" means and includes the final form and all drafts and revisions of any paper or other substance or thing, original or reproduced, and all copies thereof which are different in any way from the original, on which any words, letters, numbers, symbols, pictures, graphics or any other form of information is written, typed, printed, inscribed or otherwise visibly shown, and also every other form of stored or recorded information, whether on film, tape, disks, cards, computer memories or any other medium and/or device whereby stored information can, by any means whatsoever, be printed or otherwise recovered, generated or displayed in the form of visible, audible or otherwise perceptible words, letters, numbers, symbols, pictures or graphics whether

3

or not the originals are in your possession, custody or control. To illustrate (and not to limit) the breadth of this definition, "document" in this sense includes papers or objects bearing handwritten notes, contracts, letters, bills, telegrams, notes, books, desk calendars, organizational charts, drawings, diagrams, illustrations, memoranda, envelopes, diagrams, drafts or partial copies of anything, signs, photographic negatives and prints, video and audio recordings of all kinds and the contents of storage media used in data processing systems.

4.  "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

5.  "Communication," "communicate"  or contact" includes any exchange of words, thoughts or ideas by any means including without limitation oral or written communications of all kinds, including correspondence, any exchange of written or recorded information, face-to-face meetings, or electronic, facsimile or telephone transmissions.

6.  "Person" include individuals, firms, partnerships, associations, joint ventures, corporations, government entities, juridical entities or other groups, however, organized, and all past and present officers, agents, employees or other person acting, or purporting to act on such person's behalf.

4

7. "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), microcomputers and mainframe computers.

8. "Computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware.

9. Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including work processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.  Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their

5

equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

10. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal.

11. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

12. "The identity of a person" shall mean his/her/ full name, address and telephone number and his/her/ last known affiliation and position. "Including" shall mean "including but not limited to," or "including, without limitation." Any examples which follow these phrases are set forth to clarify the request, definition or instruction but not to limit the request.

13. "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

14. "Network" means any hardware and/or software combination that connects two or more

6

computers together and which allows the computers to share and/or transfer data between them.   For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities.   In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

15. "Or" and "and" will be used interchangeably and construed to the broadest possible response.

16. "Policy" means any practice, procedure or directive, whether written or unwritten, formal or informal, which was recognized, adopted, issued or followed by you.

17. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include within all other tenses of the verb so used.

18. "Funds" as used herein shall mean Artisan International Fund, AIM European Growth Fund, and T. Rowe Price International Stock Fund.

19. "Fair value" or "fair value pricing" shall mean any policy, procedure, practice, methodology, actions or undertaking to determine the fair value of any fund's portfolio of assets using information in addition to or other than market quotations for the underlying securities or by making adjustments to the market quotations for the underlying securities.

7

20. "Market timing" shall mean any short-term trading of mutual fund shares by any investor(s) or any occasion when an investor purchases and redeems shares in any fund during any period less than thirty days.

21. "Late trading" shall mean any transaction by which an investor purchases or redeems fund shares after the NAV has been established for an amount other than the price next calculated after receipt of the purchase order or redemption request.

22. "NAV" or "net asset value" shall mean the current net asset of the fund computed in accordance with 17 CFR § 270.22c-1.

23. "Relevant Subjects" shall mean the following:

    a.  the policies and procedures utilized by the Funds in calculating daily fund NAV from 1998 to the present;

    b.  the circumstances under which any of the Funds should or would employ fair value procedures to determine the value of securities held by the Fund in calculating daily fund NAV, any procedures or information used or available to detect those circumstances, any factors considered in developing such valuation procedures and any methodologies used to fair value price such securities;

    c.  any analysis, review or monitoring conducted by you for: (a) significant events that would or could affect the value of any fund portfolio securities; (b) the availability or unavailability of market quotations; (c) the reliability or unreliability of market quotations that would or could affect the valuation of portfolio securities used in calculating fund NAVs;

    d.  your policies, procedures and practices concerning: (a) circumstances when fair value pricing procedures have been used to determine the value of fund portfolio

8

securities; (b) any information reviewed prior to the determination to employ fair value pricing procedures; (c) any indicia of value used in the fair value pricing procedures; (d) circumstances when market quotations were not readily available or were unreliable before the time set for the calculation of the fund NAV resulting in the use of fair value pricing procedures to determine the value of fund portfolio securities; (e) any analysis, review or monitoring conducted by you for significant events that would or could affect the value of any fund portfolio securities, the availability or unavailability of market quotations or the reliability or unreliability of market quotations that would or could affect the valuation of portfolio securities used in calculating fund NAV's;

e.  daily cash inflows and outflows for the funds, daily purchases of fund shares by investors and/or daily redemptions or surrenders of fund shares by investors;

f.  purchases or sales of securities in the fund portfolios, the composition of securities in the fund portfolios and/or the computation, calculation or valuation of the fund NAV's;

g.  market timing and market timing transactions in the funds' shares;

h.  late trading transactions in the funds' shares;

i.  actual, estimated or potential dilution in fund share values or fund assets as a result of trading in fund shares;

j.  any policies or procedures considered, adopted or implemented by you to prevent market timing or late trading practices;

9

k.  your policies, procedures and practices relating to compliance with the federal or state securities laws and regulations, including without limitation: (i) the Investment Company Act of 1940; (ii) the Investment Advisers Act of 1940; (iii) 17 CFR § 270.22c-1; (iv) 17 CFR § 270.38a-1; (v) Accounting Series Release ("ASR") No. 219 (May 31, 1977); (vi) ASR No. 113; (g) ASR No. 118; (vii) SEC Division of Investment Management: December 1999 Letter to the ICI Regarding Valuation Issues; (viii) SEC Division of Investment Management: April 2001 Letter to the ICI Regarding Valuation Issues and/or (ix) any rules, regulations, no action letters, guidance letters or statements or policy statements of the SEC relating to fair value pricing, market timing transactions and/or late trading transactions

l.  your filings and other submissions to the SEC;

m.  your communications with current, former and prospective fund owners, including promotional and marketing materials, prospectuses and Statements of Additional Information.

## II.    RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant time period for the information sought is 1998 to present.

## III.    DEPOSITION SUBJECT MATTER

Pursuant to Illinois Supreme Court Rule 206 (a) (1), Defendants shall designate and

10

produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following topics and subject matters:

1.      The organizational and management structure of Defendants from 1995 to the present, including the organization, structure and business operations of each parent, subsidiary, affiliate, division, department, unit, subdivision or other business unit of defendant.

2.      The identity of all members of your Board of Directors or Board of Trustees from 1998 to the present, including their name, address, job title, tenure on Board of Directors, and manner by which they became a Board member.

