**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

FILED

JUN 2 3 2004

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT #66
MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, et al.,                     )
                                                )
                        Plaintiffs,             )
                                                )
v.                                              )     Cause No. 03-L-1253
                                                )
T. ROWE PRICE INTERNATIONAL FUNDS,              )
INC., et al.,                                   )
                                                )
                        Defendants.             )

**ARTISAN PARTNERS LIMITED PARTNERSHIP'S**
**MOTION FOR SUBSTITUTION OF JUDGE PURSUANT TO 735 ILCS 5/2-1001**

COMES now Defendant Artisan Partners Limited Partnership, by and through

undersigned counsel, pursuant to 735 ILCS 5/2-1001(a)(2), and respectfully moves this Court to

grant a substitution of judge in this cause from the Honorable Nicholas G. Byron. In support of

its motion, Defendant states as follows:

1. This application is made before trial begins and before Judge Byron has made a

ruling on any substantial issue in this case.

2. A motion for substitution of judge shall be granted as a matter of right if made

prior to the beginning of trial and prior to the Judge making a ruling on any substantial issue in

the case. *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 722 N.E.2d 326, 329 (2d Dist.

1999).

WHEREFORE, Defendant respectfully requests that this Court grant its motion for

substitution of judge and forward the cause to the Chief Judge for reassignment.

Dated: June 23, 2004

Respectfully submitted,

_Gordon R. Broom - #00308447_
Troy A. Bozarth - #06236748
Regina L. L. Wells - #06278688
Burroughs, Hepler, Broom,
 MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL   62025
(618) 656-0184
(618) 656-1364 facsimile

John W. Rotunno - #02405342
Kenneth E. Rechtoris - #06190285
Daniel J. Hayes - #06243089
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL   60602-4207
(312) 372-1121

*Attorneys for Artisan Partners Limited*
*Partnership*

2

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing document was

served upon:

Stephen M. Tillery
Korein Tillery
10 Executive Woods Court
Swansea, Illinois 62226

George A. Zelcs
Three First National Plaza
70 West Madison Street
Suite 660
Chicago, Illinois 60602

Klint Bruno
Law Offices of Klint
Bruno
1131 Lake Street
Oak Park, Illinois 60301

Francis J. Balint, Jr.
Andrew Friedman
Bonnett, Fairbourn,
 Friedman & Balint, P.C.
2901 N. Central Ave.
Suite 1000
Phoenix, Arizona 85012
 *Counsel for Plaintiffs*

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
Pollack & Kaminsky
114 West 47th Street
New York, New York 10036

Frank N. Gundloch
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102
 *Counsel for Defendants*
 *T. Rowe Price International*
 *Funds Inc.,*
 *T. Rowe Price International, Inc.,*
 *AIM International Funds, Inc.,*
 *and*
 *AIM Advisors, Inc.*

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 508-4600

Robert H. Shultz, Jr.
Richard K. Hunsaker
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL 62026
(618) 656-4646
 *Attorneys for Artisan*
 *Funds, Inc.*

by placing copies of same in properly addressed envelopes, with first class postage affixed, and

depositing said envelopes in the United States Mail at Edwardsville, Illinois, this 23rd day of

June, 2004.

*C. C. Will*

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

| | |
|---|---|
| T.K. PARTHASARATHY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 03-L-1253 |
| | ) |
| T. ROWE PRICE INTERNATIONAL FUNDS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

THIS matter having come before this Court on Defendant Artisan Partners Limited

Partnership's Motion for Substitution of Judge, and the Court being fully apprised in its

premises;

It is hereby **ORDERED** that said motion be **GRANTED**. Cause transferred to Chief

Judge for reassignment.

DATED:_____

ENTER:_____

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**



| | |
|---|---|
| T.K. PARTHASARATHY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 03-L-00961 |
| | ) |
| T. ROWE PRICE INTERNATIONAL FUNDS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

FILED

JUN 30 2004

CLERK OF CIRCUIT COURT #68
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**ORDER**

THIS matter having come before this Court on Defendant Artisan Partners Limited Partnership's Motion for Substitution of Judge, and the Court being fully apprised in its premises;

It is hereby **ORDERED** that said motion be **GRANTED**.  Cause transferred to Chief Judge for reassignment.

DATED:  June 30, 2004

ENTER:  Nicholas G. Byron

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



JUL 0 7 2004

CLERK OF CIRCUIT COURT #9
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. Parthasarathy, et al,                    )
                                              )
                Plaintiffs,                   )
                                              )
vs.                                           )    Case No. 03-L-1253
                                              )
T. Rowe International Funds, Inc. et al,       )
                                              )
                Defendants,                   )

## O R D E R

The above-styled case is hereby assigned to the Honorable Phillip Kardis for

setting and disposition.

The case was previously assigned to the Honorable Nicholas Byron.

**Clerk to send copies of this Order to the newly assigned Judge, to counsel of**

**record herein, and to all unrepresented parties, if any.**

**DATE: July 7, 2004**

_Edward C. Ferguson_

**Edward C. Ferguson**
**Chief Judge**

RECEIVED

LOGGED
CALENDARED FOR

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, et al.                    )
                                              )
                    Plaintiffs,               )
                                              )
         v.                                   )    No. 03-L-1253
                                              )
T. ROWE PRICE INTERNATIONAL FUNDS, INC.,      )
et al.,                                       )
                                              )
                    Defendants.               )

## MOTION FOR SUBSTITUTION OF JUDGE

NOW COMES the Defendant, ARTISAN FUNDS, INC., by its attorneys, HEYL,
ROYSTER, VOELKER & ALLEN and ROPES & GRAY, and pursuant to 735 ILCS 5/2-
1001(a)(2)(i) of the Illinois Code of Civil Procedure, hereby moves for a substitution of judge, as a
matter of right, from the Honorable Phillip J. Kardis, and in support thereof states as follows:

1.      A motion for substitution of judge shall be granted as a matter of right if made prior
to the beginning of trial and prior to the Judge making a ruling on any substantial issue in the case.
*Rodisch v. Commacho-Esparza*, 309 Ill.App.3d 346, 722 N.E.2d 326, 329 (2d Dist. 1999).

2.      Trial has not been set in this matter, and Judge Kardis has not made a ruling on any
substantial issue.

WHEREFORE, the Defendant, ARTISAN FUNDS, INC., respectfully requests that this
Court grant its motion for substitution of judge and forward this cause to the Chief Judge for
reassignment.

