IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, EDMUND WOODBURY, )
STUART ALLEN SMITH, and SHARON SMITH, )
individually and on behalf of all others similarly )
situated, )
         )
     Plaintiffs, )
         )
vs. )     Case No. 03-L-1253
         )
T. ROWE PRICE INTERNATIONAL FUNDS, INC., )
a corporation, T. ROWE PRICE INTERNATIONAL, )
INC., ARTISAN FUNDS, INC., a corporation, )
ARTISAN PARTNERS LIMITED PARTNERSHIP, and )
AIM INTERNATIONAL FUNDS, INC., a corporation, )
AIM Advisors, Inc., )
         )
     Defendants. )

**FILED**

DEC 0 9 2004

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## O R D E R

This case having come to be heard on the Motion of Plaintiffs to Sever, the

Motion of Defendants Artisan Funds, Inc. and Artisan Partners Limited Partnership (the

"Artisan Defendants") to Stay, and the Court being fully advised in the premises, for

good cause shown, Orders as follows:

    1.     The claims of Plaintiff Edmund Woodbury against Defendants T. Rowe

Price International, Inc., and T. Rowe Price International Funds, Inc. (the "T. Rowe Price

Defendants"), and the claims of Plaintiffs Stuart Allen Smith and Sharon Smith against

AIM International Funds, Inc. and AIM Advisors, Inc. (the "AIM Defendants"), are

hereby severed from the claims of Plaintiff T.K. Parthasarathy against the Artisan

Defendants. The severed claims against the T. Rowe Price Defendants and AIM

1

Defendants shall hereafter proceed separate from the claims against the Artisan Defendants.

2.    For purposes of the administration of the file, the Clerk is directed to assign Case No. 03-L-1253A to all further proceedings on the claims of Plaintiff Woodbury against the T. Rowe Price Defendants and on the claims of the Smith Plaintiffs against the AIM Defendants, and all further filings in such proceedings shall be made under such case number. Further filings in the proceedings on the claims of Plaintiff Parthasarathy against the Artisan Defendants shall continue to be made under Case No. 03-L-1253.

3.    By agreement of Plaintiff Parthasarathy and the Artisan Defendants, consideration of the Artisan Defendants' Motion to Stay is suspended for a period of 120 days from the date of this Order, during which period all other proceedings in this state court case shall also be suspended as to the Artisan Defendants. Upon the conclusion of this 120 days period, the Court will schedule a status conference, the purpose of which will be to advise the Court as to the status of the litigation, any other proceedings related to it, and the parties' intentions with respect to the proceeding. Upon request by the Artisan Defendants, the Court at such hearing may set dates for the filing of opposition and reply briefs in connection with the Motion to Stay, and for hearing on that motion.

DATED THIS _9_ day of December, 2004.

ENTER: _Ralph / Mendela_
                        JUDGE

2

**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

_T. K. Parthasarathy, et al_

Plaintiff

vs.

No. _03-L-1153_

Div. _____

_T. Conne Price Investment Funds, Inc._

et al.

Defendant

**ORDER**

On Court's own motion, the order of 12-9-04 shall be set for review at next setting of above cause. Court will remain January 2 of the order of 12-9-04 which directs the Clerk to assign for purposes of the administration of the filed case No. 03-L-1153A

FILED

JAN 0 6 2005

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

Date _____1-6-05_____

_____ Judge

JOURNAL PRINTING - HIGHLAND, IL 62249   28431-AR

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



MAR 22 2005

CLERK OF CIRCUIT COURT #18
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

EDMUND WOODBURY, STUART ALLEN )
SMITH, and SHARON SMITH, individually )
and on behalf of all others similarly situated, )
                            )
         Plaintiffs,            )
                            )
vs.                             )
                            )
T. ROWE PRICE INTERNATIONAL    )
FUNDS, INC., et al.,            )
                            )
         Defendants.         )

Case No: 03-L-1253

## A I M ADVISORS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION: § 5/2-301 ILL. CODE CIV. PROC.

Defendant A I M Advisors, Inc. ("A I M Advisors"), by its attorneys, respectfully moves the Court to dismiss this action as to it pursuant to Section 5/2-301 of the Illinois Code of Civil Procedure for lack of personal jurisdiction over A I M Advisors.

In support of its motion, A I M Advisors states as follows:

### I. The Amended Complaint

1.     The Amended Complaint herein was filed by alleged investors Stuart Allen Smith and Sharon Smith in the AIM European Growth Fund, a mutual fund (the "Fund"), purporting to sue on behalf of themselves and a putative class of investors in the Fund. The Complaint is, in part, against AIM International Funds, Inc.[1] and A I M Advisors, the Houston-based adviser to the Fund.[2]

---

[1] On December 17, 2003, AIM International Funds, Inc. was reorganized from a Maryland corporation into a Delaware statutory trust named AIM International Mutual Funds.

[2] The Complaint also includes allegations about or pertinent only to Defendants Artisan Funds, Inc., Artisan Partners Limited Partnership, T. Rowe Price International Funds, Inc. and T. Rowe Price International, Inc. and Plaintiffs T.K. Parthasarathy and Edmund Woodbury.



**EXHIBIT**

E

2.      The Complaint alleges that the AIM defendants improperly value the Fund's shares by using the last trade price in the home market of each foreign security held by the Fund (Cplt. ¶¶ 20-21); it further alleges that those foreign prices are "stale" since they allegedly do not reflect the current value of those shares at 4:00 p.m. E.S.T. when the value of the Fund is determined (Cplt. ¶ 25); and further alleges that so-called "market-timing traders" take advantage of the allegedly stale prices to obtain excess profits at the expense of the Fund and its shareholders (Cplt. ¶¶ 39-40).

## II.  Ground for Dismissal: Section 5/2-301 -- Lack of Personal Jurisdiction

3.      The Illinois courts, and the Supreme Court, have recognized two distinct types of personal jurisdiction: general and specific.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984); Forrester v. Seven Seventeen HB St. Louis, Redevelopment Corp., 336 Ill. App. 3d 572, 577-79, 784 N.E.2d 834, 837-38 (2002); Radosta v. Devil's Head Ski Lodge, 172 Ill. App. 3d 289, 292, 526 N.E.2d 561, 563 (1988).

4.      For general personal jurisdiction, a defendant's contacts with Illinois must be "continuous and systematic" as well as "substantial." Helicopteros, 466 U.S. at 415-16; Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 756 N.E.2d 902 (2001); Hendry v. Ornda Health Corp., Inc., 318 Ill. App. 3d 851, 853-54, 742 N.E.2d 746, 748-49 (2001) ("sufficiently permanent and continuous"); Radosta, 172 Ill. App. 3d at 293-94, 526 N.E.2d at 563-64; Huck v. Northern Ind. Pub. Serv. Co., 117 Ill. App. 3d 837, 453 N.E. 2d 1365 (1983).