3.      All Board committees and sub-committees in existence from 1998 to the present, including the name, address, job title, and tenure on the committee of each member and the function and purpose of each committee or subcommittee.

4.      The organization, management structure, membership and business operations of each division, department or other business unit having any authority, activities or responsibilities relating to any of the Relevant Subjects.

5.      The existence, organization, management structure, membership and activities of each task force, working group or other formal or informal internal group having any authority, activities or responsibilities relating to any of the Relevant Subjects.

6.      The existence, organization, structure, membership and activities of each special committee, counsel or other consultant retained by you to review, evaluate, investigate or provide advice concerning any of the Relevant Subjects.

7.      The chain-of-command followed in the decision-making process relating to any of the Relevant Subjects.

8.      The identity, job title, duties and job responsibilities of all officers and other

11

individuals holding or who have held supervisory and management-level positions with defendant having any authority or responsibilities relating to any of the Relevant Subjects.

9. The identity, job title, duties and job responsibilities of all officers and other individuals having any authority or responsibility relating to communications about the Relevant Subjects with:

a. any state or federal regulatory or law enforcement official, representative or investigator;

b. any auditor;

c. any other mutual funds or investment companies;

d. any industry organizations or trade groups;

e. any self-regulatory organizations.

10. The identity of any consultants, vendors or suppliers who or which have provided services or advice to you concerning any of the Relevant Subjects.

11. The identity and terms of any contracts, agreements or arrangements including amendments, addendums or revisions between you and any person identified in Paragraph No. 7.

12. Your policies, procedures, practices or guidelines relating to any of the Relevant Subjects.

13. Your meetings or communications with the Investment Company Institute or any other industry organization or trade group relating to any of the Relevant Subjects.

14. The existence, location and general contents of any communications between or among you and any state or federal agency (including without limitation the SEC), law enforcement officials, attorney general (including all investigators), self-regulatory organization (including the NASD) or other regulatory, investigative or law enforcement body regarding any

12

of the Relevant Subjects including any statements, written submissions or testimony and any documents produced or made available by defendant to any of the foregoing persons or entities.

15.     Your policies relating to compliance with the federal or state laws with respect to the discharge of fiduciary duties to fund owners or the securities laws.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing document was caused to be served on the following counsel of record by facsimile and placing same in an envelope properly addressed with postage fully prepaid and by depositing said envelope in a United States Mail Box this 17th, day of February, 2004:

Edward T. McDermott
Anthony Zaccaria
Daniel Pollack
Martin I. Kaminsky
Pollack & Kaminsky
114 West 47th Street
New York, New York 10036
Tel: 212/575-4700
Fax: 212/575-6560
    and
Frank N. Gundlach
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102
Tel: 314/621-5070
Fax: 314/621-5065
Attorneys for Defendants T.Rowe Price International Funds, Inc., T.Rowe Price International, Inc., AIM International Funds, Inc., and AIM Advisors, Inc.

Gordon R. Broom
Troy A. Bozarth
Burroughs, Hepler, Broom, MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
Tel: 618/656-0184
Fax: 618/656-1364
    and
John W. Rotunno
Kenneth E. Rechtoris
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel: 312/372-1121
Fax: 312/827-8000
Attorneys for Defendant Artisan Partners Limited Partnership

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005
Tel:  202/508-4600
Fax: 202/508-4650
        and
Robert H. Schultz, Jr.
Richard K. Hunsaker
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026
Tel:  618/656-4646
Fax: 618/656-7940
Attorneys for Defendant Artisan Funds, Inc.

$C_1 \beta m$

# KOREIN TILLERY
ATTORNEYS AT LAW

GEORGE A. ZELCS
LICENSED IN ILLINOIS ONLY
gzelcs@koreintillery.com

. THREE FIRST NATIONAL PLAZA
70 WEST MADISON STREET, SUITE 660
CHICAGO, ILLINOIS 60602-4269
TELEPHONE: (312) 641-9750
FAX: (312) 641-9751

February 17, 2004

Matt Melucci, Clerk of the Circuit Court
Madison County Courthouse
155 North Main Street, Suite 120
Edwardsville, IL 62025

Re:  **T.K. Parthasarathy, Edmund Woodbury, Stuart Allen Smith, and Sharon Smith vs. T.
Rowe Price International Funds, Inc., a corporation, T. Rowe Price
International, Inc., Artisan Funds, Inc., a corporation, Artisan Partners
Limited Partnership, and AIM International Funds, Inc., a corporation, AIM
Advisors, Inc.**

**Docket No. 03-L-1253**

Dear Mr. Melucci:

We enclose for your files an executed Certificate of Service for Plaintiffs' *Notice of
Deposition Pursuant To Rule 206 (A)(1)* directed to defendants T. Rowe Price International Funds,
Inc., T. Rowe Price International, Inc., Artisan Funds, Inc., Artisan Partners Limited Partnership,
AIM International Funds, Inc. and AIM Advisors, Inc. served today in the above referenced case
pending before this Court.

Very truly yours,

**KOREIN TILLERY LLC**

By: _____
George A. Zelcs

RECEIVED

FEB 2 0 2004

LOGGED
CALENDARED FOR _____

GATEWAY ONE ON THE MALL
701 MARKET STREET, SUITE 300
ST. LOUIS, MISSOURI 63101-1820
TELEPHONE: (314) 241-4844
FAX: (314) 241-3525

10 EXECUTIVE WOODS COURT
BELLEVILLE, ILLINOIS 62226-2050
TELEPHONE: (618) 277-1180
FAX: (618) 277-9804

1

Korein Tillery is a Limited Liability Company

**CC:**

Edward T. McDermott
Anthony Zaccaria
Daniel Pollack
Martin I. Kaminsky
Pollack & Kaminsky
114 West 47th Street
New York, New York 10036
Tel: 212/575-4700
Fax: 212/575-6560
        and
Frank N. Gundlach
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102
Tel: 314/621-5070
Fax: 314/621-5065
Attorneys for Defendants T.Rowe Price
International Funds, Inc., T.Rowe Price
International, Inc., AIM International Funds,
Inc., and AIM Advisors, Inc.

Gordon R. Broom
Troy A. Bozarth
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
Tel: 618/656-0184
Fax: 618/656-1364
        and

John W. Rotunno
Kenneth E. Rechtoris
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Tel: 312/372-1121
Fax: 312/827-8000
Attorneys for Defendant Artisan
Partners Limited Partnership

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005
Tel: 202/508-4600
Fax: 202/508-4650
        and
Robert H. Schultz, Jr.
Richard K. Hunsaker
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026
Tel: 618/656-4646
Fax: 618/656-7940
Attorneys for Defendant Artisan Funds,
Inc.