Of Counsel:                          Respectfully submitted,

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP                     HEYL, ROYSTER, VOELKER & ALLEN
700 12th Street, N.W., Suite 900     Robert H. Shultz, Jr. #03122739
Washington, DC  20005                Richard K. Hunsaker #06192867
(202) 508-4600                       103 W. Vandalia Street, Suite 100
                                     Edwardsville, IL  62025
                                     (618) 656-4646

RECEIVED
SEP 0 1 2004
LOGGED
CALENDARED FO

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing have been served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Edwardsville, Illinois, on ____8-31____, 2004.

By: _____
HEYL, ROYSTER, VOELKER & ALLEN

**Copies Mailed To:**

Stephen Tillery
Korein Tillery
10 Executive Woods Court
Swansea, IL 62226

George A. Zeles
Three First National Plaza
70 West Madison Street
Suite 600
Chicago, IL 60602

Klint Bruno
Law Offices of Klint Bruno
1131 Lake Street
Oak Park, IL 60301

Francis J. Balint, Jr.
Andrew Friedman
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Ave.
Suite 1000
Phoenix, AZ 85012

**Attorneys for Plaintiffs**

Daniel Pollack
Martin Kaminsky
Edward McDermott
Anthony Zaccaria
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036

Frank N. Gundloch
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, MO 63102

**Attorneys for T. Rowe Price International Funds, Inc., T. Rowe Price International, Inc., AIM International Funds, Inc. and AIM Advisors, Inc.**

Gordon Broom
Troy Bozarth
Regina Wells
Burroughs, Hepler, Broom, MacDonald, Hebrank & True
103 West Vandalia, Suite 300
Edwardsville, IL 62025

John Rotunno
Kenneth Rechtoris
Daniel Hayes
Bell, Boyd & Lloyd
70 West Madison Street, Suite 3300
Chicago, IL 60602

**Attorneys for Artisan Partners Limited Partnership**

FROM :                          FAX NO. :                    Sep. 22 2004 11:34AM P1

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, et al.,                  )
                                             )
        Plaintiffs,                          )
                                             )
v.                                           )        No. 03-L-1253
                                             )
T. ROWE PRICE INTERNATIONAL                  )
FUNDS, INC., et al.,                         )
                                             )
        Defendants.                          )

**ORDER**

The defendant's Motion for Substitution of Judge is hereby GRANTED. The case is hereby

forwarded to the Chief Judge for reassignment.

Phillip J. Kardis

Dated: _____
                                        _____
                                                     Judge

RECEIVED

SEP 2 2 2004

LOGGED
CALENDARED FOR ____

5

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. Parthasarathy, et al,                )
                                          )
                Plaintiffs,               )
                                          )
vs.                                       )        Case No. 03-L-1253
                                          )
T. Rowe Price International Funds, Inc.,  )
Et al,                                    )
                                          )
                Defendants,               )

**O R D E R**

**FILED**

SEP 28 2004

CLERK OF CIRCUIT COURT #13
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

The above-styled case is hereby assigned to the Honorable Ralph Mendelsohn for

setting and disposition.

The case was previously assigned to the Honorable Phillip Kardis.

**Clerk to send copies of this Order to the newly assigned Judge, to counsel of**

**record herein, and to all unrepresented parties, if any.**

**DATE:  September 28, 2004**

_Edward C. Ferguson_

**Edward C. Ferguson**
**Chief Judge**

RECEIVED

SEP 2 8 2004

LOGGED
CALENDARED FOR

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

T.K. PARTHASARTHY, individually and on )
behalf of all others similarly situated, )
                              )
          Plaintiffs, )
                              )
vs.                             )     Case No: 03-L-1253
                              )
T. ROWE PRICE INTERNATIONAL    )     **JURY TRIAL DEMANDED**
FUNDS, INC., et al.,             )
                              )
          Defendants.          )

## ANSWER OF
## T. ROWE PRICE INTERNATIONAL FUNDS, INC.
## TO THE FIRST AMENDED COMPLAINT

Defendant T. Rowe Price International Funds, Inc. ("Funds, Inc.") answers the

First Amended Complaint ("Amended Complaint") as follows:

1.     Funds, Inc. denies knowledge or information sufficient to form a belief as

to the truth of the allegations in the Amended Complaint about or pertinent to Defendants

Artisan Funds, Inc., Artisan Partners Limited Partnership, AIM International Funds, Inc.

and A I M Advisors, Inc. or Plaintiffs T.K. Parthasarathy, Stuart Allen Smith and Sharon

Smith.

2.     Funds, Inc. denies the allegations in the Amended Complaint about or

pertinent to Funds, Inc., T. Rowe Price International, Inc. ("International, Inc.") and

Plaintiff Edmund Woodbury unless expressly admitted or otherwise responded to as

follows:

RECEIVED

NOV 04 2004

LOGGED
CALENDARED FOR

| Para. | Response |
|---|---|

2.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations about Edmund Woodbury's residence.

5.        Denies, except admits that Funds, Inc. is a Maryland corporation with its principal place of business in Baltimore, Maryland.

6.        Denies, except admits that the day-to-day tasks associated with running the business of the T. Rowe Price International Stock Fund ("International Stock Fund" or the "Fund") such as investment management, share marketing, distribution, redemption, financial and regulatory reporting and custodianship of funds are contracted out since it has no employees; and further assert that International, Inc. is a Maryland corporation with its principal place of business in Baltimore, Maryland; that International, Inc. is under contract to serve as the investment manager for International Stock Fund, and that International, Inc. selects International Stock Fund's investments.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

14.-15.    Denies.

16.      Admits.

17.      Denies.

18.      Denies, except admits that, in general, shares of open end mutual funds are sold to investors at a price based upon the net asset value ("NAV") per share; and that those investors may redeem their share(s) at the NAV of

2

the share(s).

19.       Admits.

20.       Denies, except admits that sales and redemption prices are based upon the
          NAV which in turn depends, in part, upon the fluctuating value of the
          Fund's underlying portfolio of securities; the NAV is recalculated every
          business day; and that the Fund share price (NAV) is set once every
          business day at the close of trading on the New York Stock Exchange.

21.       Denies, except admits that a significant portion of the securities in the
          International Stock Fund are foreign securities; the home markets for such
          foreign securities may include London, Paris, Frankfurt, Moscow,
          Singapore, Kuala Lumpur, Hong Kong, Taipei, Tokyo and Sydney; and
          those markets are located in time zones that are approximately five hours
          to fifteen hours ahead of Eastern Standard Time.