5.      For specific jurisdiction, a defendant's activities must be purposefully directed towards, and substantially connected with, Illinois and the claims for relief must directly "arise out of or relate" to those activities. Helicopteros, 466 U.S. at 414; see also Khan, 325 Ill. App. 3d at 57, 756 N.E.2d at 910 (defendant transacts business in Illinois when substantial performance of his contractual duties is to be rendered in Illinois). This Court has neither

2

general nor specific personal jurisdiction over A I M Advisors.[3]

      a.    **General Personal Jurisdiction** -- The Court lacks general personal jurisdiction over A I M Advisors because:

> (i)    A I M Advisors is a corporation **organized under the laws of Delaware** with its **principal place of business** in Houston, **Texas**;
>
> (ii)    A I M Advisors **has no employees, officers or directors** located **in Illinois**;
>
> (iii)    A I M Advisors has **no office** and **no business records in Illinois**. Its records are located generally in Houston;
>
> (iv)    A I M Advisors is **not licensed or qualified to do business in Illinois and is not doing business in Illinois**; and
>
> (v)    A I M Advisors has **no phone number or agent for service of process in Illinois**;

In sum, A I M Advisors does not have the requisite "substantial, continuous and systematic" contacts with the State of Illinois for this Court to exercise general personal jurisdiction over it.

      b.    **Specific Personal Jurisdiction** -- This Court lacks specific personal jurisdiction because no allegedly actionable activity was purposefully directed towards Illinois. None of the challenged conduct (i.e. the alleged mis-valuation of portfolio securities of the Fund) occurred in Illinois. Accordingly, there is no basis for this Court to exercise specific personal jurisdiction over A I M Advisors. Moreover, the client for which it was working in connection with the challenged conduct was a Texas-based mutual fund.

---

[3] Moreover, given the absence of any meaningful contact by A I M Advisors with Illinois (e.g., any act by which it purposefully availed itself of the privilege of conducting business in Illinois), the due process requirements of the United States Constitution and Illinois Constitution are not met here. See also Pilipauskas v. Yakel, 258 Ill. App. 3d 47, 55-58, 629 N.E. 2d 733 (1994).

6.  A I M Advisors will file a memorandum of law setting forth its legal arguments and case authority supporting the dismissal of Plaintiff's claims against A I M Advisors.

WHEREFORE, for the reasons set forth hereinabove, in the Affidavit of Kevin M. Carome attached hereto as Exhibit A, and in the memorandum of law to be filed in support of this motion, Defendant A I M Advisors, Inc. respectfully requests that the Court grant the motion to dismiss the Amended Complaint against it for lack of personal jurisdiction.

Dated: March 22, 2005

ARMSTRONG TEASDALE LLP

By: _____

Raymond R. Fournie     #3126094
Glenn E. Davis     #6184597
Lisa M. Wood     #6202911
Jacqueline P. Ulin     #6276863
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (Facsimile)

4

OF COUNSEL:

Daniel A. Pollack, Esq.
Edward T. McDermott, Esq.
Anthony Zaccaria, Esq.
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

ATTORNEYS FOR DEFENDANTS
A I M ADVISORS, INC. AND AIM
INTERNATIONAL FUNDS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the attorneys listed below, on this 22nd day of March, 2005:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, Illinois 62226

Eugene Barash, Esq.
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

**ATTORNEYS FOR PLAINTIFFS**

David O. Stewart, Esq.
Thomas B. Smith, Esq.
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

Robert H. Schultz, Jr., Esq.
Richard K. Hunsaker, Esq.
Heyl, Royster, Voelker & Allen
100 W. Vandalia St., Suite 100
Edwardsville, Illinois 62026

**ATTORNEYS FOR DEFENDANT
ARTISAN FUNDS, INC.**

Gordon R. Broom, Esq.
Troy A. Bozarth, Esq.
Burroughs, Hepler, Broom, MacDonald,
Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025

John W. Rotunno, Esq.
Kenneth E. Rechtoris, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207

**ATTORNEYS FOR DEFENDANT
ARTISAN PARTNERS LIMITED
PARTNERSHIP**

## BURROUGHS, HEPLER, BROOM, MacDONALD, HEBRANK & TRUE, LLP
*ATTORNEYS AT LAW*

GARY A. MEADOWS
*LICENSED IN ILLINOIS*
*DIRECT DIAL: 618-307-1153*
*FAX: 618-656-1364*
*E-MAIL: gam@ilmolaw.com*
*www.ilmolaw.com*

103 W. VANDALIA STREET, SUITE 300
P.O. BOX 510
EDWARDSVILLE, ILLINOIS 62025
618-656-0184

1010 MARKET STREET, SUITE 500
ST. LOUIS, MISSOURI 63101
314-355-6160

*REPLY TO EDWARDSVILLE OFFICE*

June 3, 2005

**By Hand Delivery**

Honorable Ralph Mendelsohn
Third Judicial Circuit Courthouse
157 North Main Street, Room 302
Edwardsville, IL 62025

> Re:   **T.K. Parthasarathy v. Artisan Funds, Inc. and Artisan Partners Limited Partnership, Case No. 03-L-1253**

Dear Judge Mendelsohn:

The above-captioned case currently is set for a status conference on June 10, 2005. This Court previously severed the claims asserted by plaintiff T.K. Parthasarathy against Artisan Funds, Inc. and Artisan Partners Limited Partnership (the "Artisan Defendants") from the separate claims asserted by plaintiffs Edmund Woodbury and Stuart and Sharon Smith against certain other mutual fund defendants. The Court also suspended all proceedings as to the Artisan Defendants pending resolution of the Artisan Defendants' appeal to the United States Court of Appeals for the Seventh Circuit from the January 30, 2004 order entered by the Honorable David R. Herndon, United States District Judge, which had remanded this case from federal court to the Circuit Court. The Artisan Defendants' appeal in Parthasarathy was consolidated by the Seventh Circuit with appeals of remand orders entered in similar lawsuits for purposes of briefing and disposition. The consolidated cases proceeded on appeal under the caption Carl Kircher and Robert Brockway v. Putnam Funds Trust and Putnam Investment Management, LLC, et al., Case No. 04-1495 ("Kircher").