2

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

T.K. PARTHASARATHY, et al.,                          )
                                                     )
     Plaintiffs,                                    )
                                                     )
v.                                                   )     Cause No.   03 L 1253
                                                     )
T. ROWE PRICE INTERNATIONAL FUNDS,                   )
INC., et al.,                                        )
                                                     )
     Defendants.                                    )

### THE ARTISAN DEFENDANTS' FIRST REQUEST TO ADMIT
### DIRECTED TO PLAINTIFF T.K. PARTHASARATHY

Pursuant to Rule 216 of the Illinois Supreme Court Rules, defendants Artisan Funds, Inc. and Artisan Partners Limited Partnership, by their attorneys, request that plaintiff T.K. Parthasarathy admit the truth of the specified facts set forth below within 28 days of service hereof.

### Definitions

1.    "Plaintiff," "you" and "your" mean plaintiff T.K. Parthasarathy.

2.    "Artisan Funds" means defendant Artisan Funds, Inc.

3.    "Artisan Partners" means defendant Artisan Partners Limited Partnership.

4.    "International Fund" means Artisan International Fund.

5.    The "putative class" means, as alleged in Paragraph 46 of the Complaint, the "class of all persons in the United States who have owned shares of T. ROWE PRICE INTERNATIONAL, ARTISAN INTERNATIONAL, and AIM EUROPEAN GROWTH for more than fourteen days from the date of purchase to the date of sale (redemption) or exchange" during the class period, subject to the exclusions alleged in Paragraph 46.

6.    The "class period" means that period which "commences five years prior to the filing of this complaint through the date of filing," as alleged in Paragraph 46 of the Complaint.

7.    The Artisan Defendants further adopt and restate herein those Definitions and Instructions set forth in the Artisan Defendants' First Request for the Production of Documents By Plaintiff T.K. Parthasarathy.

## Specific Requests

1.     Admit that plaintiff is seeking total damages (including both compensatory and punitive damages) in an amount less than $75,000.

RESPONSE:

2.     Admit that each member of the putative class is seeking total damages (including both compensatory and punitive damages) in an amount less than $75,000.

RESPONSE:

3.     Admit that plaintiff does not contend that Artisan Funds misrepresented or omitted any material fact in connection with the purchase or sale of any International Fund shares.

RESPONSE:

4.     Admit that plaintiff does not contend that Artisan Partners misrepresented or omitted any material fact in connection with the purchase or sale of any International Fund shares.

RESPONSE:

5.     Admit that the members of the putative class do not contend that the Artisan Funds misrepresented or omitted any material fact in connection with the purchase or sale of any International Fund shares.

RESPONSE:

2

6.      Admit that the members of the putative class do not contend that the Artisan Partners misrepresented or omitted any material fact in connection with the purchase or sale of any International Fund shares.

RESPONSE:

7.      Admit that plaintiff is not seeking damages for any injury caused by any misrepresentation or omission of material fact in connection with the purchase or sale of any International Fund shares.

RESPONSE:

8.      Admit that no member of the putative class is seeking damages for any injury caused by any misrepresentation or omission of material fact in connection with the purchase or sale of any International Fund shares.

RESPONSE:

9.      Admit that plaintiff does not contend that Artisan Funds employed or utilized a manipulative or deceptive device in connection with the purchase or sale of any International Fund shares.

RESPONSE:

10.      Admit that plaintiff does not contend that Artisan Partners employed or utilized a manipulative or deceptive device in connection with the purchase or sale of any International Fund shares.

3

RESPONSE:

11.   Admit that plaintiff does not contend that the Artisan Funds employed or utilized a manipulative or deceptive device in connection with the purchase or sale of International Fund shares by any member of the putative class.

RESPONSE:

12.   Admit that plaintiff does not contend that the Artisan Partners employed or utilized a manipulative or deceptive device in connection with the purchase or sale of International Fund shares by any member of the putative class.

RESPONSE:

13.   Admit that in purchasing International Fund shares, plaintiff did not rely upon any statements made by the Artisan Funds .

RESPONSE:

14.   Admit that in purchasing International Fund shares, plaintiff did not rely upon any statements made by the Artisan Partners.

RESPONSE:

15.   Admit that in purchasing International Fund shares, no member of the putative class relied upon any statements made by the Artisan Trust.

4

RESPONSE:

16.     Admit that in purchasing International Fund shares, no member of the putative
class relied upon any statements made by the Artisan Partners.

RESPONSE:

17.     Admit that in retaining or holding his International Fund shares, plaintiff did not
rely upon any statements made by the Artisan Trust.

RESPONSE:

18.     Admit that in retaining or holding his International Fund shares, plaintiff did not
rely upon any statements made by the Artisan Partners.

RESPONSE:

19.     Admit that in retaining or holding their International Fund shares, the members of
the putative class did not rely upon any statements made by the Artisan Trust.

RESPONSE:

20.     Admit that in retaining or holding their International Fund shares, the members of
the putative class did not rely upon any statements made by the Artisan Partners.

RESPONSE:

21.     Admit that plaintiff purchased International Fund shares during the class period.

5

RESPONSE:

22.     Admit that plaintiff sold International Fund shares during the class period.

RESPONSE:

23.     Admit that members of the putative class purchased International Fund shares during the class period.

RESPONSE:

24.     Admit that members of the putative class sold International Fund shares during the class period.

RESPONSE:

25.     Admit that it is plaintiff's contention that market timed trading has caused dilution of the International Fund's assets.

RESPONSE:

26.     Admit that it is plaintiff's contention that dilution of the International Fund's assets has caused dilution of the net asset value of International Fund shares.

RESPONSE:

6

27.     Admit that it is plaintiff's contention that any dilution of the assets of a mutual fund results in injury to fund shareholders in proportion to their ownership interests in the mutual fund.

RESPONSE:

28.     Admit that it is plaintiff's contention that any dilution of mutual fund net asset value results in injury to fund shareholders in proportion to their ownership interests in the mutual fund.

RESPONSE:

29.     Admit that at the time of his purchase of International Fund shares, the effective marketing alleged in Paragraph 17 of the Complaint had convinced plaintiff of the various advantages of long term ownership of mutual fund shares over direct investment, including professional management, diversification and liquidity.

RESPONSE:

30.     Admit that it is plaintiff's contention that, as a result of the trading by market timers alleged in the Complaint, the International Fund experienced increased trading and transaction costs during the class period of a sum or value exceeding $75,000.