22.       Denies, except denies knowledge or information sufficient to form a belief
          as to the truth of the allegations about "[s]tudies of world financial
          markets"; and "positive correlation[s]", particularly between movements
          in the United States market and movements in foreign markets.

23.-24.   Denies knowledge or information sufficient to form a belief as to the truth
          of the allegations.

25.       Denies.

26.       Denies, except admits on information and belief that the securities markets
          in Australia, Japan, Taiwan, Hong Kong, Malaysia, Singapore, Russia,
          Germany, France and the United Kingdom have traded for an entire
          session before the NAV is set for the International Stock Fund.

27.     Denies, except admits on information and belief that the exchange located in Sydney, Australia observes normal trading hours of 10:00 a.m. to 4:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:00 p.m. local time (often at 2:00 a.m. Eastern time).

28.     Denies, except admits on information and belief that the exchange located in Tokyo, Japan observes normal trading hours of 9:00 a.m. to 3:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 3:00 p.m. local time (often at 2:00 a.m. Eastern time).

29.     Denies, except admits on information and belief that the exchange located in Taipei, Taiwan observes normal trading hours of 9:00 a.m. to 1:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 1:30 p.m. local time (often at 1:30 a.m. Eastern time).

30.     Denies, except admits on information and belief that the exchange located in Hong Kong observes normal trading hours of 10:00 a.m. to 4:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:00 p.m. local time (often at 4:00 a.m. Eastern time).

31.     Denies, except admits on information and belief that the exchange located in Kuala Lumpur, Malaysia observes normal trading hours of 9:30 a.m. to 5:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 5:00 p.m. local time (often at 5:00 a.m. Eastern time).

4

32.     Denies, except admits on information and belief that the exchange located
        in Singapore observes normal trading hours of 9:00 a.m. to 5:00 p.m. local
        time; and that, in general, active trading of securities traded on this
        exchange ends, and closing prices for those securities are posted at 5:00
        p.m. local time (often at 5:00 a.m. Eastern time).

33.     Denies.

34.     Denies, except admits on information and belief that the exchange located
        in Frankfurt, Germany observes normal trading hours of 9:00 a.m. to 8:00
        p.m. local time; and that, in general, active trading of securities traded on
        this exchange ends, and closing prices for those securities are posted at
        8:00 p.m. local time (often at 2:00 p.m. Eastern time).

35.     Denies, except admits on information and belief that the exchange located
        in Paris, France observes normal trading hours of 9:00 a.m. to 5:30 p.m.
        local time; and that, in general, active trading of securities traded on this
        exchange ends, and closing prices for those securities are posted at 5:30
        p.m. local time (often at 11:30 a.m. Eastern time).

36.     Denies, except admits on information and belief that the exchange located
        in London, England observes normal trading hours of 8:00 a.m. to 4:30
        p.m. local time; and that, in general, active trading of securities traded on
        this exchange ends, and closing prices for those securities are posted at
        4:30 p.m. local time (often at 11:30 a.m. Eastern time).

37.     Denies, except admits that a portion of the underlying securities of the
        International Stock Fund are listed on foreign exchanges and trade during
        each market's respective session.

5

38.   Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what the "market timing strategy stems from"; what "[m]arket timing traders are able to predict"; and the "stale price strategy of market timers."

39.-42.  Denies.

43.   Denies, except admits that cash held by the International Stock Fund is one of the assets that is valued in setting its NAV; and asserts that any such alleged injury suffered by the shareholders would be derivative of, and not separate or distinct from, any such injury to the International Stock Fund.

44.   Denies.

45.   Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what "market timers" consider "an attractive low risk trading vehicle."

46.   Denies, except admits that Plaintiff purports to bring this action as a class action.

47.-52.  Denies.

66.   Repeats and realleges its responses to the paragraphs incorporated by reference therein.

67.   Denies, except respectfully refers to the prospectus for a correct statement of its contents.

6

68.     Denies, except declines to respond to matters of law (particularly what the board of directors is "required" to review and approve); and further asserts that International, Inc. serves as the investment manger of the International Stock Fund; provides portfolio management services to and selects the securities for the International Stock Fund to buy hold or sell; and further asserts that International, Inc. receives fees based on the percentage of assets under management for managing International Stock Fund's assets.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

70.     Denies, except asserts that International, Inc. in its role as investment manager of the International Stock Fund used the skill and care ordinarily used by reasonably well-qualified members of their profession.

71.     Declines to respond to matters of law.

72.-74.     Denies.

75.     Repeats and realleges its responses to the paragraphs incorporated by reference therein.

76.     Declines to respond to matters of law, and respectfully refers to the "January 1, 1965 [sic], applicable published regulations" for their contents.

77.-78.     Denies.

## Additional and Affirmative Defenses

Without waiving its denial of liability, Funds, Inc. alleges the following additional and affirmative defenses:

### First Affirmative Defense

To the extent that any portion of the claims asserted in the Amended Complaint are individual claims, they would be claims in connection with the purchase or sale of securities, and therefore exist only (if at all) under the federal securities laws. As provided in the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f), no state law claim can be maintained as to such matters.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over this action.

### Third Affirmative Defense

The Amended Complaint fails to state a claim against the defendants upon which relief may be granted.

### Fourth Affirmative Defense

The claims asserted in the Amended Complaint are derivative claims, not class claims, and this action is not properly brought as a class action.

### Fifth Affirmative Defense

The Amended Complaint, which asserts solely derivative claims, fails to allege the efforts, if any, made to make demand on the Fund's Board of Directors to take the actions Plaintiff desires and the reasons for his failure to obtain the action or for not making the effort.

### Sixth Affirmative Defense

Plaintiff's action is not maintainable as a class action because Plaintiff fails to satisfy the applicable requirements for maintenance of a class action under Illinois law.

### Seventh Affirmative Defense

The claims asserted by Plaintiff are preempted by federal law. The claims relate to the pricing of portfolio securities of the Fund. This entire matter is the subject of a complex, nationwide regulatory scheme administered by the Securities and Exchange Commission through rules, regulations and regular audits and is not a matter appropriately before this Court.

### Eighth Affirmative Defense

The Amended Complaint fails to allege a legally cognizable theory of damages.

### Ninth Affirmative Defense

The claims against the defendants are barred in whole or in part by the applicable statutes of limitation.

### Tenth Affirmative Defense

The claims asserted by Plaintiff are barred by the doctrines of laches, waiver, estoppel and ratification.