On April 5, 2005, the Seventh Circuit issued its decision in Kircher, holding that plaintiffs' purported state law claims were federally preempted, and directing that "[t]he judgments of the district courts are reversed, and the cases are remanded [to the district court] with instructions to undo the remand orders and dismiss plaintiffs' state-law claims." Kircher, 403 F.3d 478, 484 (7th Cir. 2005). On May 27, 2005, District Judge Herndon entered a Memorandum and Order vacating his January 30, 2004 order remanding this case to Circuit Court and terminating the instant litigation. Judge Herndon's Memorandum and Order (a copy of which is attached) provides, in relevant part, as follows:

> [P]ursuant to the Seventh Circuit's opinion and mandate in
> **Kircher**, the Court finds that federal question jurisdiction existed at

Honorable Ralph Mendelsohn
June 3, 2005
Page 2

     the time the case was removed to this Court and that SLUSA
     preempts Plaintiffs' claims contained in the original complaint.
     Thus, the Court **VACATES the January 30, 2004** remand order
     (Doc. 71) and **DISMISSES with prejudice** Plaintiff's state law
     claims in accord with the Seventh Circuit's mandate.

(Emphasis in original.)

   Accordingly, the Artisan Defendants respectfully submit that the status conference previously set on this Court's docket for June 10, 2005 should be stricken since the case against the Artisan Defendants has now been dismissed *with prejudice*.

         Sincerely yours,

         Gary A. Meadows

GAM/par
cc: All counsel of record

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

T.K. PARTHASARTHY, EDMUND WOODBURY,
STUART ALLEN SMITH, and SHARON SMITH,
individually and on behalf of all others
similarly situated,

Plaintiffs,

vs.

T. ROWE PRICE INTERNATIONAL FUNDS, INC.,
a corporation, T. ROWE PRICE INTERNATIONAL, INC.,
ARTISAN FUNDS, INC., a corporation,
ARTISAN PARTNERS LIMITED PARTNERSHIP,
AIM INTERNATIONAL FUNDS, INC., a corporation,
and AIM ADVISORS, INC.,

Defendants.                                    No. 03-CV-00673-DRH

## MEMORANDUM AND ORDER

HERNDON, District Judge:

### I. Introduction

Plaintiffs filed this purported class action in the Madison County, Illinois

Circuit Court, on behalf of long-term investors of certain mutual funds, against T.

Rowe Price International Funds, Inc., T. Rowe Price International, Inc. (otherwise

referred to herein as "T. Rowe Price Defendants"), Artisan Funds, Inc., Artisan

Partners Limited Partnership (otherwise referred to herein as "Artisan Defendants"),

AIM International Funds, Inc., and AIM Advisors, Inc. (otherwise referred to herein

as "AIM Defendants"). Defendants removed the case to this Court based on federal

question jurisdiction, **28 U.S.C. § 1331**, arguing that Plaintiffs' claims were preempted by the Securities Litigation Uniform Standards Act of 1998, **15 U.S.C. § 77, et seq.** ("SLUSA"), among other things. On January 30, 2004, the Court granted Plaintiffs' motion to remand and remanded the case to state court (Doc. 71). Defendants appealed the remand to the United States Court of Appeals for the Seventh Circuit (Doc. 73).[1]

On April 5, 2005, the Seventh Circuit reversed the remand orders and directed the Court to "undo the remand orders and dismiss plaintiffs' state-law claims." *Kircher v. Putnam Funds Trust,* **403 F.3d 478, 484 (7th Cir. 2005).** On May 10, 2005, the Seventh Circuit issued the mandate. The Clerk of the Court received and docketed the mandate on May 18, 2005 (Doc. 87).

Between the Seventh Circuit's April 5, 2005 opinion and the district court's receipt of the mandate, Plaintiffs filed an amended complaint pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)** and a motion for leave to amend the complaint (Docs. 84 & 85, respectively). The amended complaint, which contains common law negligence claims, tries to disavow all claims based on federal securities law and all bases for federal subject matter jurisdiction. The amendment of the complaint was improper. Moreover, it does not provide a new basis for remand, and it does not allow the Court to disregard the Seventh Circuit's directive.

Accordingly, pursuant to the Seventh Circuit's opinion and mandate in

---

[1] The Seventh Circuit consolidated this case with seven others from this judicial district regarding the same issue.

**Kircher**, the Court finds that federal question jurisdiction existed at the time the case was removed to this Court and that SLUSA preempts Plaintiffs' claims contained in the original complaint. Thus, the Court **VACATES the January 30, 2004** remand Order (Doc. 71) and **DISMISSES with prejudice** Plaintiffs' state law claims in accord with the Seventh Circuit's mandate. Further, the Court **STRIKES** Plaintiffs' amended complaint (Doc. 84) and **DENIES as moot** Plaintiffs' motion for leave to amend the complaint (Doc. 85).

**IT IS SO ORDERED.**

Signed this 27th day of May, 2005.

/s/   David RHerndon
**United States District Judge**

*FILED*

*2005 JUL*

**IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**          *3: 54*

T.K. PARTHASARATHY, individually and on behalf of   )
all others similarly situated,                       )
                                                     )
        Plaintiff,                           )
                                                     )       Cause No.   03 L 1253
    v.                                           )
                                                     )
ARTISAN FUNDS, INC., a corporation, and ARTISAN     )
PARTNERS LIMITED PARTNESHIP,                         )
                                                     )
        Defendants.                          )

**NOTICE THAT ORDER REMANDING THIS CASE TO THIS**
**COURT HAS BEEN VACATED, AND THAT PLAINTIFF'S**
**CLAIMS HAVE BEEN DISMISSED WITH PREJUDICE**

      Artisan Funds, Inc. ("Artisan Funds") and Artisan Partners Limited Partnership ("Artisan

Partners") hereby give notice of the vacatur of the order remanding this case to this Court, and of

the dismissal with prejudice of the claims against Artisan Funds and Artisan Partners, by order of

the United States District Court for the Southern District of Illinois entered May 27, 2005.

      This case originated in this Court and was removed to the United States District Court for

the Southern District of Illinois.  The district court entered an order remanding the case to this

Court on January 30, 2004.  Artisan Funds and Artisan Partners timely appealed the remand

order to the United States Court of Appeals for the Seventh Circuit.  The Seventh Circuit

consolidated the appeal with other appeals of remand orders in similar lawsuits for purposes of

briefing and disposition.  The consolidated cases proceeded on appeal under the caption <u>Carl

Kircher and Robert Brockway v. Putnam Funds Trust and Putnam Investment Management,

LLC, *et al*</u>, Case No. 04-1495.

      On April 5, 2005, the Seventh Circuit reversed each of the remand orders entered in the

cases, holding that the plaintiffs' state law claims were federally preempted and directing the

1

district court to "undo the remand orders and dismiss plaintiffs' state law claims." (*See* Kircher

v. Putnam Funds Trust, et al., 403 F.3d 478 (7th Cir. 2005), attached hereto as Exhibit A).  On

May 10, 2005, the Seventh Circuit's Mandate issued in accordance with that Court's decision.