RESPONSE:

31.     Admit that it is plaintiff's contention that, as a result of the liquidation of mutual fund investments to meet the redemption requests of market timers alleged in the Complaint, the

7

International Fund incurred lost opportunity costs during the class period of a sum or value exceeding $75,000.

RESPONSE:

32.    Admit that the "applicable published regulations" referred to in Paragraph 63 of the Complaint are regulations promulgated by the Securities and Exchange Commission (the "SEC") pursuant to the Investment Company Act of 1940 ("ICA").

RESPONSE:

33.    Admit that the "applicable published regulations" referred to in paragraph 63 of the Complaint include SEC Rule 2a-4 under the ICA.

RESPONSE:

34.    Admit that the "applicable rules and regulations concerning the calculation of NAV" alleged in Paragraph 64(i) of the Complaint are regulations promulgated by the SEC pursuant to the ICA.

RESPONSE:

35.    Admit that the "applicable rules and regulations concerning the calculation of NAV" alleged in Paragraph 64(i) of the Complaint include SEC Rule 2a-4 under the ICA.

RESPONSE:

8

36.     Admit that it is plaintiff's contention that Artisan Trust calculated the value of the International Funds portfolio securities in a manner violative of the ICA and SEC Rules under the ICA.

RESPONSE:

37.     Admit that it is plaintiff's contention that Artisan Partners calculated the value of the International Funds portfolio securities in a manner violative of the ICA and SEC Rules under the ICA.

RESPONSE:

38.     Admit that it is plaintiff's contention that the Artisan Trust calculated the net asset value of International Fund shares in a manner violative of the ICA and SEC Rules under the ICA.

RESPONSE:

39.     Admit that it is plaintiff's contention that the Artisan Partners calculated the net asset value of International Fund shares in a manner violative of the ICA and SEC Rules under the ICA.

RESPONSE:

Dated: February 23, 2004

9

ARTISAN PARTNERS LIMITED
PARTNERSHIP, defendant

By: _____
                    One of its attorneys

Gordon R. Broom - #00308447
Troy A. Bozarth - #06236748
Regina L. L. Wells - #6278688
Burroughs, Hepler, Broom,
  MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL 62025
(618) 656-0184
(618) 656-1364 facsimile

and

John W. Rotunno
Kenneth E. Rechtoris
Daniel J. Hayes
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL   60602-4207
(312) 372-1121
Firm No. 90100
         *Attorneys for Artisan Partners Limited Partnership*

10

ARTISAN FUNDS, INC., defendant

By: _____
One of its attorneys

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, DC   20005
(202) 508-4600

Robert H. Shultz, Jr.  #03122739
Richard K. Hunsaker  #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL   62026
(618) 656-4646
        *Attorneys for Artisan Funds, Inc.*

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

| | |
|---|---|
| T.K. PARTHASARATHY, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 03-L-1253 |
| | ) |
| T. ROWE PRICE INTERNATIONAL | ) |
| FUNDS, INC., et. al. | ) |
| | ) |
| Defendants. | ) |

FEB 2 3 2004

CLERK OF CIRCUIT COURT #18
THIRD JUDICIAL CIRCUIT
MADISON COUNTY
ILLINOIS

## JURY DEMAND

COMES now Defendant Artisan Partners Limited Partnership, by and through its

undersigned counsel, and does hereby demand a jury trial on all issues so triable.

Dated: February 23, 2004.

Respectfully submitted,

Gordon R. Broom - #00308447
Troy A. Bozarth - #06236748
Regina L. L. Wells - #6278688
Burroughs, Hepler, Broom,
  MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL  62025
(618) 656-0184
(618) 656-1364 facsimile

and

John W. Rotunno
Kenneth E. Rechtoris
Daniel J. Hayes
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL  60602-4207
(312) 372-1121
Firm No. 90100

*Attorneys for Artisan Partners Limited*
*Partnership*

2

## CERTIFICATE OF SERVICE



The undersigned, an attorney, states that she caused the foregoing Jury Demand to

be served upon:

CLERK OF CIRCUIT COURT #13
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| Stephen M. Tillery | Daniel A. Pollack | David O. Stewart |
| Korein Tillery | Martin I. Kaminsky | Thomas B. Smith |
| 10 Executive Woods Court | Edward T. McDermott | Ropes & Gray LLP |
| Swansea, Illinois 62226 | Anthony Zaccaria | 700 12th Street, N.W. |
| | Pollack & Kaminsky | Suite 900 |
| George A. Zelos | 114 West 47th Street | Washington, D.C. 20005 |
| Three First National Plaza | New York, New York 10036 | (202) 508-4600 |
| 70 West Madison Street | | |
| Suite 660 | | |
| Chicago, Illinois 60602 | | |

| | | |
|---|---|---|
| Klint Bruno | Frank N. Gundloch | Robert H. Schultz, Jr. |
| Law Offices of Klint | Glenn E. Davis | Richard K. Hunsaker |
| Bruno | Armstrong Teasdale LLP | Heyl, Royster, Voelker & Allen |
| 1131 Lake Street | One Metropolitan Square, Suite 2600 | 100 W. Vandalia Street, Suite 100 |
| Oak Park, Illinois 60301 | St. Louis, Missouri 63102 | Edwardsville, IL 62026 |
| | | (618) 656-4646 |

**Counsel for Plaintiffs**

**Counsel for Defendants
T. Rowe Price International
 Funds Inc.,
T. Rowe Price International, Inc.,
AIM International Funds, Inc.,
and
AIM Advisors, Inc.**

**Counsel for Artisan
 Funds, Inc.**

by placing copies of same in properly addressed envelopes, with first class postage

affixed, and depositing said envelopes in the United States Mail at Edwardsville, Illinois,

this 23rd day of February, 2004.

_____
Regina L. L. Wells

3

RLW

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

| | |
|---|---|
| T.K. PARTHASARTHY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No: 03-L-1253 |
| | ) |
| T. ROWE PRICE INTERNATIONAL | ) **JURY TRIAL DEMANDED** |
| FUNDS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ENTRY OF APPEARANCE AND REQUEST FOR ADDITIONAL TIME

Raymond R. Fournie, Glenn E. Davis, Lisa M. Wood, Jacqueline P. Ulin and the law firm
of Armstrong Teasdale LLP hereby enter their appearance on behalf of Defendants T. Rowe
Price International Funds, Inc., T. Rowe Price International, Inc., AIM International Funds, Inc.
and AIM Advisors, Inc. Said Defendants enter their appearance without waiving any defenses
they may have, including, but not limited to, lack of personal jurisdiction or improper venue.