### Eleventh Affirmative Defense

Venue is not proper in this Court.

### Twelfth Affirmative Defense

The Court lacks personal jurisdiction over the defendants.

### Thirteenth Affirmative Defense

Plaintiff lacks standing to assert the claims in the Amended Complaint.

9

## Fourteenth Affirmative Defense

The claims of Plaintiff and the members of the purported class are barred because they have incurred no damages as a result of the defendants' alleged conduct and/or have failed to mitigate their damages.

## Fifteenth Affirmative Defense

In the event that Plaintiff's purported class is certified, Funds, Inc. reserves the right to assert any and all other and further defenses against any member of any class that may be certified.

## Sixteenth Affirmative Defense

Funds, Inc. states that Plaintiff has not stated and cannot state a claim for punitive damages for one or more of the following reasons:

A.     The recovery of punitive damages in the circumstances of this case violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and would be based upon a standard which is unconstitutionally vague.

B.     The recovery of punitive damages in the circumstances of this case would violate substantive due process, as afforded under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that the defendants may be subject to multiple awards for a single course of conduct.

C.     The imposition of punitive damages in the circumstances of this case would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

D.     The recovery of punitive damages in the circumstances of this case is

10

barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure meaningful individualized assessment of appropriate deterrence and retribution.

E. The recovery of punitive damages in the circumstances of this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because there are no realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

F. The recovery of punitive damages in the circumstances of this case is barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because the vague standard employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct.

G. The recovery of punitive damages in the circumstances of this case is barred by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, since the purpose of punitive damages is to punish and deter, and there are no adequate procedural safeguards in place to protect a defendant's right against self-incrimination, right to proof beyond a reasonable doubt and right to freedom from unreasonable searches and seizures.

H. The recovery of punitive damages in the circumstances of this case is barred by the provisions of the Constitution of the State of Illinois. Such damages are precluded because the standards of recovery of the same are too vague to give notice of

11

the conduct prohibited, and they would subject the defendants to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.

### Seventeenth Affirmative Defense

Funds, Inc. hereby gives notice that it intends to rely upon such other defenses as may come available or ascertained during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defense.

Wherefore, Funds, Inc. demands judgment dismissing the Amended Complaint and awarding it costs, attorney's fees and such other and further relief as this Court deems just and proper.

### JURY DEMAND

Funds, Inc. hereby demands a trial by jury of the claims in this action.

Dated:   October 29, 2004

ARMSTRONG TEASDALE LLP

By: _____

| Raymond R. Fournie | #3126094 |
| Glenn E. Davis | #6184597 |
| Lisa M. Wood | #6202911 |
| Jacqueline P. Ulin | #6276863 |

One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

12

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
T. ROWE PRICE INTERNATIONAL
FUNDS, INC., T. ROWE PRICE
INTERNATIONAL, INC.

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 29th day of October, 2004:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

**ATTORNEYS FOR PLAINTIFFS**

David O. Stewart, Esq.
Thomas B. Smith, Esq.
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

Robert H. Schultz, Jr., Esq.
Richard K. Hunsaker, Esq.
Heyl, Royster, Voelker & Allen
100 W. Vandalia St., Suite 100
Edwardsville, Illinois 62026

**ATTORNEYS FOR DEFENDANT
ARTISAN FUNDS, INC.**

Gordon R. Broom, Esq.
Troy A. Bozarth, Esq.
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207

**ATTORNEYS FOR DEFENDANT
ARTISAN PARTNERS LIMITED
PARTNERSHIP**

14

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

T.K. PARTHASARTHY, individually and on )
behalf of all others similarly situated, )
                                          )
            Plaintiffs,                   )
                                          )
vs.                                       )    Case No: 03-L-1253
                                          )
T. ROWE PRICE INTERNATIONAL               )    **JURY TRIAL DEMANDED**
FUNDS, INC., et al.,                      )
                                          )
            Defendants.                   )

## ANSWER OF AIM INTERNATIONAL FUNDS, INC. TO THE FIRST AMENDED COMPLAINT

Defendant AIM International Funds, Inc. ("Funds, Inc.") answers the First Amended Complaint ("Amended Complaint") as follows:

1.    Funds, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Amended Complaint about or pertinent to Defendants Artisan Funds, Inc., Artisan Partners Limited Partnership, T. Rowe Price International Funds, Inc. and T. Rowe Price International, Inc. or Plaintiffs T.K. Parthasarathy and Edmund Woodbury.

2.    Funds, Inc. denies the allegations in the Amended Complaint about or pertinent to Funds, Inc., A I M Advisors, Inc. ("A I M Advisors" or "Advisors, Inc.") and Plaintiffs Stuart Allen Smith and Sharon Smith unless expressly admitted or otherwise responded to as follows:

**Para.**         **Response**

3.-4.         Denies knowledge or information sufficient to form a belief as to the truth of the
              allegations about Stuart Allen Smith's and Sharon Smith's residence.

RECEIVED

NOV

LOGGED
CALENDARED FOR

9.      Denies, except admits that Funds, Inc. is a Maryland corporation with its principal
        place of business in Houston, Texas.

10.     Denies, except admits that Advisors, Inc. is a Delaware corporation with its
        principal place of business in Houston, Texas; that the day-to-day tasks associated
        with running the business of AIM European Growth Fund (the "Fund") such as
        investment management, share marketing, distribution, redemption, financial and
        regulatory reporting and custodianship of funds are contracted out since it has no
        employees; and further asserts that Advisors, Inc. is under contract to serve as the
        investment advisor for the Fund, and that Advisors, Inc. selects the Fund's
        investments.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the
        allegations.

14.-15. Denies.

16.     Admits.

17.     Denies.

18.     Denies, except admits that, in general, shares of open end mutual funds are sold to
        investors at a price based upon the net asset value ("NAV") per share; that those
        investors may redeem their share(s) at the NAV of the share(s); and that certain
        classes of shares pay sales charges and/or redemption charges.

19.     Admits.

20.     Denies, except admits that sales and redemption prices are based upon the NAV
        which in turn depends, in part, upon the fluctuating value of the Fund's
        underlying portfolio of securities; the NAV is recalculated every business day;

2

and that the Fund share price (NAV) is set once every business day at the close of trading on the New York Stock Exchange.

21.        Denies, except admits that a significant portion of the securities in the Fund are foreign securities; the home markets for such foreign securities may include London, Paris and Frankfurt; and those markets are located in time zones that are approximately five to eight hours ahead of Eastern Standard Time.