(*See* Notice of Issuance of Mandate, attached hereto as Exhibit B).  Pursuant to the Mandate, on

May 27, 2005, the district court issued a Memorandum and Order "vacat[ing] the January 30,

2004 remand order and dismiss[ing] with prejudice plaintiffs' state law claims."   (See

Memorandum Opinion and Order, attached hereto as Exhibit C).

Dated:  June 9, 2005

                              Respectfully submitted,

                              ARTISAN PARTNERS LIMITED
                              PARTNERSHIP

                              By:
                                      One of its attorneys

John W. Rotunno - #02405342
Kenneth E. Rechtoris - #06190285
Daniel J. Hayes - #06243089
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3100
Chicago, IL   60602-4207
(312) 372-1121

Gordon R. Broom - #00308447
Troy A. Bozarth - #06236748
Burroughs, Hepler, Broom,
  MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL   62025
(618) 656-0184
       *Attorneys for Artisan Partners Limited Partnership*

ARTISAN FUNDS, INC.

By: _____Tom Smith /s Gon_____
             One of its attorneys

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, DC   20005
(202) 508-4600


Robert H. Schultz, Jr.  #03122739
Richard K. Hunsaker  #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL   62026
(618) 656-4646
       *Attorneys for Artisan Funds, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing *Notice That Order Remanding This Case To This Court Has Been Vacated, And That Plaintiff's Claims Have Been Dismissed With Prejudice* to be served upon:

| | |
|---|---|
| Robert L. King<br>Swedlaw & King LLC<br>701 Market Street, Suite 350<br>St. Louis, MO 63101<br>Facsimile: 314.241.3525 | Klint Bruno<br>Law Offices of Klint Bruno<br>1131 Lake Street<br>Oak Park, Illinois 60301 |
| Eugene Barash<br>Stephen M. Tillery<br>Korein Tillery<br>10 Executive Woods Court<br>Swansea, Illinois 62226<br>Facsimile: 618.222.6939 | Andrew S. Friedman<br>Francis J. Balint, Jr.<br>Bonnett, Fairbourn,<br>  Friedman & Balint, P.C.<br>2901 N. Central Ave., Suite 1000<br>Phoenix, AZ<br>Facsimile: 602.274.1199 |
| George A. Zelcs<br>70 West Madison Street, Suite 660<br>Chicago, Illinois 60602<br>Facsimile: 312.641.9751 | |

*Attorneys for Plaintiff*

by facsimile transmission to the fax numbers indicated and by placing copies of the same in properly addressed envelopes, with first class postage affixed, and depositing said envelopes in the United States Mail at Edwardsville, Illinois, this 9th day of June, 2005.

_____
                    Attorney

4

Westlaw.

403 F.3d 478                                                                    Page 1
403 F.3d 478
(Cite as: 403 F.3d 478)

# H

**Briefs and Other Related Documents**

United States Court of Appeals,
Seventh Circuit.
Carl KIRCHER and Robert Brockway, individually
and on behalf of a class, et
al., Plaintiffs-Appellees,
v.
PUTNAM FUNDS TRUST and PUTNAM
INVESTMENT MANAGEMENT, LLC, et al.,
Defendants-
Appellants.
**Nos. 04-1495, 04-1496, 04-1608, 04-1628, 04-1650,
04-1651, 04-1660, 04-1661,
04-2162, 04-2687.**

Argued Jan. 7, 2005.
Decided April 5, 2005.

**Background:** Mutual fund investors brought state-court putative class actions against funds, asserting under state law that funds' misconduct in setting prices had left funds vulnerable to exploitation by arbitrageurs. Funds removed actions under Securities Litigation Uniform Standards Act (SLUSA). The United States District Court for the Southern District of Illinois, G. Patrick Murphy, Chief Judge, David R. Herndon, J., and Michael J. Reagan, J., remanded actions. The Court of Appeals, 373 F.3d 847, ruled that remand orders were appealable.

**Holdings:** Subsequently, the Court of Appeals, Easterbrook, Circuit Judge, held that:
(1) SLUSA preempted actions that defined their classes according to holding of shares between specified dates, and
(2) SLUSA also preempted action that defined its class as investors who held shares between two specified dates but did not purchase or sell shares during that period.
Reversed and remanded with instructions.

West Headnotes

[1] Securities Regulation ⬤⬤⬤278
349Bk278 Most Cited Cases

[1] States ⬤⬤⬤18.77

360k18.77 Most Cited Cases
Securities Litigation Uniform Standards Act's (SLUSA) language precluding state-court securities fraud class actions, i.e. Act's "untrue statement or omission" and "manipulative or deceptive device" clauses, have same scope as their antecedents in § 10(b) and Rule 10b-5. Securities Act of 1933, § 16(b), as amended, 15 U.S.C.A. § 77p(b); Securities Exchange Act of 1934, § 10(b), as amended, 15 U.S.C.A. § 78j(b); 17 C.F.R. § 240.10b-5.

[2] Securities Regulation ⬤⬤⬤278
349Bk278 Most Cited Cases

[2] States ⬤⬤⬤18.77
360k18.77 Most Cited Cases
Purpose of Securities Litigation Uniform Standards Act (SLUSA) is to prevent plaintiffs from migrating to state court in order to evade rules for federal securities litigation contained in Private Securities Litigation Reform Act (PSLRA). Securities Act of 1933, as amended, 15 U.S.C.A. § 77p; Securities Exchange Act of 1934, § 28, as amended, 15 U.S.C.A. § 78bb.

[3] Securities Regulation ⬤⬤⬤278
349Bk278 Most Cited Cases

[3] States ⬤⬤⬤18.77
360k18.77 Most Cited Cases
Securities Litigation Uniform Standards Act (SLUSA) preempted mutual funds investors' state-court direct class actions against funds asserting state-law claims that funds' misconduct in setting prices had left funds vulnerable to exploitation by arbitrageurs; classes were defined as investors who held shares of given fund between two specified dates, and any class of "all holders" during even single day contained many purchasers and sellers, placing actions within SLUSA's "in connection with the purchase or sale" language. Securities Act of 1933, § 16(b), as amended, 15 U.S.C.A. § 77p(b); Securities Exchange Act of 1934, § 28, as amended, 15 U.S.C.A. § 78bb.