In addition, said Defendants respectfully request additional time to file their answer or
other responsive pleading(s) in the above-referenced matter, to and including Tuesday, March
30, 2004. Plaintiffs' counsel consents to such an extension.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: _____

**RECEIVED**

FEB 2 4 2004

LOGGED _____
CALENDARED FOR _____

| | |
|---|---|
| Raymond R. Fournie | #3126094 |
| Glenn E. Davis | #6184597 |
| Lisa M. Wood | #6202911 |
| Jacqueline P. Ulin | #6276863 |

One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

OF COUNSEL:

Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Daniel Pollack, Esq.
Martin I. Kaminsky, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
T. ROWE PRICE INTERNATIONAL
FUNDS, INC., T. ROWE PRICE
INTERNATIONAL, INC., AIM
INTERNATIONAL FUNDS, INC. AND AIM
ADVISORS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 23rd day of February, 2004:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

### ATTORNEYS FOR PLAINTIFFS

David O. Stewart, Esq.
Thomas B. Smith, Esq.
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

Robert H. Schultz, Jr., Esq.
Richard K. Hunsaker, Esq.
Heyl, Royster, Voelker & Allen
100 W. Vandalia St., Suite 100
Edwardsville, Illinois 62026

### ATTORNEYS FOR DEFENDANT
### ARTISAN FUNDS, INC.

Gordon R. Broom, Esq.
Troy A. Bozarth, Esq.
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207

### ATTORNEYS FOR DEFENDANT
### ARTISAN PARTNERS LIMITED
### PARTNERSHIP

3

FILED

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT** 2004 MAR -1  PM 4:25
**MADISON COUNTY, ILLINOIS**

CLERK OF THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, et al.,              )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )   Cause No.  03 L 1253
                                          )
T. ROWE PRICE INTERNATIONAL FUNDS,       )
INC., et al.,                             )
                                          )
            Defendants.                   )

**THE ARTISAN DEFENDANTS' MOTIONS TO DISMISS (1) PURSUANT TO
SECTION 5/2-301 FOR LACK OF PERSONAL JURISDICTION, AND (2), IN THE
ALTERNATIVE, TO STRIKE AND DISMISS PURSUANT TO SECTION 5/2-615**

Defendants Artisan Funds, Inc. ("Artisan Funds") and Artisan Partners Limited

Partnership ("Artisan Partners") (together the "Artisan Defendants"), by their attorneys,

respectfully move the Court:

    (a)    to dismiss this action as to them pursuant to Section 5/2-301 of the Illinois
           Code of Civil Procedure on the ground that personal jurisdiction over the
           Artisan Defendants does not exist in this Court; and

    (b)    in the alternative, and pursuant to Section 5/2-615 of the Illinois Code of
           Civil Procedure, to strike and dismiss the claims in Counts I and II of the
           Complaint, which are the only counts directed against the Artisan
           Defendants, on the ground that such claims are substantially insufficient in
           law, and on the ground of misjoinder of parties.

In support of their motions, the Artisan Defendants state as follows:

**I.    BACKGROUND**

1.    The First Amended Complaint (the "Complaint") is brought by investors in three

different mutual funds, suing on behalf of themselves and purportedly on behalf of a putative

class of mutual fund investors.  The Complaint names six defendants:  three different mutual

funds in which the respective plaintiffs invested, in separate transactions, and the investment

advisors of each of those mutual funds.  In Counts I and II of the Complaint, plaintiff Parthasarathy has asserted claims against Artisan Funds (the issuer of shares in Artisan International Fund, in which Parthasarathy is an investor) and its investment advisor, Artisan Partners.  Mr. Parthasarathy is the only plaintiff alleged to be an Artisan International Fund investor.  The other named plaintiffs are alleged to be investors in two unrelated mutual fund companies, and they have asserted claims against those companies and their respective investment advisors.

       2.    The Complaint alleges that defendants were negligent, and "willfully and wantonly breached their duties," in calculating once daily (at 4:00 p.m. EST) the net asset value ("NAV") of shares in their respective funds based upon the last trade price in the home markets of the foreign securities in their portfolios.  (Compl., ¶¶ 20-21, 60, 64)  More specifically, plaintiffs allege that the defendants calculate the NAV of fund shares using prices established on foreign securities exchanges without taking into account information affecting the value of the securities that becomes available after the close of those foreign exchanges.  (Compl., ¶¶ 21, 37-38, 44)  The Complaint alleges that by purportedly calculating NAV based upon "stale prices," defendants have created opportunities for market timing traders to purchase fund shares at a "discount," or to redeem fund shares at a "premium."  (Compl., ¶¶ 43-45, 60, 64)  The Complaint alleges that the consequence of trading by "market timers" is that:  (a) fund assets (and thus fund NAV per share) are diluted by a reduction of fund cash; (b) the fund suffers increased trading and transaction costs; (c) fund strategies are disrupted; and, (d) lost opportunity costs are incurred and the fund is subjected to "asset swings."  (Compl. ¶¶ 43, 45)

## II.    GROUNDS FOR DISMISSAL

### A.    Section 5/2-301 - Lack of Personal Jurisdiction.

3.     The United States Supreme Court has recognized two distinct types of personal jurisdiction: general and specific. *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). For the Artisan Defendants to be subject to general personal jurisdiction, their contacts with Illinois must be "substantial, continuous and systematic." Helicopteros, 466 U.S. at 415-16; Burger King, 471 U.S. 462, 475-76 (1985). Specific jurisdiction, on the other hand, can exist only if the Artisan Defendants have "purposefully directed" their activities at Illinois *and* the claims for relief directly "arise out of or relate" to these activities. Helicopteros, 466 U.S. at 414 n.8; Burger King, 471 U.S. at 472-73. Neither general nor specific personal jurisdiction exists over the Artisan Defendants in this Court.

4.     As set forth in the Affidavit of Janet D. Olsen, General Counsel of Artisan Partners and of Artisan Funds, attached as Exhibit A to this motion, Defendant Artisan Partners is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Milwaukee, Wisconsin. Defendant Artisan Funds is corporation organized under the laws of the State of Wisconsin, and also has its principal place of business in Milwaukee, Wisconsin. (Olsen Aff., ¶3) Artisan Partners has a total of approximately 130 employees. (Artisan Funds has no employees.) Approximately 98 of the employees of Artisan Partners, some of whom also are officers of Artisan Funds, are located at the Companies' headquarters in Milwaukee. The remaining employees of Artisan Partners, some of whom also are officers of Artisan Funds, are located at Artisan Partners' satellite offices in San Francisco, California, Atlanta, Georgia, and New York, New York.