22.        Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about "[s]tudies of world financial markets"; and "positive correlation[s]", particularly between movements in the United States market and movements in foreign markets.

23.-24.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

25.        Denies.

26.        Denies, except admits on information and belief that the securities markets in Germany, France and the United Kingdom have traded for an entire session before the NAV is set for the Fund.

34.        Denies, except admits on information and belief that the exchange located in Frankfurt, Germany observes normal trading hours of 9:00 a.m. to 8:00 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 8:00 p.m. local time (often at 2:00 p.m. Eastern time).

35.        Denies, except admits on information and belief that the exchange located in Paris, France observes normal trading hours of 9:00 a.m. to 5:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and

3

closing prices for those securities are posted at 5:30 p.m. local time (often at 11:30 a.m. Eastern time).

36.        Denies, except admits on information and belief that the exchange located in London, England observes normal trading hours of 8:00 a.m. to 4:30 p.m. local time; and that, in general, active trading of securities traded on this exchange ends, and closing prices for those securities are posted at 4:30 p.m. local time (often at 11:30 a.m. Eastern time).

37.        Denies, except admits that a portion of the underlying securities of the Fund are listed on foreign exchanges and trade during each market's respective session.

38.        Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what the "market timing strategy stems from"; what "[m]arket timing traders are able to predict"; and the "stale price strategy of market timers."

39.-42.    Denies.

43.        Denies, except admits that cash held by the Fund is one of the assets that is valued in setting its NAV; and asserts that any such alleged injury suffered by the shareholders would be derivative of, and not separate or distinct from, any such injury to the Fund.

44.        Denies.

45.        Denies, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about what "market timers" consider "an attractive low risk trading vehicle."

46.        Denies, except admits that Plaintiffs purport to bring this action as a class action.

4

47.-52.     Denies.

79.         Repeats and realleges its responses to the paragraphs incorporated by reference
            therein.

80.         Denies, except respectfully refers to the prospectus for a correct statement of its
            contents.

81.         Denies, except declines to respond to matters of law (particularly what the board
            of trustees is "required" to review and approve); and admits that Advisors, Inc.
            serves as the investment advisor for the Fund; provides portfolio management
            services to and selects the securities for the Fund; and that Advisors, Inc. receives
            fees based on the percentage of assets under management for managing the
            Fund's assets.

82.         Denies knowledge or information sufficient to form a belief as to the truth of the
            allegations.

83.         Denies, except asserts that Advisors, Inc. in its role as investment advisor of the
            Fund used the skill and care ordinarily used by reasonably well-qualified
            members of their profession.

84.         Declines to respond to matters of law.

85.-87.     Denies.

88.         Repeats and realleges its responses to the paragraphs incorporated by reference
            therein.

89.          Declines to respond to matters of law, and respectfully refers to the "January 1,

1965 [sic], applicable published regulations" for their contents.

90.-91.      Denies.

## Additional and Affirmative Defenses

Without waiving its denial of liability, Funds, Inc. alleges the following additional and

affirmative defenses:

## First Affirmative Defense

To the extent that any portion of the claims asserted in the Complaint are individual

claims, they would be claims in connection with the purchase or sale of securities, and therefore

exist only (if at all) under the federal securities laws.  As provided in the Securities Litigation

Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f), no state law claim can be maintained as to

such matters.

## Second Affirmative Defense

The Court lacks subject matter jurisdiction over this action.

## Third Affirmative Defense

The Amended Complaint fails to state a claim against the defendants upon which relief

may be granted.

## Fourth Affirmative Defense

The claims asserted in the Amended Complaint are derivative claims, not class claims,

and this action is not properly brought as a class action.

## Fifth Affirmative Defense

The Amended Complaint, which asserts solely derivative claims, fails to allege the efforts, if any, made to make demand on the Fund's Board of Trustees to take the actions Plaintiffs desire and the reasons for their failure to obtain the action or for not making the effort.

## Sixth Affirmative Defense

Plaintiffs' action is not maintainable as a class action because Plaintiffs fail to satisfy the applicable requirements for maintenance of a class action under Illinois law.

## Seventh Affirmative Defense

The claims asserted by Plaintiffs are preempted by federal law. The claims relate to the pricing of portfolio securities of the Fund. This entire matter is the subject of a complex, nationwide regulatory scheme administered by the Securities and Exchange Commission through rules, regulations and regular audits and is not a matter appropriately before this Court.

## Eighth Affirmative Defense

The Amended Complaint fails to allege a legally cognizable theory of damages.

## Ninth Affirmative Defense

The claims against Defendants are barred in whole or in part by the applicable statutes of limitation.

## Tenth Affirmative Defense

The claims asserted by Plaintiffs are barred by the doctrines of laches, waiver, estoppel and ratification.

7

### Eleventh Affirmative Defense

Venue is not proper in this Court.

### Twelfth Affirmative Defense

The Court lacks personal jurisdiction over the defendants.

### Thirteenth Affirmative Defense

Plaintiffs lack standing to assert the claims in the Amended Complaint.

### Fourteenth Affirmative Defense

The claims of Plaintiffs and the members of the purported class are barred because they have incurred no damages as a result of the defendants' alleged conduct and/or have failed to mitigate their damages.

### Fifteenth Affirmative Defense

In the event that Plaintiffs' purported class is certified, Funds, Inc. reserves the right to assert any and all other and further defenses against any member of any class that may be certified.

### Sixteenth Affirmative Defense

Funds, Inc. states that Plaintiffs have not stated and cannot state a claim for punitive damages for one or more of the following reasons:

A.     The recovery of punitive damages in the circumstances of this case violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and would be based upon a standard which is unconstitutionally vague.

B.     The recovery of punitive damages in the circumstances of this case would violate substantive due process, as afforded under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that the defendants

8

may be subject to multiple awards for a single course of conduct.

C.     The imposition of punitive damages in the circumstances of this case would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

D.     The recovery of punitive damages in the circumstances of this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure meaningful individualized assessment of appropriate deterrence and retribution.

E.     The recovery of punitive damages in the circumstances of this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, because there are no realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

F.     The recovery of punitive damages in the circumstances of this case is barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because the vague standard employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct.

G.     The recovery of punitive damages in the circumstances of this case is barred by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, since the purpose of punitive damages is to punish and deter, and there are no adequate procedural safeguards in place to protect a defendant's right against self-incrimination, right to proof beyond a reasonable doubt and right to freedom from unreasonable searches and seizures.