[4] Securities Regulation ⬤⬤⬤278
349Bk278 Most Cited Cases

[4] States ⬤⬤⬤18.77
360k18.77 Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT
A

Securities Litigation Uniform Standards Act
(SLUSA) preempted mutual fund investors' state-
court direct class action against fund asserting state-
law claim that fund's misconduct in setting prices had
left fund vulnerable to exploitation by arbitrageurs,
even though class was defined as investors who held
shares between two specified dates but did not
purchase or sell shares during that period; i.e., fact
that action could not have proceeded as private action
for damages under Rule 10b-5, but rather had to be
brought either as derivative action or by public
prosecutor, did not render SLUSA inapplicable.
Securities Act of 1933, § 16(b), as amended, 15
U.S.C.A. § 77p(b); Securities Exchange Act of 1934,
§ 10(b), 28, as amended, 15 U.S.C.A. § § 78j(b),
78bb; 17 C.F.R. § 240.10b-5.

*480 George A. Zelcs, Eugene Y. Barash, Robert L.
King, Korein Tillery, Chicago, IL, John J. Stoia, Jr.,
Milberg, Weiss, Bershad, Hynes & Lerach, San
Diego, CA, Francis J. Balint, Jr., Bonnett, Fairbourn,
Friedman & Balint, Phoenix, AZ, for Plaintiffs-
Appelees.

Rebecca R. Jackson, Bryan Cave, Jon A. Santangelo,
Stinson, Morrison & Hecker, St. Louis, MO,
Matthew R. Kipp, Skadden, Arps, Slate, Meagher &
Flom, Chicago, IL, Gordon R. Broom, Regina L.
Wells, Burroughs, Hepler, Broom, MacDonald &
Hebrank, Edwardsville, IL, Steven B. Feirson,
Dechert, Price & Rhoads, Philadelphia, PA, Mark A.
Perry (argued), Gibson, Dunn & Crutcher,
Washington, DC, for Defendants-Appellants.

Before EASTERBROOK, RIPPLE, and WOOD,
Circuit Judges.

EASTERBROOK, Circuit Judge.

Complaints filed in the circuit court of Madison
County, Illinois, charge several mutual funds with
setting prices in a way that arbitrageurs can exploit.
The funds removed the suits to federal court and
asked the district judges to dismiss them under the
Securities Litigation Uniform Standards Act of 1998
(SLUSA). Instead the federal judges remanded each
suit. Last year we held that these remands are
appealable. See Kircher v. Putnam Funds Trust, 373
F.3d 847 (7th Cir.2004). Now we must decide
whether SLUSA blocks litigation in state court.
(Plaintiffs have asked us to overrule our decision
about appellate jurisdiction, but their arguments are
unpersuasive.)

Mutual funds must set prices at which they sell and
redeem their own shares once a day, and must do so

at the net asset value of the funds' holdings. (All of
the defendants, which operate in interstate and
international commerce, are regulated under the
Investment Company Act of 1940; we call them
"mutual funds" for convenience.) Each defendant
sets that price at 4 p.m. Eastern time, shortly after the
New York Stock Exchange closes. Orders placed
before the close of business that day are executed at
this price.

When the funds hold assets that trade in competitive
markets, they must value the assets at their market
price. 15 U.S.C. § 80a-2(a)(41)(B)(ii), 17 C.F.R. §
270.2a-4(a). Defendants implement this requirement
by valuing securities at the closing price of the
principal exchange or market in which the securities
are traded. For domestic securities this yields a
current price; for securities of foreign issuers,
however, it may produce a price that is as much as 15
hours old. (European markets close 5 or 6 hours
ahead of New York; Asian markets close 12 to 15
hours before New York.)

Many securities trade on multiple markets or over
the counter. Stock of a Japanese firm that closes in
Tokyo at ¥10,000 might trade in Frankfurt at € 75.22
(equivalent to ¥10,500) between the close in Tokyo
and the close in New York--but the mutual fund
nonetheless would value each share at ¥10,000,
because that was its most recent price in the issuer's
home market. If foreign stocks move predominantly
up during this interval (or if one foreign security
moves substantially higher), the mutual fund as a
whole would carry a 4 p.m. price below what would
be justified by the latest available information, and an
arbitrageur could purchase shares before 4 p.m. with
a plan to sell the next day at a profit. Likewise
arbitrageurs *481 could gain if the foreign stock falls
after the close in its home market, and the arbitrageur
knows that the U.S. mutual fund will be overpriced at
4 p.m. relative to the price it is likely to have the next
trading day when new information from abroad
finally is reflected in the fund's valuation. See
Richard L. Levine, Yvonne Cristovici & Richard A.
Jacobsen, Mutual Fund Market Timing, Federal
Lawyer 28 (Jan.2005).

A short-swing-trading strategy would not be
attractive unless the foreign securities' prices had
moved enough to cover the transactions costs of
matched purchases and sales of the mutual fund
shares, but for no-load funds that have substantial
investments in foreign markets this condition
sometimes is satisfied. Arbitrageurs then make
profits with slight risk to themselves, diverting gains

from the mutual funds' long-term investors while imposing higher administrative costs on the funds (whose operating expenses rise with each purchase and redemption). Plaintiffs contend that the mutual funds acted recklessly in failing to block arbitrageurs from reaping these profits. Available means might include levying fees on short-swing transactions, adopting to a front-end-load charge, reducing the number of trades any investor can execute (or deferring each trade by one day), and valuing the securities of foreign issuers at the most current price in *any* competitive market (organized or over the counter), and not just the closing price on the issuers' home stock exchanges. Some mutual funds have begun to take steps to curtail arbitrage, while disclosing residual vulnerabilities more prominently, but the litigation targets those funds that have not done so (or targets the period before a given fund acted).

SLUSA added to the Securities Act of 1933 and the Securities Exchange Act of 1934 parallel provisions curtailing certain class actions under state law. As in last year's jurisdictional opinion, we limit attention to § 16 of the 1933 Act, 15 U.S.C. § 77p, because the additions to the 1934 Act are functionally identical. See 15 U.S.C. § 78bb. As amended by SLUSA, § 77p(b) reads:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

Investments in mutual funds are "covered securities," see § 77p(f)(3), and all of these suits are "covered class actions," see § 77p(f)(2), because plaintiffs seek to represent more than 50 investors and each action is direct rather than derivative. (Derivative proceedings are not "covered class actions". See § 77p(f)(2)(B). See also *Burks v. Lasker*, 441 U.S. 471, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979), and *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), which note that state-law derivative claims may proceed against federally regulated mutual funds.) Section 77p(d) contains a number of additional exceptions, but plaintiffs do not contend that any of them applies to these actions. Thus everything turns on subsection (b), which forecloses

a suit based on state law in which a private class alleges "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant **\*482** used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."