5.     All Fund administration, operations, compliance, accounting, information technology and legal personnel of the Artisan Defendants are located at the Companies'

3

Milwaukee headquarters.  Thus, the offices of Artisan Investment Corporation, the corporate General Partner of Artisan Partners, all of the officers and directors of the General Partner, the Chief Financial Officer of the Artisan Defendants, and other members of the Companies' senior management are located in Milwaukee, as is Ms. Olsen's office.  (Olsen Aff., ¶ 7)

6.      Neither Artisan Partners nor Artisan Funds has any employees, office, bank account, or place of business in Illinois, and none of the Companies' business records are maintained in Illinois.  (Olsen Aff., ¶ 8)  Neither Company is qualified to do business in the State of Illinois, and neither Company has an agent for service of process in Illinois.  (Cameron S. Avery, who was served with the summons and complaint in this action as the purported registered agent for service for Artisan Funds, is an attorney in private practice who has performed legal services for Artisan Funds.  Mr. Avery is not and never has been the Company's registered agent for service of process in civil actions, nor has Artisan Funds ever authorized Mr. Avery to accept service of process in civil actions on its behalf.)  (Olsen Aff., ¶8)  In sum, the Artisan Defendants do not have the "continuous or systematic" contacts with the State of Illinois necessary to support a finding of general jurisdiction.

7.      Nor are there any facts that could support application of the Illinois long-arm statute.  As set forth above, the Complaint challenges the conduct of the Artisan Defendants in the valuation of portfolio securities.  As appears from Ms. Olsen's Affidavit, each of the Artisan accounting staff and management personnel involved in the portfolio valuation processes performed by the Artisan Defendants is officed at the Artisan Defendants' headquarters in Milwaukee, as is each member of the Artisan Funds Valuation Committee.  (Olsen Aff., ¶ 13) Written checklists used in the valuation process, related valuation documentation, the Funds' Valuation Procedures, and all records of Valuation Committee meetings and reports of actions

4

taken by the Valuation Committee, are prepared and maintained in Milwaukee. None of these activities take place in the State of Illinois. (Olsen Aff., 13) Thus, there is no basis to exercise specific jurisdiction over the Artisan Defendants.

## B.    Section 2-615 Grounds for Dismissal

### 1.    Improper Joinder

8.    The claims asserted by plaintiff Parthasarathy against the Artisan Defendants are not properly joined with the claims asserted by different plaintiffs against the other defendants in this action. Pursuant to 735 Ill. Comp. Stat. 5/2-404 ("Joinder of Plaintiffs") and 5/2-405 ("Joinder of Defendants"), a threshold requirement for the permissive joinder of parties is that the claims asserted by or against them must arise out of the same "transaction or series of transactions." *Id.* at §§ 2-404 and 2-405(a). Here, the claims asserted by the respective plaintiffs against the various fund defendants do not meet this threshold requirement. To the contrary, the respective plaintiffs are alleged to be shareholders in three entirely *different* mutual funds, and there is no allegation (nor could there be any allegation) that their purchases were in any way part of a single transaction or related series of transactions.

### 2.    Plaintiff Parthasarathy's State Law Claims Are Preempted By the Investment Company Act of 1940.

9.    Counts I and II should properly be dismissed because the purported state law claims asserted in the Complaint are preempted by the federal Investment Company Act of 1940, 15 U.S.C. § 80a-1, *et seq.* (the "ICA"), and regulations promulgated by the Securities and Exchange Commission (the "SEC") under the ICA. The ICA and SEC regulations establish national standards for the valuation of mutual fund portfolio securities and the calculation of NAV. Applying state tort law to impose separate or different portfolio valuation and NAV calculation requirements, as advocated by plaintiffs in the Complaint, would stand as an obstacle

5

to these national standards.   The Illinois Supreme Court has squarely held that in such circumstances, Illinois common law claims are preempted by the federal securities laws and must be dismissed. <u>Orman v. Charles Schwab & Co.</u>, 179 Ill. 2d 282, 688 N.E.2d 620 (1997).

     10.    If plaintiffs' asserted state law tort claims were allowed to proceed notwithstanding their conflict with paramount federal standards for portfolio valuation and NAV calculation, the sufficiency of such claims would still need to be tested against the requirements of federal law.   The Complaint in this case recognizes as much through its express acknowledgement and reliance upon "applicable published regulations" effective "[o]n or about January 1, 1965" -- a reference to an SEC rule which governs the valuation of mutual fund portfolio securities.   17 C.F.R. § 270.2a-4.   Absent allegations that the Artisan Defendants calculated NAV in a manner that violated any requirement or prohibition of federal law, the Complaint is legally insufficient and fails to state a claim.

### 3.    Plaintiff Parthasarathy's Claims Are Derivative, Not Direct, In Nature And Are Legally Insufficient For Failure To Allege Demand

     11.    Plaintiff Parthasarathy's claims arising from the Artisan Defendants' alleged failure to "properly" value Fund portfolio securities are derivative in nature, not claims for direct injury to any particular shareholder or putative class of shareholders.   That is, the claims that the Artisan Defendants exposed Artisan International to "market timing," resulting in the general dilution of and increased costs to "Defendants' fund assets," belong to the Fund itself and may be asserted only derivatively on its behalf.   Because the claims asserted against the Artisan Defendants in Counts I and II of the Complaint are derivative in nature, plaintiff Parthasarathy was required under applicable Wisconsin law to make demand upon Artisan Funds before filing suit.   Wis. Stat. ¶ 180.0742.   At least since 1991, Wisconsin has not recognized any exceptions to

6

the demand requirement.  In the absence of an allegation of demand, the Complaint must be dismissed as to the Artisan Defendants.

### 4.   Plaintiff Parthasarathy's Claims Are Barred Under The Economic Loss Doctrine.

12.   The Complaint is insufficient in law for the additional reason that it purports to seek recovery in tort for purely economic loss, contrary to the rule established by the Illinois Supreme Court in Moorman Mfg. Co. v. Nat'l Tank Co., 91 Ill. 2d 69 (1982), and similarly applied by the Wisconsin courts. *See* Daanen & Janssen, Inc. v. Cedarapids, Inc., 573 N.W.2d 842, 846 (Wis. 1997) and Gen. Cas. Co. v. Ford Motor Co., 592 N.W.2d 198, 199 (Wis. 1999). No exception to the economic loss doctrine is available to plaintiff Parthasarathy under the circumstances, and the claims against the Artisan Defendants therefore must be dismissed.