9

H.     The recovery of punitive damages in the circumstances of this case is barred by the provisions of the Constitution of the State of Illinois. Such damages are precluded because the standards of recovery of the same are too vague to give notice of the conduct prohibited, and they would subject the defendants to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.

### Seventeenth Affirmative Defense

Funds, Inc. hereby gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defense.

Wherefore, Funds, Inc. demands judgment dismissing the Amended Complaint and awarding it costs, attorney's fees and such other and further relief as this Court deems just and proper.

### JURY DEMAND

Defendant Funds, Inc. hereby demands a trial by jury of the claims in this action.

Dated:     October 29, 2004

10

ARMSTRONG TEASDALE LLP

By: _____

Raymond R. Fournie     #3126094
Glenn E. Davis          #6184597
Lisa M. Wood           #6202911
Jacqueline P. Ulin      #6276863
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
AIM INTERNATIONAL FUNDS, INC.,
A I M ADVISORS, INC.

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 29th day of October, 2004:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

## ATTORNEYS FOR PLAINTIFFS

David O. Stewart, Esq.
Thomas B. Smith, Esq.
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

Robert H. Schultz, Jr., Esq.
Richard K. Hunsaker, Esq.
Heyl, Royster, Voelker & Allen
100 W. Vandalia St., Suite 100
Edwardsville, Illinois 62026

## ATTORNEYS FOR DEFENDANT
## ARTISAN FUNDS, INC.

Gordon R. Broom, Esq.
Troy A. Bozarth, Esq.
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207

## ATTORNEYS FOR DEFENDANT
## ARTISAN PARTNERS LIMITED
## PARTNERSHIP

12

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

T.K. PARTHASARTHY, individually and on )
behalf of all others similarly situated, )
                                         )
            Plaintiffs,                  )
                                         )
vs.                                      )    Case No: 03-L-1253
                                         )
T. ROWE PRICE INTERNATIONAL             )
FUNDS, INC., et al.,                     )
                                         )
            Defendants.                  )

### T. ROWE PRICE INTERNATIONAL, INC.'S MOTION
### TO DISMISS FOR LACK OF PERSONAL JURISDICTION:
### § 5/2-301 ILL. CODE CIV. PROC.

Defendant T. Rowe Price International, Inc., by its attorneys, respectfully moves the
Court to dismiss this action as to it pursuant to Section 5/2-301 of the Illinois Code of Civil
Procedure for lack of personal jurisdiction over T. Rowe Price International.

In support of its motion, T. Rowe Price International states as follows:

### I. The Amended Complaint

1.     The Amended Complaint herein was filed by an alleged investor in the T. Rowe
Price International Stock Fund, a mutual fund (the "Fund"), purporting to sue on behalf of
himself and a putative class of investors in the Fund. The Amended Complaint names T. Rowe
Price International Funds, Inc., the Maryland-based sponsor of the Fund, and T. Rowe Price
International, the Maryland-based adviser to the Fund, as defendants (the "T. Rowe Price
defendants").

2.     The Amended Complaint alleges that the T. Rowe Price defendants improperly
value the Fund's shares by using the last trade price in the home market of each foreign security
held by the Fund (Amend. Cplt. ¶ 21). The Amended Complaint alleges that those foreign prices
are "stale" since they do not reflect the current value of those shares at 4:00 p.m. E.S.T. (Amend.

RECEIVED
NOV 8 4 2004
LOGGED
ON ENDARED FOR

Cplt. ¶ 25). The Amended Complaint alleges that the T. Rowe Price defendants' use of stale prices injures Fund shareholders, in that market-timing traders may take advantage of the stale prices to obtain excess profits at the expense of the Fund and its shareholders. The Amended Complaint alleges that market-timing traders allegedly make such improper profits when they purchase Fund shares from the Fund at a "discount" or redeem Fund shares of the Fund at a "premium." (Amend. Cplt. ¶¶ 38-43). The Amended Complaint alleges that as a result of that trading by "market timers": (a) the Fund assets (and thus the value of each share of that Fund) are reduced; (b) the Fund suffers increased trading and transaction costs; (c) the Fund's strategies are disrupted; and (d) the Fund incurs lost opportunity costs and is subjected to "asset swings." (Amend. Cplt. ¶¶ 44-45).

## II.  Ground for Dismissal: Section 5/2-301 -- Lack of Personal Jurisdiction

3.      The Illinois courts, and the United States Supreme Court, have recognized two distinct types of personal jurisdiction: general and specific. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984); Radosta v. Devil's Head Ski Lodge, 172 Ill. App. 3d 289, 526 N.E.2d 561 (1988).

4.      For general personal jurisdiction, a defendant's contacts with Illinois must be "substantial" as well as "continuous and systematic." Helicopteros, 466 U.S. at 415-16; Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 756 N.E.2d 902 (2001); Kadala v. Cunard Lines, Ltd., 226 Ill. App. 3d 302, 589 N.E.2d 802, 810 (1992); Huck v. Northern Ind. Pub. Serv. Co., 117 Ill. App. 3d 837, 453 N.E.2d 1365 (1983).

5. For specific jurisdiction, a defendant must have "purposefully directed" its activities at Illinois and the claims for relief must directly "arise out of or relate" to those activities. Helicopteros, 466 U.S. at 414. This Court has neither general nor specific personal jurisdiction over T. Rowe Price International.

a.      **General Personal Jurisdiction** -- The Court lacks general personal

2

jurisdiction over T. Rowe Price International because:

> (i)      T. Rowe Price International is a corporation organized under the laws of Maryland with its principal place of business in Baltimore, Maryland;
>
> (ii)     T. Rowe Price International has no employees, officers or directors located in Illinois;
>
> (iii)    T. Rowe Price International has no office and no business records in Illinois; its records are located principally in its Baltimore and overseas offices;
>
> (iv)     T. Rowe Price International is not licensed or qualified to do business in Illinois;
>
> (v)      T. Rowe Price International has no phone number or agent for service of process in Illinois; and
>
> (vi)     T. Rowe Price International has no bank account in Illinois.

In sum, T. Rowe Price International does not have the requisite "substantial, continuous and systematic" contacts with the State of Illinois for this Court to exercise general personal jurisdiction over it.

b.      **Specific Personal Jurisdiction** -- This Court lacks specific personal jurisdiction because no allegedly actionable activity was "purposefully directed" at Illinois. None of the challenged conduct (i.e. the alleged mis-valuation of portfolio securities of the Fund) occurred in Illinois. Accordingly, there is no basis for this Court to exercise specific personal jurisdiction over T. Rowe Price International.[1]  Moreover, the client for which it was working when the challenged conduct occurred was a Maryland-based mutual fund.