[1][2] That familiar language comes from Rule 10b-5, 17 C.F.R. § 240.10b-5, which is based on § 10(b) of the 1934 Act, 15 U.S.C. § 78j(b). Rule 10b-5 reads:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Every court of appeals to encounter SLUSA has held that its language has the same scope as its antecedent in Rule 10b-5. *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 34-36 (2d Cir.2005); *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 299 (3d Cir.2005); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596-97 (8th Cir.2002); *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131 (9th Cir.2002), amended, 320 F.3d 905 (2003); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342-43 (11th Cir.2002). We agree with this conclusion. SLUSA is designed to prevent plaintiffs from migrating to state court in order to evade rules for federal securities litigation in the Private Securities Litigation Reform Act of 1995. See *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122-24 (2d Cir.2003) (discussing how PSLRA and SLUSA work). SLUSA can do its job only if subsection (b) covers those claims that engage Rule 10b-5 (and thus come within the 1995 statute) if presented directly under federal law; this is why SLUSA borrows the Rule's language. Unfortunately, however, the other circuits do not agree among themselves (or with the SEC) what Rule 10b-5 itself means. The phrase "in connection with the purchase or sale" of a security is the sticking point.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[3] The Supreme Court held in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), that investors who neither purchase nor sell securities may not collect damages in private litigation under § 10(b) and Rule 10b-5, even if failure to purchase or sell was the result of fraud. Assuming that SLUSA's "in connection with" language means "able to pursue a private right of action after *Blue Chip Stamps*," plaintiffs attempted to frame complaints that avoid any allegations of purchase or sale. All but one of the classes is defined as investors who held shares of a given mutual fund between two specified dates. As an effort to evade SLUSA, this class definition is a flop: some of the investors who held shares during the class period must have purchased their interest (or increased it) during that time; others, who owned shares at the beginning of the period, undoubtedly sold some or all of their investment during the window. Each of the funds has substantial daily turnover, so the class of "all holders" during even a single day contains many purchasers and sellers. All of these class actions therefore must be dismissed. (Plaintiffs do not contend that any *other* part of SLUSA is pertinent; in particular, they did not argue in their briefs--and did not maintain at oral argument *483 despite the court's invitation--that their suits allege mismanagement rather than deceit or manipulation. See *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). Counsel for the plaintiffs declined to explain how state law would support a direct action that did not rely on deceit or manipulation. A claim based on mismanagement likely would need to be cast as a derivative action, which none of these suits purports to be. Nor does any of the suits assert that a mutual fund broke a promise, so that state contract law would supply a remedy.)

[4] The complaint in *Spurgeon v. Pacific Life Insurance Co.* avoids this pitfall. It defines the class as all investors who held the fund's securities during a defined period *and* neither purchased nor sold shares during that period. *Blue Chip Stamps* would prevent such a private action from proceeding under Rule 10b-5. Plaintiffs insist that any private action that is untenable after *Blue Chip Stamps* also is unaffected by SLUSA. The district judge, agreeing with this perspective, remanded *Spurgeon* to state court.

An equation between SLUSA's coverage and the scope of private damages actions under Rule 10b-5 has the support of the second circuit (*Dabit* ), the eighth circuit (*Green* ), and the eleventh circuit (*Riley*

). The ninth circuit (*Falkowski* ), by contrast, has written that coverage of SLUSA tracks the coverage of § 10(b) and Rule 10b-5 when enforced by *public* plaintiffs (the SEC or a criminal prosecutor). The third circuit (*Rowinski* ) has reserved decision on this issue. The Securities and Exchange Commission filed a brief in *Dabit* as amicus curiae supporting the view that SLUSA tracks the full scope of § 10(b) and Rule 10b-5, not just their enforcement in private actions. The way the *Spurgeon* class has been defined prevents us from following the third circuit's path: we must answer the question rather than postpone its resolution.

To say that SLUSA uses the same language as § 10(b) and Rule 10b-5 is pretty much to resolve the point. Section 10(b) defines a federal crime, and it also permits the SEC to enforce the prohibition through administrative proceedings. Invocation of this anti-fraud rule does not depend on proof that the agency or United States purchased or sold securities; instead the "in connection with" language ensures that the fraud occurs in securities transactions rather than some other activity. See *SEC v. Zandford*, 535 U.S. 813, 821-22, 122 S.Ct. 1899, 153 L.Ed.2d 1 (2002); *Superintendent of Insurance v. Bankers Life & Casualty Co.*, 404 U.S. 6, 12, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971).

*Blue Chip Stamps* came out as it did not because § 10(b) and Rule 10b-5 are limited to situations in which the plaintiff itself traded securities, but because a private right of action to enforce these provisions is a judicial creation and the Court wanted to confine these actions to situations where litigation is apt to do more good than harm. The Justices observed that anyone can *say* that a failure to trade bore some relation to what the issuer did (or didn't) disclose, but that judges and juries would have an exceedingly hard time knowing whether a given counterfactual claim ("I *would have* traded, if only ...") was honest. The Court thought it best to limit private actions to harms arising out of actual trading, which narrows the affected class and simplifies proof, while leaving other securities offenses to public prosecutors.

Decisions since *Blue Chip Stamps* reiterate that it deals with private actions alone and does not restrict coverage of the statute and regulation. See *484*United States v. O'Hagan*, 521 U.S. 642, 664, 117 S.Ct. 2199, 138 L.Ed.2d 724 (1997); *Holmes v. SIPC*, 503 U.S. 258, 284, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *United States v. Naftalin*, 441 U.S. 768, 774 n. 6, 99 S.Ct. 2077, 60 L.Ed.2d 624

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(1979). By depicting their classes as containing entirely non-traders, plaintiffs do not take their claims outside § 10(b) and Rule 10b-5; instead they demonstrate only that the claims must be left to public enforcement. It would be more than a little strange if the Supreme Court's decision to block private litigation by non-traders became the opening by which that very litigation could be pursued under state law, despite the judgment of Congress (reflected in SLUSA) that securities class actions must proceed under federal securities law or not at all. *Blue Chip Stamps* combined with SLUSA may mean that claims of the sort plaintiffs want to pursue must be litigated as derivative actions or committed to public prosecutors, but this is not a good reason to undercut the statutory language.

Could the SEC maintain an action under § 10(b) and Rule 10b-5 against mutual funds that fraudulently or manipulatively increased investors' exposure to arbitrage? Suppose the funds stated in their prospectuses that they took actions to prevent arbitrageurs from exploiting the fact that each fund's net asset value is calculated only once a day. That statement, if false (and known to be so), could support enforcement action, for the deceit would have occurred in connection with investors' purchases of the funds' securities. Similarly, if these funds had stated bluntly in their prospectuses (or otherwise disclosed to investors) that daily valuation left no-load funds exposed to short-swing trading strategies, that revelation would have squelched litigation of this kind.