### 5.   Count II Insufficiently Alleges Willful and Wanton Conduct.

13.   Finally, under Illinois' fact pleading requirements, Count II of the Complaint fails to contain sufficient factual averments to support a separate negligence claim based upon "willful and wanton" conduct.  Count II accordingly should be stricken and dismissed.

14.   The Artisan Defendants will in the next ten days file a memorandum of law setting forth their legal arguments and case authority supporting each ground warranting dismissal of plaintiff Parthasarathy's claims against the Artisan Defendants.

WHEREFORE, for the reasons set forth herein, in the attached affidavit of Janet D. Olsen, and in the memorandum of law to be filed in support of this motion, defendants Artisan Partners Limited Partnership and Artisan Funds, Inc. respectfully request that the Court grant their motion to dismiss the First Amended Complaint as to the Artisan Defendants.

Dated: March 1, 2004

7

the demand requirement. In the absence of an allegation of demand, the Complaint must be dismissed as to the Artisan Defendants.

### 4. Plaintiff Parthasarathy's Claims Are Barred Under The Economic Loss Doctrine.

12. The Complaint is insufficient in law for the additional reason that it purports to seek recovery in tort for purely economic loss, contrary to the rule established by the Illinois Supreme Court in Moorman Mfg. Co. v. Nat'l Tank Co., 91 Ill. 2d 69 (1982), and similarly applied by the Wisconsin courts. *See* Daanen & Janssen, Inc. v. Cedarapids, Inc., 573 N.W.2d 842, 846 (Wis. 1997) and Gen. Cas. Co. v. Ford Motor Co., 592 N.W.2d 198, 199 (Wis. 1999). No exception to the economic loss doctrine is available to plaintiff Parthasarathy under the circumstances, and the claims against the Artisan Defendants therefore must be dismissed.

### 5. Count II Insufficiently Alleges Willful and Wanton Conduct.

13. Finally, under Illinois' fact pleading requirements, Count II of the Complaint fails to contain sufficient factual averments to support a separate negligence claim based upon "willful and wanton" conduct. Count II accordingly should be stricken and dismissed.

14. The Artisan Defendants will in the next ten days file a memorandum of law setting forth their legal arguments and case authority supporting each ground warranting dismissal of plaintiff Parthasarathy's claims against the Artisan Defendants.

WHEREFORE, for the reasons set forth herein, in the attached affidavit of Janet D. Olsen, and in the memorandum of law to be filed in support of this motion, defendants Artisan Partners Limited Partnership and Artisan Funds, Inc. respectfully request that the Court grant their motion to dismiss the First Amended Complaint as to the Artisan Defendants.

Dated: March 1, 2004

7

Respectfully submitted,

ARTISAN PARTNERS LIMITED
PARTNERSHIP, defendant

By: _____
          One of its attorneys

John W. Rotunno - #02405342
Kenneth E. Rechtoris - #06190285
Daniel J. Hayes - #06243089
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3100
Chicago, IL  60602-4207
(312) 372-1121

Gordon R. Broom - #00308447
Troy A. Bozarth - #06236748
Burroughs, Hepler, Broom,
  MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL  62025
(618) 656-0184
     *Attorneys for Artisan Partners Limited Partnership*

ARTISAN FUNDS, INC., defendant

By: _____
          One of its attorneys

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, DC  20005
(202) 508-4600

Robert H. Shultz, Jr.  #03122739
Richard K. Hunsaker  #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL  62026
(618) 656-4646
     *Attorneys for Artisan Funds, Inc.*

8

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing The Artisan Defendants' Motions to Dismiss (1) Pursuant To Section 5/2-301 For Lack Of Personal Jurisdiction, And (2) In The Alternative, To Strike And Dismiss Pursuant To Section 5/2-615, to be served upon:

Stephen M. Tillery
Korein Tillery
10 Executive Woods Court
Swansea, Illinois 62226

George A. Zelcs
Three First National Plaza
70 West Madison Street
Suite 660
Chicago, Illinois 60602

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
Pollack & Kaminsky
114 West 47th Street
New York, New York 10036

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 508-4600

Klint Bruno
Law Offices of Klint
Bruno
1131 Lake Street
Oak Park, Illinois 60301
*Counsel for Plaintiffs*

Frank N. Gundloch
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102
   *Counsel for Defendants*
   *T. Rowe Price International*
   *Funds Inc.,*
   *T. Rowe Price International, Inc.,*
   *AIM International Funds, Inc.,*
   *and*
   *AIM Advisors, Inc.*

Robert H. Shultz, Jr.
Richard K. Hunsaker
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL 62026
(618) 656-4646
   *Attorneys for Artisan*
   *Funds, Inc.*

by placing copies of said Artisan Defendants' Motions to Dismiss in properly addressed envelopes, with first class postage affixed, and depositing said envelopes in the United States Mail at Edwardsville, Illinois, this 1st day of March, 2004.

_____
Attorney

STATE OF WISCONSIN        )
                          )  SS:
MILWAUKEE COUNTY          )

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, et al.,              )
                                         )
                         Plaintiffs,     )
                                         )
              v.                         )       Cause No. 03-L-1253
                                         )
T. ROWE PRICE INTERNATIONAL FUNDS,       )
INC., et al.,                            )
                                         )
                         Defendants.     )

### AFFIDAVIT OF JANET D. OLSEN

Janet D. Olsen, being first duly sworn, on oath deposes and states:

1.      I am a Managing Director and General Counsel of Artisan Partners Limited Partnership ("Artisan Partners"), positions I have held since November 2000; a Vice President of Artisan Investment Corporation, the general partner of Artisan Partners, a position I have held since June 2002; and General Counsel of Artisan Funds, Inc., a position I have held since January 2001. Artisan Partners and Artisan Funds, Inc. are referred to together in this Affidavit as the "Artisan Defendants" or the "Companies."

2.      I am authorized to submit this affidavit in support of the Artisan Defendants' motion pursuant to Section 5/2-301 of the Illinois Code of Civil Procedure to dismiss the complaint in this action as to the Artisan Defendants for lack of personal jurisdiction. I have personal knowledge of the matters set forth in this Affidavit and would be competent to testify thereto at a trial or hearing in this matter.

3.     Defendant Artisan Partners is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Milwaukee, Wisconsin. Defendant Artisan Funds is a corporation organized under the laws of the State of Wisconsin, and also has its principal place of business in Milwaukee, Wisconsin. Prior to November 17, 2003, the headquarters of both Artisan Partners and Artisan Funds were located at 1000 North Water Street, Milwaukee, Wisconsin. Effective November 17, 2003, the headquarters of both Artisan Partners and Artisan Funds were relocated to 875 East Wisconsin Avenue, Milwaukee, Wisconsin.