6.      T. Rowe Price International incorporates by reference as if fully set forth herein

---

[1] Given the absence of any meaningful contact by T. Rowe Price International with Illinois (e.g. any act by which it purposefully availed itself of the privilege of conducting business in Illinois), the due process requirements of the United States Constitution are not met here. See Pilipauskas v. Yakel, 258 Ill. App. 3d 47, 629 N.E.2d 733 (1994).

3

the memorandum of law setting forth its legal arguments and case authority supporting the dismissal of plaintiff's claims against T. Rowe Price International, which it has this date contemporaneously filed.

Wherefore, for the reasons set forth herein, in the Affidavit of David Oestreicher attached hereto as Exhibit A, and in the memorandum of law filed in support of this motion, Defendant T. Rowe Price International, Inc. respectfully requests that the Court grant the motion to dismiss the Amended Complaint against it for lack of personal jurisdiction.

Dated:   November 23, 2004

ARMSTRONG TEASDALE LLP

By: _____

| Raymond R. Fournie | #3126094 |
| Glenn E. Davis | #6184597 |
| Lisa M. Wood | #6202911 |
| Jacqueline P. Ulin | #6276863 |

One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

4

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
T. ROWE PRICE INTERNATIONAL
FUNDS, INC., T. ROWE PRICE
INTERNATIONAL, INC., AIM
INTERNATIONAL FUNDS, INC. AND
A I M ADVISORS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 23rd day of November, 2004:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

**ATTORNEYS FOR PLAINTIFFS**

David O. Stewart, Esq.
Thomas B. Smith, Esq.
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

Robert H. Schultz, Jr., Esq.
Richard K. Hunsaker, Esq.
Heyl, Royster, Voelker & Allen
100 W. Vandalia St., Suite 100
Edwardsville, Illinois 62026

**ATTORNEYS FOR DEFENDANT**
**ARTISAN FUNDS, INC.**

Gordon R. Broom, Esq.
Troy A. Bozarth, Esq.
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207

**ATTORNEYS FOR DEFENDANT**
**ARTISAN PARTNERS LIMITED**
**PARTNERSHIP**

6

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

T.K. PARTHASARTHY, individually and on )
behalf of all others similarly situated,      )
                                               )
              Plaintiffs,                      )
                                               )
vs.                                            )     Case No: 03-L-1253
                                               )
T. ROWE PRICE INTERNATIONAL                    )
FUNDS, INC., et al.,                           )
                                               )
              Defendants.                      )

## AFFIDAVIT OF DAVID OESTREICHER

David Oestreicher, being first duly sworn, deposes and states:

1.    I am a Vice President of Defendant T. Rowe Price International, Inc., a position I
have held since May 1, 2001. I submit this affidavit in support of T. Rowe Price International's
motion to dismiss the complaint as to it for lack of personal jurisdiction pursuant to § 5/2-301,
Ill. Code Civ. Pro. I have personal knowledge of the matters set forth herein.

2.    Defendant T. Rowe Price International is a corporation organized under the laws
of Maryland with its principal place of business in Baltimore, Maryland.  Its business is
providing investment advisory services.

3.    T. Rowe Price International, at all relevant times, has provided investment
advisory services to the T. Rowe Price International Stock Fund (the "Fund"), the Maryland-
based mutual fund in which plaintiff Edmund Woodbury allegedly is a shareholder.



EXHIBIT

A

4.      None of T. Rowe Price International's employees, directors or officers resides or works in Illinois. All of its employees are located in Baltimore and its overseas offices. Its officers and directors reside overseas, in Maryland and elsewhere in the United States.

5.      T. Rowe Price International has no office in Illinois. Other than its office in Baltimore, Maryland, it has no office in the United States. Rather, its other offices are overseas (e.g. London, Singapore, Hong Kong).

6.      None of the challenged conduct of T. Rowe Price International — the allegedly improper valuation of the stocks in the securities portfolio of the Fund and the consequent "market timing" transactions in the Fund — took place in Illinois. Rather, the challenged conduct took place in Baltimore, Maryland.

7.      T. Rowe Price International is not licensed or qualified to do business in Illinois.

8.      T. Rowe Price International has no business records in Illinois; its business records are located principally in Baltimore and its overseas offices.

9.      T. Rowe Price International has no bank account in Illinois.

10.     T. Rowe Price International has no agent in Illinois for service of process.

David Oestreicher

Subscribed and sworn to before me
this 22nd day of November, 2004.

Notary Public

Expiration 9/1/2007

2

IN THE CIRCUIT COURT OF MADISON COUNTY
STATE OF ILLINOIS

T.K. PARTHASARTHY, individually and on ... )
behalf of all others similarly situated, ... )
... )
        Plaintiffs, ... )
... )
vs. ... )    Case No: 03-L-1253
... )
T. ROWE PRICE INTERNATIONAL ... )
FUNDS, INC., et al., ... )
... )
        Defendants. ... )

### DEFENDANT T. ROWE PRICE INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant T. Rowe Price International, Inc. submits this memorandum of law in support of its motion to dismiss the Amended Complaint against it for lack of personal jurisdiction, pursuant to § 5/2-301, Ill. Code Civ. Pro. T. Rowe Price International is a Maryland investment adviser which is not "doing business" in Illinois for jurisdictional purposes. It does not have any office, employees, officers or directors in Illinois. Its principal office is in Baltimore, Maryland; its other offices are in foreign countries. Its business is as an investment adviser to a Maryland-based mutual fund (and other clients, with a few exceptions, outside of Illinois). In addition, the allegedly actionable conduct – the so-called "stale" pricing of portfolio securities of the Maryland-based mutual fund (in which Plaintiff Edmund Woodbury is allegedly an investor) – did not take place in Illinois. Plaintiff Edmund Woodbury does not state anything to the contrary in the Amended Complaint. For these and other reasons set forth in the accompanying papers, this Court should hold that it lacks personal jurisdiction over Defendant T. Rowe Price International.

RECEIVED

NOV 2 4 2004

LOGGED
CALENDARED FOR

### The Facts

The relevant facts are set forth in the affidavit of David Oestreicher attached as Exhibit A

to Defendant T. Rowe Price International's Motion to Dismiss for Lack of Personal Jurisdiction

and, in the interest of brevity, will not be repeated herein.