These observations show that plaintiffs' claims depend on statements made or omitted in connection with *their own* purchases of the funds' securities. They could have brought them directly under Rule 10b-5 in federal court (to the extent that the purchases occurred within the period of limitations). Indeed, most of the approximately 200 suits filed against mutual funds in the last two years alleging that the home-exchange-valuation rule can be exploited by arbitrageurs have been filed in federal court under Rule 10b-5. Our plaintiffs' effort to define non-purchaser-non-seller classes is designed to evade PSLRA in order to litigate a securities class action in state court in the hope that a local judge or jury may produce an idiosyncratic award. It is the very sort of maneuver that SLUSA is designed to prevent.

We hold that SLUSA is as broad as § 10(b) itself and that limitations on private rights of action to enforce § 10(b) and Rule 10b-5 do not open the door to litigation about securities transactions under state law. Plaintiffs' claims are connected to their own purchases of securities and thus are blocked by SLUSA, whose preemptive effect is not confined to knocking out state-law claims by investors who have *winning* federal claims, as plaintiffs suppose. It covers both good and bad securities claims-- *especially* bad ones. The judgments of the district courts are reversed, and the cases are remanded with instructions to undo the remand orders and dismiss plaintiffs' state-law claims.

403 F.3d 478

**Briefs and Other Related Documents** (Back to top)

| | | |
|---|---|---|
| • (Jul. 06, 2004) | 04-2687 | (Docket) |
| • (Mar. 18, 2004) | 04-1660 | (Docket) |
| • (Mar. 18, 2004) | 04-1661 | (Docket) |
| • (Mar. 17, 2004) | 04-1650 | (Docket) |
| • (Mar. 17, 2004) | 04-1651 | (Docket) |
| • (Mar. 15, 2004) | 04-1628 | (Docket) |
| • (Mar. 12, 2004) | 04-1608 | (Docket) |
| • (Mar. 01, 2004) | 04-1495 | (Docket) |
| • (Mar. 01, 2004) | 04-1496 | (Docket) |

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# United States Court of Appeals

## For the Seventh Circuit

### Chicago, Illinois 60604
#### NOTICE OF ISSUANCE OF MANDATE

DATE:   May 10, 2005

TO:     Norbert G. Jaworski
        United States District Court
        Southern District of Illinois
        Room 142
        750 Missouri Avenue
        P.O. Box 186
        East St. Louis, IL  62202


FROM:   Gino J. Agnello, Clerk

RE: 04-1495,04-1496,04-1608,04-1628,04-1650,04-1651,04-1660,04-1661,04-2162,
    04-2687
    Kircher, Carl v. Putnam Funds Trust; Dudley, Steve v. Putnam Int'l Equity,
    etal; Dudley, Steve v. Putnam Investment, etal; Parthasarathy, T.K. v.
    Artisan Funds Inc, etal;Luettinger, Dorothy,etal v Scudder Int'l Fund, etal;
    Columbia Wanger; Vogeler, Gary v. Columbia Acorn Trust; Jackson, Avery v.
    VanKampen Series, etal; Spurgeon, Terry v. Pacific Life Ins. Co.
03 C 691, 03 C 852, 03 C 853, 03 C 673, 03 C 692, 03 C 843, 04 C 56, 04 C 355
                    David R. Herndon, Judge
    Herewith is the mandate of this court in this appeal, along
    with the Bill of Costs, if any.  A certified copy of the
    opinion/order of the court and judgment, if any, and any
    direction as to costs shall constitute the mandate.


    [ ] No record filed
    [X] Original record on appeal consisting of:
ENCLOSED:                         TO BE RETURNED AT LATER DATE:
        [12]    Volumes of pleadings              [ ]
        [1]     Volumes of loose pleadings        [ ]
        [ ]     Volumes of transcripts            [ ]
        [2]     Volumes of exhibits               [ ]
        [ ]     Volumes of depositions            [ ]
        [ ]     In Camera material                [ ]
        [ ]     Other_____        [ ]

                Record being retained for use     [ ]
                in Appeal No. _____


    Copies of this notice sent to:        Counsel of record
        [ ]     United States Marshal
        [ ]     United States Probation Office
NOTE TO COUNSEL:
    If any physical and large documentary exhibits have been filed in
    the above-entitled cause, they are to be withdrawn ten days from the
    date of this notice.  Exhibits not withdrawn during this period will
    be disposed of.

RECEIVED

MAY 1

LOGGED
CALENDARE

**EXHIBIT**

B

Gordon R. Broom, Esq.
BURROUGHS, HEPLER, BROOM, MACDONALD & HEBRANK
103 W. Vandalia Street
P.O. Box 510
Edwardsville, IL  62025 - 510
 4-1495

       Enclosed is a copy of a document issued by this court
in the above captioned case.  Since this will be the
only copy your firm will receive, if applicable, please
circulate this order to other members of your firm who
may have an interest in this case.

------------------------------
(fold)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**T.K. PARTHASARTHY, EDMUND WOODBURY,**
**STUART ALLEN SMITH, and SHARON SMITH,**
**individually and on behalf of all others**
**similarly situated,**

**Plaintiffs,**

**vs.**

**T. ROWE PRICE INTERNATIONAL FUNDS, INC.,**
**a corporation, T. ROWE PRICE INTERNATIONAL, INC.,**
**ARTISAN FUNDS, INC., a corporation,**
**ARTISAN PARTNERS LIMITED PARTNERSHIP,**
**AIM INTERNATIONAL FUNDS, INC., a corporation,**
**and AIM ADVISORS, INC.,**

**Defendants.**                                      **No. 03-CV-00673-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Plaintiffs filed this purported class action in the Madison County, Illinois

Circuit Court, on behalf of long-term investors of certain mutual funds, against T.

Rowe Price International Funds, Inc., T. Rowe Price International, Inc. (otherwise

referred to herein as "T. Rowe Price Defendants"), Artisan Funds, Inc., Artisan

Partners Limited Partnership (otherwise referred to herein as "Artisan Defendants"),

AIM International Funds, Inc., and AIM Advisors, Inc. (otherwise referred to herein

as "AIM Defendants"). Defendants removed the case to this Court based on federal



question jurisdiction, **28 U.S.C. § 1331**, arguing that Plaintiffs' claims were preempted by the Securities Litigation Uniform Standards Act of 1998, **15 U.S.C. § 77, et seq.** ("SLUSA"), among other things. On January 30, 2004, the Court granted Plaintiffs' motion to remand and remanded the case to state court (Doc. 71). Defendants appealed the remand to the United States Court of Appeals for the Seventh Circuit (Doc. 73).[1]

On April 5, 2005, the Seventh Circuit reversed the remand orders and directed the Court to "undo the remand orders and dismiss plaintiffs' state-law claims." *Kircher v. Putnam Funds Trust*, **403 F.3d 478, 484 (7th Cir. 2005)**. On May 10, 2005, the Seventh Circuit issued the mandate. The Clerk of the Court received and docketed the mandate on May 18, 2005 (Doc. 87).