4.     Artisan Funds is a registered open-end management investment company, commonly called a mutual fund, offering shares in seven series, each of which is referred to in this Affidavit as a "Fund." The First Amended Complaint in this case alleges that plaintiff T.K. Parthasarathy is a shareholder of one of those Funds, Artisan International Fund. According to Artisan Funds' business records, Mr. Parthasarathy (with Gita J. Malur, as joint tenants with right of survivorship) opened an account in Artisan International Fund by submitting an account application form, dated in March 2000, to the Funds' transfer agent in Boston, Massachusetts.

5.     Artisan Partners is an investment adviser that began operations in 1995. It renders investment advisory and other services to Artisan Funds for each Fund pursuant to written Investment Advisory Agreements.

6.     Artisan Partners has a total of approximately 130 employees. (Artisan Funds has no employees.) Approximately 98 of the employees of Artisan Partners, some of whom also are officers of Artisan Funds, are located at the Companies' headquarters in Milwaukee. The remaining employees of Artisan Partners, some of whom also are officers of Artisan Funds, are

2

located at Artisan Partners' satellite offices in San Francisco, California, Atlanta, Georgia, and New York, New York. As set forth below in greater detail, all of the employees of Artisan Partners and officers of Artisan Funds involved in the process of valuing Artisan International Fund's portfolio securities in connection with calculations of Fund net asset value ("NAV") are located at the Milwaukee headquarters.

7.     All Fund administration, operations, compliance, accounting, information technology and legal personnel of the Artisan Defendants are located at the Companies' Milwaukee headquarters. Thus, the offices of Artisan Investment Corporation, the corporate General Partner of Artisan Partners, all of the officers and directors of the General Partner, the Chief Financial Officer of the Artisan Defendants, and other members of the Companies' senior management are located in Milwaukee, as is my office.

8.     Neither Artisan Partners nor Artisan Funds has any employees, office, bank accounts, or place of business in Illinois, and none of the Companies' business records are maintained in Illinois. Neither Company is qualified to do business in the State of Illinois, and neither Company has an agent for service of process in Illinois. (Cameron S. Avery, who was served with the summons and complaint in this action as the purported registered agent for service for Artisan Funds, is an attorney in private practice who has performed legal services for Artisan Funds. Mr. Avery is not and never has been the Company's registered agent for service of process in civil actions, nor has Artisan Funds ever authorized Mr. Avery to accept service of process in civil actions on its behalf.)

9.     The Board of Directors of Artisan Funds has set the time of the close of regular session trading on the New York Stock Exchange as the time as of which the NAV of Artisan International Fund will be calculated and has established the procedures pursuant to which the

3

portfolio securities and other assets of Artisan International Fund are valued in connection with calculations of NAV.

10.    The procedures employed by the Artisan Defendants in evaluating whether events, if any, occurring subsequent to the close of foreign markets should be taken into account in determining the value of portfolio securities held by Artisan International Fund were formulated and are performed at the Companies' headquarters in Milwaukee, Wisconsin, and all documents utilized by the Companies in the performance of those procedures are maintained at the Milwaukee headquarters.

11.    Among other things, the Companies' procedures include the completion of checklists by members of Artisan Partners' accounting staff that require the accounting staff member to review information relating to scheduled and unscheduled market holidays or closures, and to attempt to identify matters relating to portfolio holdings that have occurred since the close of the primary market on which such holdings trade. The Companies' procedures also require a comparison of a preliminary calculation of the NAV of Artisan International Fund to a "predicted NAV" produced by a statistical model developed with the assistance of C3 Statistical Solutions, Inc. ("C3"), an econometrics consulting firm with an office in Waukesha, Wisconsin. These procedures are performed, on each day on which Artisan International Fund's NAV is calculated, by a member of Artisan Partners' accounting staff under the supervision of the Assistant Treasurer of Artisan Fund and the Chief Financial Officer of Artisan Partners, who also serves as the Chief Financial Officer of Artisan Fund.

12.    As a result of these processes, a meeting of the Artisan Funds Valuation Committee may be called. If market quotations for a security are not readily available or are deemed not to be readily available, including because of the occurrence of a subsequent event,

4

the Valuation Committee determines a fair value for that security, which is then taken into account in the calculation of NAV for that trading day.

13.     Each of the accounting staff and management personnel involved in the foregoing processes relating to valuation, and each of the members of the Artisan Funds Valuation Committee, is officed at the Artisan Defendants' headquarters in Milwaukee. None of the valuation processes takes place in Illinois. The written checklists utilized in the valuation process, related valuation documentation, the Funds' Valuation Procedures, and all records of Valuation Committee meetings and reports of actions taken by the Valuation Committee (including reports to Artisan Funds' Board of Directors), are prepared and are maintained at the Milwaukee headquarters.

14.     The website vendor which hosts the Artisan Funds website is Stark Media, located at 219 N. Milwaukee Street, Milwaukee, Wisconsin. Investors in Artisan Funds shares have never been and are not now permitted to purchase Fund shares via the website.

15.     All decisions relating to the marketing of Artisan Funds are made at the Companies' headquarters in Milwaukee, and all of the marketing materials for Artisan Funds are created and approved in Milwaukee, Wisconsin.

16.     All required regulatory filings, including Artisan Funds' registration statement (which incorporates its prospectuses), reports to shareholders and reports to the Securities and Exchange Commission, are prepared at the Companies' headquarters in Milwaukee, where permanent file copies of those documents are maintained.

17.     The other defendants in this case are T. Rowe Price International Funds, Inc., T. Rowe Price International, Inc. (the "T. Rowe Price Defendants"), AIM International Funds, Inc. and AIM Advisors, Inc. (the "AIM Defendants"). T. Rowe Price International Funds, Inc.

and AIM International Funds, Inc. each offer international fund investments to the investing public which compete with Artisan International Fund. Neither of the Artisan Defendants has any role in the management of the T. Rowe Price Defendants or the AIM Defendants, and none of those companies has any role in the management of Artisan Partners or Artisan Funds. Consequently, neither the T. Rowe Price Defendants nor the AIM Defendants in any way participate in the valuation of securities held by Artisan International Fund, nor do the Artisan Defendants participate in any way in the valuation of securities held by funds established by the T. Rowe Price Defendants or the AIM Defendants.

Dated: March 1, 2004

_____
Janet D. Olsen

SUBSCRIBED and SWORN to before me
this 1st day of March, 2004.

_____
Notary Public

6