### The Law

#### The Court Lacks Personal Jurisdiction
#### Over Defendant T. Rowe Price International

Plaintiff cannot satisfy the "quite high" standard for this Court's general jurisdiction[1],

namely that T. Rowe Price International's contacts with Illinois were not occasional or transient,

but were "continuous, permanent, ongoing and systematic." Cook Assocs., Inc. v. Lexington

United Corp., 87 Ill. 2d 190, 201, 429 N.E.2d 847, 852 (1981); Kadala v. Cunard Lines, 226 Ill.

App. 3d 302, 314, 589 N.E.2d 802, 810 (1st Dist. 1992).

In Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 55, 756 N.E.2d 902, 908 (2d Dist.

2001), the court held that the defendant Wisconsin-based company, in an action to recover wages

from it, was not "doing business" in Illinois even when it had clients in Illinois, stating (at 908):

> We do not consider the placement of four employees with Illinois
> companies over a five-year period to be sufficiently permanent or
> continuous contacts to constitute "doing business" in Illinois.
>
> Contrary to plaintiff's assertion, the fact that a nonresident
> corporation has clients in Illinois does not necessarily lead to the
> conclusion that the corporation was doing business in Illinois. ...
> Further, VRI had no offices in Illinois, no Illinois phone number, and
> no other permanent or continuous connection with Illinois that would
> establish that it was doing business in Illinois. (emphasis supplied)

---

[1] The "specific" form of personal jurisdiction is not an issue in this action. Plaintiff's claims do not arise out of any challenged activity in Illinois. Thus, there is no basis for "specific" personal jurisdiction. Campbell v. Mills, 262 Ill. App. 3d 624, 628, 634 N.E.2d 41, 44 (5th Dist. 1994). Similarly, given the absence of any meaningful contact by T. Rowe Price International, the due process requirements of the United States Constitution are not met for this Court to exercise jurisdiction over T. Rowe Price International. See, e.g., Pilipauskas v. Yakel, 258 Ill. App. 3d 47, 629 N.E.2d 733, 738-41 (1st Dist. 1994).

Again, in <u>Kadala</u>, 589 N.E.2d at 810, the Court held that revenues earned by an out-of-state business through extensive advertising in Illinois did not submit the business to jurisdiction under the "doing business" test, stating (at 810):

> Plaintiff here emphasizes the extensive nature of defendant's advertising activity in Illinois and revenues derived from Illinois in support of her contention that defendant has conducted business on a "continuing and systematic basis." We do not, however, believe that these activities satisfy the "doing business" test. ... At best, advertising amounts only to <u>solicitation</u>, which, as discussed above, is insufficient to submit a defendant to jurisdiction under the "doing business" test, as it <u>is insufficient under the "transaction of business" test postulated under section 2-209 of the long-arm statute</u>. [citations omitted] The fact that a defendant who solicits business in the State derives revenue from the State would seem to be implicit, even though not expressly discussed in the cases, as a natural result of successful solicitation, and not an independent factor upon which to determine that a non-resident corporation is "doing business" in the State. Moreover, defendant here did not receive any revenues in this state; all payments were received in its New York office. Accordingly, we hold that defendant is not "doing business" in Illinois so as to be amenable to <i>in personam</i> jurisdiction. (emphasis supplied)

Accord <u>Radosta v. Devil's Head Ski Lodge</u>, 172 Ill. App. 3d 289, 294-96, 526 N.E.2d 561, 564-65 (1st Dist. 1988) (the "doing business" test was not satisfied where an out-of-state business sold its ski services in local Illinois shops, bought billboard advertising in Illinois, and had an Illinois telephone number, and attended annual trade shows in Illinois); <u>Huck v. Northern Ind. Pub. Serv. Co.</u>, 117 Ill. App. 3d 837, 843-44, 453 N.E.2d 1365, 1371 (1st Dist. 1983) ("doing business" test not satisfied where defendant maintained no offices and had no employees, agents or customers in Illinois).

Here, these holdings mandate a finding that the Court lacks "general" personal jurisdiction over T. Rowe Price International. As shown in the Affidavit of David Oestreicher, T. Rowe Price International has not had contacts with Illinois sufficient for jurisdictional purposes. It has had no physical presence in Illinois. Like the defendant in <u>Khan</u>, 756 N.E.2d at

3

908, T. Rowe Price International has had "no offices in Illinois [and] no Illinois phone number." Its offices have been and are in Baltimore, Maryland and foreign countries. It has had no documents, employees or agents in Illinois. See Huck, 453 N.E.2d at 1371; see also Khan, 756 N.E.2d at 908, where the Court found that the defendant was not "doing business" in Illinois even though it was servicing clients in Illinois. T. Rowe Price International also has none of the other indicia of "doing business" in Illinois: it is not licensed or qualified to do business in Illinois, it has no bank account in Illinois, and it has no representatives in Illinois for service of process or otherwise.

### Conclusion

The Court should dismiss the Amended Complaint against Defendant T. Rowe Price International, Inc. on the ground of lack of personal jurisdiction.

Dated:   November 23, 2004

ARMSTRONG TEASDALE LLP

By: _____

| | |
|---|---|
| Raymond R. Fournie | #3126094 |
| Glenn E. Davis | #6184597 |
| Lisa M. Wood | #6202911 |
| Jacqueline P. Ulin | #6276863 |

One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

4

OF COUNSEL:

Daniel A. Pollack, Esq.
Martin I. Kaminsky, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
T. ROWE PRICE INTERNATIONAL
FUNDS, INC., T. ROWE PRICE
INTERNATIONAL, INC., AIM
INTERNATIONAL FUNDS, INC. AND
A I M ADVISORS, INC.

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 23rd day of November, 2004:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

**ATTORNEYS FOR PLAINTIFFS**

David O. Stewart, Esq.
Thomas B. Smith, Esq.
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

Robert H. Schultz, Jr., Esq.
Richard K. Hunsaker, Esq.
Heyl, Royster, Voelker & Allen
100 W. Vandalia St., Suite 100
Edwardsville, Illinois 62026

**ATTORNEYS FOR DEFENDANT
ARTISAN FUNDS, INC.**

Gordon R. Broom, Esq.
Troy A. Bozarth, Esq.
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207

**ATTORNEYS FOR DEFENDANT
ARTISAN PARTNERS LIMITED
PARTNERSHIP**

6