Between the Seventh Circuit's April 5, 2005 opinion and the district court's receipt of the mandate, Plaintiffs filed an amended complaint pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)** and a motion for leave to amend the complaint (Docs. 84 & 85, respectively). The amended complaint, which contains common law negligence claims, tries to disavow all claims based on federal securities law and all bases for federal subject matter jurisdiction. The amendment of the complaint was improper. Moreover, it does not provide a new basis for remand, and it does not allow the Court to disregard the Seventh Circuit's directive.

Accordingly, pursuant to the Seventh Circuit's opinion and mandate in

---

[1] The Seventh Circuit consolidated this case with seven others from this judicial district regarding the same issue.

*Kircher*, the Court finds that federal question jurisdiction existed at the time the case was removed to this Court and that SLUSA preempts Plaintiffs' claims contained in the original complaint. Thus, the Court **VACATES the January 30, 2004** remand Order (Doc. 71) and **DISMISSES with prejudice** Plaintiffs' state law claims in accord with the Seventh Circuit's mandate. Further, the Court **STRIKES** Plaintiffs' amended complaint (Doc. 84) and **DENIES as moot** Plaintiffs' motion for leave to amend the complaint (Doc. 85).

    **IT IS SO ORDERED.**

    Signed this 27th day of May, 2005.


            /s/  David RHerndon
            **United States District Judge**

## Docket

**From:**     ilsd_nef@ilsd.uscourts.gov

**Sent:**     Friday, May 27, 2005 3:30 PM

**To:**       ilsd_nef@ilsd.uscourts.gov

**Subject:** Activity in Case 3:03-cv-00673-DRH Parthasarathy, et al v. T Rowe Price Funds, et al "Order Dismissing Case"

***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

### U.S. District Court

### Southern District of Illinois

Notice of Electronic Filing

The following transaction was received from mlm, entered on 5/27/2005 at 3:29 PM CDT and filed on 5/27/2005

**Case Name:**       Parthasarathy, et al v. T Rowe Price Funds, et al

**Case Number:**     3:03-cv-673

**Filer:**

**WARNING: CASE CLOSED on 05/27/2005**

**Document Number:** 88

**Docket Text:**

ORDER DISMISSING CASE. The Court vacates the 1/30/2004 remand Order [71] and dismisses with prejudice Plaintiffs' state law claims in accord with the Seventh Circuit's mandate [87]. Further, the Court strikes [84] Plaintiffs' amended complaint and denies as moot Plaintiffs' [85] motion for leave to amend the complaint. See Order for specifics. Signed by Judge David R Herndon on 5/27/2005. (mlm)

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1047403380 [Date=5/27/2005] [FileNumber=323737-0]

[5f347e13b3a03f8085a06d9c3c8dcb343c34431b02c9538001a463f9effd331cd553

e1fa8c5d13b6c3fb2e92c3e7dccd261fb97a720d4eaaaa2b3c3e0a2507ad]]

**3:03-cv-673 Notice will be electronically mailed to:**

Eugene Y Barash      ebarash@koreintillery.com

Troy A. Bozarth      troy.bozarth@ilmolaw.com,
par@ilmolaw.com,alf@ilmolaw.com;docket@ilmolaw.com

Gordon R. Broom      grb@ilmolaw.com, tmf@ilmolaw.com,docket@ilmolaw.com,mmb@ilmolaw.com

Glenn E. Davis     gdavis@armstrongteasdale.com

Frank N. Gundlach     fgundlach@armstrongteasdale.com, jliberty@armstrongteasdale.com

Daniel Joseph Hayes     dhayes@bellboyd.com

Richard K. Hunsaker     rhunsaker@hrva.com, edwecf@hrva.com

Martin I. Kaminsky     mikaminsky@pollacklaw! firm.com

Robert L. King     robertlking@charter.net

Edward T. McDermott     etmcdermott@pollacklawfirm.com

Daniel A. Pollack     dapollack@pollacklawfirm.com

Kenneth E. Rechtoris     krechtoris@bellboyd.com

John W. Rotunno     jrotunno@bellboyd.com

Robert H. Shultz , Jr     rshultz@hrva.com, edwecf@hrva.com

Thomas B. Smith     tbsmith@ropesgray.com

David O. Stewart     dstewart@ropesgray.com,

Stephen M. Tillery     stillery@koreintillery.com
Regina L. L. Wells &nbs p   rlw@ilmolaw.com, par@ilmolaw.com;docket@ilmolaw.com

Anthony Zaccaria     azaccaria@pollacklawfirm.com

George A. Zelcs     gzelcs@koreintillery.com

### 3:03-cv-673 Notice will be delivered by other means to:

Klint L. Bruno
Ellison, Nielsen et al.
Generally Admitted
100 West Monroe Street
18th Floor
Chicago, IL 60603

Laura Suchon
Ropes & Gray LLP
700 Twelfth Street, N.W.
Suite 900
Washington, DC 20005

5/27/2005

**IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

T.K. PARTHASARATHY, individually and on behalf of )
all others similarly situated, )
                     )
              Plaintiff, )
                     )    Cause No.   03 L 1253
       v. )
                     )
ARTISAN FUNDS, INC., a corporation, and ARTISAN )
PARTNERS LIMITED PARTNERSHIP, )
                     )
             Defendants. )

## NOTIFICATION TO THE CLERK

This matter having come to be heard for a report on status and on the Notice that

Order Remanding this Case to this Court Has Been Vacated, and that Plaintiff's Claims

Have Been Dismissed With Prejudice as to Artisan Partners Limited Partnership

("Artisan Partners") and Artisan Funds, Inc. ("Artisan Funds") by Order of the United

States District Court for the Southern District of Illinois entered on May 27, 2005,

following removal to that Court. The Court being fully advised in the premises, hereby

directs the Circuit Clerk to record in the docket the closure of the file against Artisan

Partners and Artisan Funds.

DATED this _14_ day of June, 2005.


ENTER: _Ralph J. Mendelsohn_
                     JUDGE

**FILED**

JUN 1 4 2005

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

RECEIVED
JUN
LOGGED FOR
CALENDARED FOR