Cause No. 03-L-1253

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| T. K. PARTHASARATHY, EDMUND WOODBURY, | ) | |
| STEWART ALLEN SMITH, AND SHARON SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 03-L-1253 |
| | ) | |
| T. ROWE PRICE INTERNATIONAL FUNDS, INC., T. ROWE | ) | |
| PRICE INTERNATIONAL INC., ARTISAN FUNDS, INC., | ) | |
| ARTISAN PARTNESR LIMITED PARTNERSHIP, AIM | ) | |
| INTERNATIONAL FUNDS, INC., AND AIM ADVISORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO ADMINISTRATIVELY RE-OPEN CASE AND FOR ENTRY OF A SCHEDULING ORDER

1.    After Plaintiffs filed the Complaint in this matter in 2003, Defendants removed the case to the United States District Court for the Southern District of Illinois.

2.    In 2004, the District Court remanded the case to this Court for lack of subject matter jurisdiction, and Defendants appealed. The United States Court of Appeals for the Seventh Circuit reversed the remand order in 2005. This Court subsequently granted Defendants' motion to administratively close the case.

3.    Plaintiffs appealed the Seventh Circuit's ruling, and on June 15, 2006, the United States Supreme Court reversed the Seventh Circuit's decision, thereby reinstating the remand. *Kircher v. Putnam Funds Trust,* __ U.S. __, 126 S.Ct. 2145 (June 15, 2006). (Exhibit 1).

Received

JUL 20 2006

Logged
Calendared for

Cause No. 03-L-1253

WHEREFORE, Plaintiffs request that the Court administratively re-open this matter for further proceedings and set the matter for a Case Management Conference as soon as is practicable.

KOREIN TILLERY

By:_____
        CHRISTINE J. MOODY #6211904
        10 Executive Woods Court
        Swansea, Illinois 62226
        Telephone:  618/277-1180
        Facsimile:    314/241-3525
        *Attorneys for Plaintiff and the Class*

Cause No. 03-L-1253

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing MOTION TO ADMINISTRATIVELY RE-OPEN CASE AND FOR ENTRY OF A SCHEDULING ORDER was caused to be served on the following counsel of record by placing same in an envelope properly addressed with postage fully prepaid and by depositing said envelope in a United States Mail Box this 24th day of July, 2006.

**Edward T. McDermott**
**Anthony Zaccaria**
**Daniel Pollack**
**Martin I. Kaminsky**
Pollack & Kaminsky
114 Wset 47th Street
New York, NY 10036

**Frank N. Gunlach**
**Glenn E. Davis**
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, MO 63102

**Gordon R. Broom**
**Troy A. Bozarth**
Burroughs, Hepler, Broom, MacDonald, Hebrank & True, LLP
103 West Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025

**JohnW. Rotunno**
**Kenneth E. Rechtoris**
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207

**David O. Stewart**
**Thomas B. Smith**
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005
Tel: 202/508-4600

Cause No. 03-L-1253

**Robert H. Schultz, Jr.**
**Richard K. Hunsaker**
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026

CARL KIRCHER, et al., PETITIONERS
v.
PUTNAM FUNDS TRUST et al.
**No. 05-409**

United States Supreme Court.
Argued April 24, 2006
Decided June 15, 2006

Syllabus[FN*]

FN*The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

The Securities Litigation Uniform Standards Act of 1998 (Act) specifies that private state-law "covered" class actions alleging untruth or manipulation "in connection with the purchase or sale" of a "covered" security may not "be maintained in any State or Federal court," 15 U. S. C. § 77p(b), and authorizes removal to federal district court of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)," § 77p(c). "A 'covered class action' is a lawsuit in which damages are sought on behalf of more than 50 people. A 'covered security' is one traded nationally and listed on a regulated national exchange." *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit*, 547 U. S. ___, ___.

Petitioners, mutual fund investors, filed separate state-court actions, each seeking to assert state-law claims on behalf of a class of investors allegedly injured by devaluation of their holdings by respondent mutual funds. The funds filed notices of removal in each case stating, among other things, that the actions were removable under and precluded by the Act. Once removed, however, the Federal District Court remanded each case to state court on the ground that it lacked subject-matter jurisdiction on removal because the Act did not preclude the investors' claims. Since they were said to have been injured as "holders" of mutual fund shares, not purchasers or sellers, the court reasoned, their claims did not satisfy § 77p(b)'s "in connection with the purchase or sale" requirement, and the claims could therefore proceed in state court. The Seventh Circuit acknowledged that 28 U. S. C. § 1447(d) bars review of district court orders remanding removed cases for lack of subject-matter jurisdiction, but decided that the District Court had the last word neither on the characterization of its decision as jurisdictional nor on the correctness of its conclusion that remand was required. The appeals court considered all covered class actions involving covered securities, whether precluded or not, to be removable under the Act, and therefore thought the preclusion issue distinct from the jurisdictional issue whether the case belonged in federal court at all. It held that orders remanding "properly removed" suits as not precluded are substantive and unaffected by § 1447(d), and therefore reviewable. Proposing that the Act reserves to the Federal Judiciary the exclusive authority to make the preclusion decision, the court said that treating remand orders in this context as immunized from appeal by § 1447(d) would mean that a major substantive issue would escape review, since it would not be open to resolution in the state court subject to review by this Court. The Seventh Circuit subsequently consolidated the funds' appeals and decided, on the merits, that the Act precludes the investors' claims.

*Held:* Orders remanding for want of preclusion under the Act are subject to § 1447(d) and its general rule of nonappealability. Pp. 5-14.

(a) Section 1447(d), which states that an "order remanding a case to the State court from which it was removed is not reviewable on appeal," applies to all remands based on the grounds specified in § 1447(c), including lack of subject-matter jurisdiction. *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336, 343-345. It applies equally to cases removed under the general removal statute, § 1441, and to those removed under other provisions, see *Things Remembered, Inc.* v. *Petrarca*, 516 U. S. 124, 128, and its force is not subject to any statutory exception that might cover this case. The District Court said that it was remanding for lack of jurisdiction, an unreviewable ground. Where a remand order is based on one of § 1447(c)'s grounds, review is unavailable no matter how plain the legal error in ordering the remand. *Briscoe* v. *Bell*, 432 U. S. 404, 413, n. 13. The Seventh Circuit did not overlook cases like *Briscoe*, but relied instead on cases such as *Kontrick* v. *Ryan*, 540 U. S. 443, which

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
1

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
(Cite as: --- S.Ct. ---)

Page 2

observed that some rulings loosely called jurisdictional are patently not jurisdictional in the strict sense. Viewing this as such a case, the appeals court understood the District Court's preclusion decision to be substantive, not jurisdictional, and consequently subject to review. But the District Court was correct in understanding its remand order to be dictated by a finding that it lacked removal jurisdiction. Section 77p(c)'s authorization for removal, on which district-court jurisdiction depends, is confined to cases "set forth in subsection (b)," *i.e.,* those with claims of untruth or manipulation. That phrase immediately follows the § 77p(c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception. Legislative history tends to show that this was just what Congress understood. The preclusion determination is jurisdictional, as is the order implementing it. Pp. 5-11.

(b) The Seventh Circuit's reading was in part motivated by the court's erroneous assumption that the Act gives federal courts exclusive jurisdiction to decide the preclusion issue. A covered action is removable if it is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but he can elect to leave the case where the plaintiff filed it and trust the state court to make the preclusion determination. What a state court could do in the first place it may also do on remand; here, the funds can ask for dismissal on preclusion grounds when they return to state court. Collateral estoppel should be no bar to such a revisitation, given that § 1447(d) prevents the funds from appealing the District Court's decision. While the state court cannot review the decision to remand in an appellate way, it is free to reject the remanding court's reasoning. *Id.,* at 583. There is no reason to doubt that the state court in this litigation will duly apply *Dabit*'s holding that holder claims are embraced by § 77p(b), but this Court can review any claim of error on that point. Pp. 11-14.

403 F. 3d 478, vacated and remanded.

Souter, J., delivered the opinion of the Court, in which Roberts, C. J., and Stevens, Kennedy, Thomas, Ginsburg, Breyer, and Alito, JJ., joined, and in which Scalia, J., joined as to Parts I, III, and IV. Scalia, J., filed an opinion concurring in part and concurring in the judgment.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE

SEVENTH CIRCUIT

Justice Souter delivered the opinion of the Court.
Title 28 U. S. C. § 1447(d) limits appellate review of a district court order remanding a case from federal to state court. The question here is whether an order remanding a case removed under the Securities Litigation Uniform Standards Act of 1998 is appealable, notwithstanding § 1447(d). We hold it is not.

I

The Private Securities Litigation Reform Act of 1995 (Reform Act), 109 Stat. 737, targeted "perceived abuses of the class-action vehicle in litigation involving nationally traded securities," *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit,* 547 U. S. ___, ___ (2006) (slip op., at 8), and put limits on federal securities class actions. But Congress soon discovered that "[r]ather than face the obstacles set in their path by the Reform Act, plaintiffs and their representatives [were] bringing class actions under state law, often in state court," *id.,* at ___ (slip op., at 9). To block this bypass of the Reform Act, Congress enacted the Securities Litigation Uniform Standards Act of 1998 (Act), 112 Stat. 3227; see *Dabit, supra,* at ___ (slip op., at 8-10).

The Act has a preclusion provision[FN1] and a removal provision[FN2]: it provides that private state-law "covered" class actions alleging untruth or manipulation in connection with the purchase or sale of a "covered" security may not "be maintained in any State or Federal court," 112 Stat. 3228 (codified at 15 U. S. C. § 77p(b)),[FN3] and it authorizes removal to federal district court of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)," 112 Stat. 3228 (codified at § 77p(c)). "A 'covered class action' is a lawsuit in which damages are sought on behalf of more than 50 people. A 'covered security' is one traded nationally and listed on a regulated national exchange." *Dabit, supra,* at ___ (slip op., at 10-11) (footnotes omitted).

Petitioners are eight groups of investors holding mutual fund shares, who filed separate actions in Illinois state courts, each group seeking to represent a class of investors allegedly injured by devaluation of their holdings by respondents (mutual funds, investment advisors, and an insurance company) (hereinafter collectively the funds).[FN4] The eight complaints asserted only state-law claims, such as

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
(Cite as: --- S.Ct. ----)

negligence and breach of fiduciary duty.

The funds filed notices of removal to federal district court in each case stating, among other things, that the actions were removable under and precluded by the Act. Once in the District Court, however, the investors argued that the cases should be remanded for lack of subject matter jurisdiction, and in separate orders the District Court for the Southern District of Illinois remanded each case to state court on the ground that the District Court lacked subject matter jurisdiction on removal because the Act did not preclude the investors' claims. Since the investors were said to have been injured as "holders" of mutual fund shares, not purchasers or sellers, the District Court reasoned, their claims did not satisfy the "in connection with the purchase or sale" requirement of the Act's preclusion provision, § 77p(b),[FN5] and the claims could therefore proceed in state court. The District Court did not decide whether the claims otherwise met the Act's conditions for preclusion.

The funds filed notices of appeal from the remand orders, and in one of the cases, *Kircher v. Putnam Funds Trust*, the Seventh Circuit issued an opinion addressing the threshold question of its appellate jurisdiction. 373 F. 3d 847 (2004). The Court of Appeals acknowledged that 28 U. S. C. § 1447(d) bars review of district court orders remanding for lack of subject matter jurisdiction, 373 F. 3d, at 849 (citing *Gravitt* v. *Southwestern Bell Telephone Co.*, 430 U. S. 723 (1977) *(per curiam)*), but decided that the District Court had the last word neither on the characterization of its decision as jurisdictional nor on the correctness of its conclusion that remand was required, see 373 F. 3d, at 849.

The Court of Appeals considered all covered class actions involving covered securities, whether precluded or not, to be removable under the Act, and for that reason thought the preclusion issue to be distinct from the jurisdictional issue of whether the case belonged in federal court at all. *Id.*, at 849-850. In the view of the Court of Appeals, if the District Court remanded because, for example, the class comprised too few investors to make the case a covered class action, that would be a jurisdictional decision that the case had been removed improperly, and the order would therefore be unreviewable in accordance with § 1447(d). *Id.*, at 849. But the court held that orders remanding "properly removed" suits as not precluded by the Act are substantive, "unaffected by § 1447(d)," *id.*, at 851, and therefore subject to appellate jurisdiction in the normal course.

As the Court of Appeals put it, once the District Court had made that substantive decision of no preclusion in this case, it was time for the court to bow out, not because it had lacked "adjudicatory competence" to begin with but because it had completed its work: "Once a court does all that the statute authorizes, there is no adjudicatory competence to do more. That is not the 'lack of subject-matter jurisdiction' that authorizes a remand. Otherwise every federal suit, having been decided on the merits, would be dismissed 'for lack of jurisdiction' because the court's job was finished." *Id.*, at 850. This remand, the court concluded, was therefore not for want of jurisdiction, and review was not barred by § 1447(d).

To satisfy itself that its decision made "practical sense," the court proposed that the Act reserves to the Federal Judiciary the exclusive authority to make the preclusion decision. *Ibid.* Treating remand orders in this context as immunized from appeal by § 1447(d) would thus mean that "a major substantive issue in the case [would] escape review," since it would not be open to resolution in the state court subject to review by this Court. *Ibid.*

The Seventh Circuit subsequently consolidated the funds' appeals and decided, on the merits, that the Act does preclude the investors' claims. 403 F. 3d 478 (2005). We granted certiorari to resolve a split of authority on the question whether § 1447(d) bars review of remand orders in cases removed under the Act,[FN6] 546 U. S. ___ (2006), and we now vacate for want of jurisdiction on the part of the Court of Appeals.

II

The policy of Congress opposes "interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed," *United States* v. *Rice*, 327 U. S. 742, 751 (1946), and nearly three years of jurisdictional advocacy in the cases before us confirm the congressional wisdom. For over a century now, statutes have accordingly limited the power of federal appellate courts to review orders remanding cases removed by defendants from state to federal court, see *id.*, at 748-752; *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336, 346-348 (1976). The current incarnation is 28 U. S. C. § 1447(d), which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[FN7]   In

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Thermtron*, we held that the bar of § 1447(d) applies only to remands based on the grounds specified in § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction. 423 U. S., at 343-345; see also *Things Remembered, Inc.* v. *Petrarca*, 516 U. S. 124, 127-128 (1995). So, we have approved appellate review of a remand expressly based on the District Court's crowded docket, see *Thermtron, supra*, at 340-341, and one based on abstention under *Burford* v. *Sun Oil Co.*, 319 U. S. 315 (1943), see *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 710-712 (1996). But we have relentlessly repeated that "any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court." *Thermtron*, 423 U. S., at 351; see also *id.*, at 343 ("If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals" (quoting § 1447(c) (1976 ed.))).

The bar of § 1447(d) applies equally to cases removed under the general removal statute, § 1441, and to those removed under other provisions, see *Things Remembered, Inc., supra*, at 128, and the force of the bar is not subject to any statutory exception that might cover this case.[FN8] Ostensibly, then, § 1447(d) stands in the way of reviewing the District Court's orders of remand in the present cases. The District Court said that it was remanding for lack of jurisdiction, an unreviewable ground, and even if it is permissible to look beyond the court's own label, the orders are unmistakably premised on the view that removal jurisdiction under 15 U. S. C. § 77p(c) is limited to cases precluded by § 77p(b); on the District Court's understanding that "holder" claims are not subject to preclusion under § 77p(b) of the Act, the court had no subject matter jurisdiction.[FN9] Since there was no indication that removal jurisdiction might exist on some ground other than § 77p(c) (complete diversity, for example),[FN10] the remand orders were necessarily based on the trial court's conclusion that jurisdiction under § 77p(c) was wanting. And "[w]here the order is based on one of the [grounds enumerated in 28 U. S. C. § 1447(c)], review is unavailable no matter how plain the legal error in ordering the remand," *Briscoe* v. *Bell*, 432 U. S. 404, 413-414, n.13 (1977).

The Court of Appeals did not, of course, overlook the cases holding that even a remand premised on an erroneous conclusion of no jurisdiction is unappealable; it relied instead on cases like *Kontrick* v. *Ryan*, 540 U. S. 443 (2004), and *Scarborough* v.

*Principi*, 541 U. S. 401 (2004), which observed that some rulings loosely called jurisdictional are patently not jurisdictional in the strict sense, see 373 F. 3d, at 849 (citing *Kontrick, supra; Scarborough, supra*). The appeals court saw this as such a case; it understood that a district court had removal jurisdiction over any covered action under subsection (c), with the consequence that a subsequent order dismissing because of preclusion under subsection (b), or remanding because the action was not precluded, rested simply on an application of substantive law under subsection (b), law that was not jurisdictional at all.

We think, however, that the District Court was correct in understanding its remand order to be dictated by its finding that it lacked removal jurisdiction. Unlike the Court of Appeals, we read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases "set forth in subsection (b)," § 77p(c), namely, those with claims of untruth, manipulation, and so on. The quoted phrase immediately follows the subsection (c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception. And legislative history tends to show that this was just what Congress understood. See S. Rep. No. 105-182, p. 8 (1998) (§ 77p(c) "provides that any class action described in Subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provisions of subsection (b)"); H. R. Rep. No. 105-640, p. 16 (1998) (same).[FN11]

The funds argue that removal jurisdiction is broader by emphasizing the adjective that introduces subsection (c): "Any" covered action. § 77p(c). But that suggestion would be persuasive only if we stopped reading right there, and we do not stop there; we do not read statutes in little bites. And, as just noted, if we did read the removal power that broadly there would be no point to the phrase "as set forth in subsection (b)," for subsection (b) cases would be removable anyway as a subset of covered class actions. *Ibid.* The funds purport to counter this objection with their argument that on our reading the last phrase of subsection (c) is redundant in providing that removed cases "shall be subject to subsection (b)," since subsection (b) cases would in any event be so subject. *Ibid.* The funds are in fact right about that redundancy, but the point does not count for their side, because the phrase is redundant on their

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
(Cite as: --- S.Ct. ----)

reading, too: any subsection (b) case removed as falling within the broad category of covered class actions would be treated in accordance with subsection (b) if the subsection applied to that case. In sum, we see no reason to reject the straightforward reading: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b).

Once removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional issue. If the action is precluded, neither the District Court nor the state court may entertain it, and the proper course is to dismiss. If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it. In either event, as the Court of Appeals said, the district court's order comes because its adjudicatory power has been exercised and its work is done. But its adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case, see *United States* v. *Shipp*, 203 U. S. 563, 573 (1906) (opinion for the Court by Holmes, J.) (A federal court "necessarily ha[s] jurisdiction to decide whether the case [is] properly before it"). The work done is jurisdictional,[FN12] as is the conclusion reached and the order implementing it.[FN13]

### III

We have yet to deal with one objection to our application of § 1447(d), which if well-taken would be a serious one. The Seventh Circuit's reading of subsection (c) so as to treat the application of the preclusion rule as non-jurisdictional was in part motivated by its assumption that the Act gives federal courts exclusive jurisdiction to decide the preclusion issue. If that is so, and § 1447(d) applies, a remand order based on a finding that an action is not precluded would arguably be immune from review. This is what the funds in effect contend here when they say that a district court's finding of no subsection (b) preclusion would collaterally estop the state court on remand; the district court would have the last word. And of course the funds' discomfort is made acute by our recent decision in *Dabit*, which expressly disavows the dis- trict court's limited view of the scope of subsection (b) preclusion.

But a district court does not have the last word on

preclusion under the Act, for nothing in the Act gives the federal courts exclusive jurisdiction over preclusion decisions. A covered action is removable if it is precluded, and a defendant can enlist the Federal Judiciary to decide preclusion, but a defendant can elect to leave a case where the plaintiff filed it and trust the state court (an equally competent body, see *Missouri Pacific R. Co.* v. *Fitzgerald*, 160 U. S. 556, 583 (1896)) to make the preclusion determination.

And what a state court could do in the first place it may also do on remand; in this case, the funds can presently argue the significance of *Dabit* and ask for dismissal on grounds of preclusion when they return to the state court. Collateral estoppel should be no bar to such a revisitation of the preclusion issue,[FN14] given that § 1447(d) prevents the funds from appealing the District Court's decision. See *Standefer* v. *United States*, 447 U. S. 10, 23 (1980) ("[C]ontemporary principles of collateral estoppel ... strongly militat[e] against giving an [unreviewable judgment] preclusive effect" (citing Restatement (Second) of Judgments § 68.1 (Tent. Draft No. 3, 1976)); see also Restatement (Second) of Judgments § 28(1) (1980) ("Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [when t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action"). While the state court cannot review the decision to remand in an appellate way, it is perfectly free to reject the remanding court's reasoning, as we explained over a century ago in *Missouri Pacific Railway*: "[A]s to applications for removal on the ground that the cause arose under the Constitution, laws, or treaties of the United States," the finality accorded remand orders is appropriate because questions of this character "if decided against the claimant" in state court are "open to revision ..., irrespective of the ruling of the [federal court] in that regard in the matter of removal." 160 U. S., at 583. Nor is there any reason to see things differently just because the remand's basis coincides entirely with the merits of the federal question; it is only the forum designation that is conclusive. Here, we have no reason to doubt that the state court will duly apply *Dabit's* holding that holder claims are embraced by subsection (b),[FN15] but any claim of error on that point can be considered on review by this Court. See *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 12, n. 12 (1983) ("If the state courts

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
**(Cite as: — S.Ct. —)**

reject a claim of federal pre-emption, that decision may ultimately be reviewed on appeal by this Court" (citing *Fidelity Fed. Sav. & Loan Assn.* v. *De la Cuesta,* 458 U. S. 141 (1982))).

### IV

We hold that the Act does not exempt remand orders from 28 U. S. C. § 1447(d) and its general rule of nonappealability. We therefore vacate the judgment of the Court of Appeals and remand the case with instructions to dismiss the appeal for lack of jurisdiction.

It is so ordered.

> FN1. "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-
>
> "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> "(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 112 Stat. 3228 (codified at 15 U. S. C. § 77p(b)).
>
> The preclusion provision is often called a preemption provision; the Act, however, does not itself displace state law with federal law but makes some state-law claims nonactionable through the class action device in federal as well as state court. See *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit,* 547 U. S. ___, ___ (2006) (slip op., at 15) ("The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist").

> FN2. "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b) of this section, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section." 112 Stat. 3228 (codified at 15 U. S. C. § 77p(c)).

> FN3. The Act amends "in substantially

identical ways," *Dabit, supra,* at ___, n. 6 (slip op., at 10, n. 6), both the Securities Act of 1933, 48 Stat. 74, and the Securities Exchange Act of 1934, 48 Stat. 881. For the sake of simplicity, the Seventh Circuit relied exclusively on the amendments to the Securities Act of 1933, and for ease of reference we will do the same.

> FN4. The investors claim that the funds facilitated the practice of "market timing," whereby traders of mutual fund shares exploit brief discrepancies between the stock prices used to calculate the shares' value once a day, and the prices at which those stocks are actually trading in the interim. Brief for Petitioners 6. The investors say that market timing is harmful to long-term holders of mutual fund shares and that the funds negligently or recklessly failed to adopt procedures to protect the value of the investors' long-term investments.

> FN5. As discussed in Part III, *infra,* we have since rejected this reasoning, see *Dabit, supra,* at ___ (slip op., at 16).

> FN6. Compare 373 F. 3d 847 (CA7 2004) (case below), with *Spielman* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F. 3d 116 (CA2 2003); *Abada* v. *Charles Schwab & Co.,* 300 F. 3d 1112 (CA9 2002); *Williams* v. *AFC Enterprises, Inc.,* 389 F. 3d 1185 (CA11 2004).

> FN7. Title 28 § 1447(d) specifically excepts certain civil rights actions from its bar; cf. § 1443.

> FN8. "Absent a clear statutory command to the contrary, we assume that Congress is aware of the universality of th[e] practice of denying appellate review of remand orders when Congress creates a new ground for removal," *Things Remembered,* 516 U. S., at 128 (internal quotation marks omitted), like 15 U. S. C. § 77p(c). Congress has, when it wished, expressly made 28 U. S. C. § 1447(d) inapplicable to particular remand orders. See, *e.g.,* § 1447(d); 12 U. S. C. § 1441a(l)(3)(C); § 1819(b)(2)(C); 25 U. S. C. § 487(d); cf. n. 6, *supra.* There is no such "clear statutory command" here, and that silence tells us we must look to 28 U. S. C. § 1447(d) to determine the reviewability of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
(Cite as: — S.Ct. —)

remand orders under the Act.

FN9. We take a pass on Justice Scalia's position that we may not look beyond the label, see *post*, at 3; the result here is the same whether we look near or far.

FN10. These cases raise exclusively state-law claims seeking damages insufficient to satisfy the amount-in-controversy requirement of 28 U. S. C. § 1332; in those instances in which the funds asserted diversity as a basis for subject matter jurisdiction, the District Court determined that no named plaintiff had a claim that met § 1332's $75,000 threshold. See, *e.g., Parthasarthy* v. *T. Rowe Price International Funds, Inc.,* No. 03-CV-0673-DRH (SD Ill., Jan. 30, 2004), App. to Pet. for Cert. 34a-37a; *Spurgeon* v. *Pacific Life Ins. Co.,* No. 04-CV-0355-MJR (SD Ill., June 24, 2004), App. to Pet. for Cert. 59a-60a.

FN11. Like the Court of Appeals here, we said in *Dabit* that a "key provision of the [Act] makes all 'covered class actions' filed in state court removable." 547 U. S, at ___, n. 7 (slip op., at 10, n. 7) (quoting 112 Stat. 3230). We sketched the removal provision in broad strokes then because the question of its scope was not before us. Now that it is, we speak more cautiously.

FN12. The funds argue 15 U. S. C. § 77p confers jurisdiction greater than that necessary to render the preclusion decision, analogizing § 77p(c) to the federal officer removal statute, 28 U. S. C. § 1442(a). If there is any colorable claim that an action is precluded, the argument goes, the district court can keep the case for adjudication, even after concluding on the merits that the state-law claims are not precluded; but because it has discretion to keep the case or remand to state court, a remand is not jurisdictional and hence is reviewable. The argument is flawed for two reasons. The District Court here did not indicate it thought there was any basis to keep the case for further development; right or wrong, it understood that it was making a jurisdictional ruling. Nor is the analogy with federal officer cases sound.
Section 1442(a) is an exception to the "well-pleaded complaint" rule, under which

(absent diversity) "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U. S. 1, 10 (1983) (emphasis deleted). The federal officer removal statute allows "suits against federal officers [to] be removed despite the nonfederal cast of the complaint," *Jefferson County* v. *Acker,* 527 U. S. 423, 431 (1999), and reflects a congressional policy that "federal officers, and indeed the Federal Government itself, require the protection of a federal forum," *Willingham* v. *Morgan,* 395 U. S. 402, 407 (1969). An officer's federal defense need be only colorable to assure the federal court that it has jurisdiction to adjudicate the case, see *Acker, supra,* at 431.
The funds assert that a preclusion defense need be only colorable as well, but the Act is different. It avails a defendant of a federal forum in contemplation not of further litigation over the merits of a claim brought in state court, but of termination of the proceedings altogether, and a merely colorable claim of preclusion does not satisfy a district court that it may dismiss a case as precluded by the Act. There is no room for such a case to exist in a limbo of colorable preclusion; if a claim is precluded, it "may [not] be maintained," 15 U. S. C. § 77p(b), and if the claim is not, the federal courts no longer have any business being involved, as there is no longer any federal question on which to moor the district court's jurisdiction. Nor has Congress expressed in the Act, as it did with 28 U. S. C. § 1442(a), any policy of having particular suits tried in a federal court; there is no indication whatsoever in the Act that, apart from its purpose to preclude certain vexing state-law class actions, Congress intended to add other state-law cases to the federal dockets, and there is no apparent federal interest in spending time on such cases akin to the interest in adjudicating suits against federal officers.

FN13. The funds suggest, in the alternative, that appellate jurisdiction in this case was proper under *Waco* v. *United States Fidelity & Guaranty Co.,* 293 U. S. 140 (1934). Without passing on the continued vitality of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
(Cite as: --- S.Ct. ----)

that case in light of § 1447(d), we note that on its own terms it is distinguishable.

In *Waco*, a case was removed to federal court on an invocation of diversity jurisdiction, *id.*, at 141, and the District Court thereafter "entered a single decree embodying ... separate orders." *Id.*, at 142. In one order, the District Court dismissed a cross-complaint against one party. In another, the District Court concluded that because of the dismissal there was no diversity of citizenship and it thus lacked jurisdiction, and so it remanded the case to state court. An appeal was taken from the order of dismissal. This Court determined that the appeal would lie, because "the decree of dismissal preceded that of remand," and because the District Court's order of dismissal was conclusive upon the parties. *Id.*, at 143. We noted that a "reversal [of the dismissal] cannot affect the order of remand, but it will at least, if the dismissal ... was erroneous, remit the entire controversy, with the [previously dismissed party] still a party, to the state court for ... further proceedings." *Id.*, at 143-144.

The order appealed in *Waco* was not a remand order; the order here is, and thus falls within § 1447(d)'s bar on appeals of "[a]n order remanding a case" to state court. Moreover, the funds do not explain how to reconcile their argument with *Waco's* acknowledgement that the order of remand "cannot [be] affect[ed]" notwithstanding any reversal of a separate order, *id.*, at 143. The District Court's remand order here cannot be disaggregated as the *Waco* orders could, and if the Seventh Circuit's preclusion decision stands, there is nothing to remand to state court.

FN14. Modern usage calls for the descriptive term, "issue preclusion," in place of "collateral estoppel." But we are backsliders out of pity for the tired reader; "preclusion" by statutory fiat is enough preclusion for one opinion.

FN15. The parties further dispute whether the investors' claims satisfy the other 15 U. S. C. § 77p(b) preclusion prerequisites, particularly the allegation of fraud; the investors take issue with the Seventh Circuit's characterization of their claims as charging fraud or manipulation, not

mismanagement. Because the Court of Appeals lacked appellate jurisdiction, its reading of the investors' litigation position is not binding in future proceedings and is open to consideration on remand.

Justice Scalia, concurring in part and concurring in the judgment.

I join the judgment of the Court, and Parts I, III, and IV of the Court's opinion; I do not join Part II for the reasons set forth below.

The District Court ordered these cases remanded to state court for want of jurisdiction. We know this because the orders say so: "Because the Court lacks subject matter jurisdiction, the Court REMANDS this action to the Madison County, Illinois Circuit Court." App. to Pet. for Cert. 27a; see also *id.*, at 30a, 40a, 46a, 51a, 57a, 64a. Even if those decisions were incorrect, the Court of Appeals lacked jurisdiction to review them because 28 U. S. C. § 1447(d) bars appellate review of remand orders based on lack of subject-matter jurisdiction. See, *e.g., Things Remembered, Inc.* v. *Petrarca*, 516 U. S. 124, 127-128 (1995). The Court correctly concludes that the Seventh Circuit's review of the remand orders overstepped its appellate authority. I disagree with the Court's reasoning in Part II, however, because it holds only that the Court of Appeals' recharacterization was incorrect, and not (as I believe) that recharacterization-being a form of review-is categorically forbidden.

The Court of Appeals rejected the District Court's description of its orders because it believed the District Court had been too loose in its use of the term "jurisdiction." 373 F. 3d 847, 849-850 (2004). What the District Court *actually* did, the Court of Appeals concluded, was to remand on nonjurisdictional grounds (*not* subject to the appellate-review bar of § 1447(d)) after deciding that petitioners' suits were not precluded. Such recharacterization seems to me flatly inconsistent with § 1447(d). Under that section, an "order remanding a case to the State court from which it was removed *is not reviewable* on appeal or otherwise." *Ibid.* (emphasis added). But appellate review is exactly what is involved in looking behind the face of an order to determine its *true* basis: In order to reject a district court's own characterization, a court of appeals must decide, as the Seventh Circuit did here, that the district court was wrong. We have therefore held, in language that makes plain the correct outcome here, that "[i]f a trial judge *purports* to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is

--- S.Ct. ----
--- S.Ct. ----, 2006 WL 1640102 (U.S.)
(Cite as: --- S.Ct. ---)

not subject to challenge in the court of appeal, by mandamus, or otherwise." *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 343 (1976) (quoting § 1447(c) (1970 ed.); emphasis added). Whether the District Court was right or wrong-even if it was so badly mistaken that it misunderstood the true basis for its orders-it *purported* to remand for lack of jurisdiction, and § 1447(d) bars any further review.[FN*]

END OF DOCUMENT

Review of the sort engaged in by the Court of Appeals threatens to defeat the purpose of § 1447(d). As we recognized in *Thermtron Products,* the appellate-review bar was enacted "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Id.,* at 351. Such delay can be created just as easily by asking whether the district court correctly characterized the basis for its order as it can by asking whether that basis was correct-which even the Court of Appeals recognized was beyond its jurisdiction, 373 F. 3d, at 849. See also *Thermtron Products, supra,* at 343 (noting that § 1447(d) "prohibits review of all remand orders [based on lack of subject-matter jurisdiction] whether erroneous or not"). The remand orders in these cases date back to early 2004; over two years later, federal courts are still engaged in appellate review.

The Court should end this delay by holding that appellate courts cannot look behind the stated basis for the district court's remand order. Instead, it concludes that "the District Court *was correct* in understanding its remand order to be dictated by a finding that it lacked removal jurisdiction." *Ante,* at 8 (emphasis added). It seems to me no more within our authority to declare the District Court's views correct than it was within the Court of Appeals' authority to reject them. Either decision is an exercise of appellate review barred by the plain terms of § 1447(d).

> FN*. To say that we cannot recharacterize the District Court's remand for lack of jurisdiction is not to say that the basis for the remand is forever insulated from review. Part III of the Court's opinion makes clear that the underlying legal issue of preclusion remains open in state court, and need not be resolved in accordance with the (unreviewable) views of the District Court.

U.S., 2006
CARL KIRCHER, et al., PETITIONERS v. PUTNAMFUNDS TRUST et al.
--- S.Ct. ----, 2006 WL 1640102 (U.S.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



KOREIN TILLERY
*ATTORNEYS AT LAW*

Gateway One on the Mall
701 Market Street, Suite 300
St. Louis, Missouri 63101-1820

www.koreintillery.com

CHRISTINE J. MOODY
cmoody@koreintillery.com
*p: 314.241.4844*
*f: 314.241.1854*

August 24, 2006

Mr. Matt Melucci
Clerk of the Court
Madison County Courthouse
155 North Main Street
Edwardsville, IL 62025

RE:   *Spurgeon v. Pacific Life Insurance Company* (Madison Co. No. 04-L-241)
      *Dudley v. Putnam International Equity Fund, et al.* (Madison Co. No. 03-L-1539)
      *Dudley v. Putnam Investment Funds, et al.* (Madison Co. No. 03-L-1540)
      *Jackson v. Van Kampen Series Fund, Inc., et al.* (Madison Co. No. 03-L-2036)
      *Kircher, et al. v. Putnam Funds Trust, et al.* (Madison Co. No. 03-L-1255)
      *Parthasarathy v. Artisan Funds, Inc., et al.* (Madison Co. No. 03-L-1253)
      *Woodbury, et al. v. T. Rowe Price Intl. Funds, Inc., et al.* (Madison Co. No. 03-L-1253A)
      *Potter, et al. v. Janus Investment Funds, et al.* (Madison Co. No. 03-L-1254)
      *Vogeler v. Columbia Acorn Trust, et al.* (Madison Co. No. 03-L-1550)
      *Spurgeon v. Pacific Life Insurance Company* (Madison Co. No. 03-L-2014)

Dear Mr. Melucci:

    Enclosed please find the original and (1) copy of the Substitution of Counsel to be filed in the above-captioned matters. A true copy has been sent this date to all interested parties as noted below. Should you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

CHRISTINE J. MOODY

CJM/jfw
Enclosures
cc: Counsel of Record

Received

AUG 2 5 2006

Logged
Calendared for

10 Executive Woods Court
Belleville, Illinois 62226-2030
Tel: 618.277.1180 Fax: 618.277.6939

Three First National Plaza
70 West Madison Street, Suite 660
Chicago, Illinois 60602-4269
Tel: 312. 641.9750 Fax: 312.641.9751

*Korein Tillery is a Limited Liability Company*

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| TERRY SPURGEON, as Custodian for the benefit of James E. Spurgeon, individually and on behalf of all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No.  04-L-241 |
| PACIFIC LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| STEVE AND BETH DUDLEY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Cause No. 03-L-1539 |
| PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT LLC, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STEVE AND BETH DUDLEY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Cause No. 03-L-1540 |
| PUTNAM INVESTMENT FUNDS and PUTNAM INVESTMENT MANAGEMENT LLC, | ) ) ) | |
| Defendants. | ) | |

Page 1 of 9

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

| | |
|---|---|
| AVERY JACKSON, individually and on behalf of all others similarly situated, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 03-L-2036 |
| ) | |
| VAN KAMPEN SERIES FUND, INC. and ) | |
| VAN KAMPEN INVESTMENT ADVISORY CORP., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| CARL KIRCHER and ROBERT BROCKWAY, ) | |
| individually and on behalf of all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 03-L-1255 |
| ) | |
| PUTNAM FUNDS TRUST, a business trust; ) | |
| PUTNAM INVESTMENT MANAGEMENT, LLC; ) | |
| EVERGREEN INTERNATIONAL TRUST, a business ) | |
| trust; and EVERGREEN INVESTMENT ) | |
| MANAGEMENT COMPANY, LLC, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| T. K. PARTHASARATHY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 03-L-1253 |
| ) | |
| ARTISAN FUNDS, INC. and ARTISAN PARTNESR ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

| | | |
|---|---|---|
| EDMUND WOODBURY, STEWART ALLEN SMITH, and SHARON SMITH,<br><br>      Plaintiffs,<br><br>v.<br><br>T. ROWE PRICE INTERNATIONAL FUNDS, INC., T. ROWE PRICE INTERNATIONAL INC., AIM INTERNATIONAL FUNDS, INC., and AIM ADVISORS, INC.,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No. 03-L-1253A |

| | | |
|---|---|---|
| ROBERT POTTER, EDNA GRENCH, and DOROTHY LUETTINGER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>JANUS INVESTMENT FUND, a business trust; JANUS CAPITAL MANAGEMENT LLC; SCUDDER INTERNATIONAL FUND, INC.; and DEUTSHE INVESTMENT MANAGEMENT AMERICAS, INC.,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No. 03-L-1254 |

| | | |
|---|---|---|
| GARY VOGELER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA ACORN TRUST and COLUMBIA WANGER ASSET MANAGEMENT LP,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Cause No. 03-L-1550 |

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

TERRY SPURGEON, as Custodian for the benefit ) 
of James E. Spurgeon, individually and on behalf )
of all others similarly situated )
                                         )
        Plaintiff, )
                                         )
vs. )     Cause No.  03-L-2014
                                       )
PACIFIC LIFE INSURANCE COMPANY, )
                                       )
        Defendant. )

## SUBSTITUTION OF COUNSEL

COME NOW Eugene Barash and Christine J. Moody and request that Christine J. Moody

be substituted for Eugene Barash as lead counsel on behalf of Terry Spurgeon, as Custodian for the

benefit of James E. Spurgeon, individually and on behalf of all others similarly situated; Steve and

Beth Dudley, individually and on behalf of all others similarly situated; Avery Jackson, individually

and on behalf of all others similarly situated; Carl Kircher and Robert Brockway, individually and

on behalf of all others similarly situated; T. K. Parthasarathy; Edmund Woodbury, Stewart Allen

Smith, and Sharon Smith; Robert Potter, Edna Grench, and Dorothy Luettinger, individually and on

behalf of all others similarly situated; and Gary Vogeler, individually and on behalf of all others

similarly situated.

By: _____
    EUGENE BARASH #6280933
    701 Market Street, Suite 300
    St. Louis, MO 63101
    Telephone    (314) 241-4844
    Facsimile:    (314) 241-1854

By: _____
    CHRISTINE J. MOODY #6211904
    KOREIN TILLERY
    10 Executive Woods Court
    Swansea, Illinois 62226
    Telephone:    (618) 277-1180
    Facsimile:    (314) 241-3525

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

George A. Zelcs #3123738
KOREIN TILLERY
205 North Michigan Plaza, Suite 1950
Chicago, IL 60601
Telephone:    (312) 641-9750
Facsimile:    (312) 641-9751

Robert L. King #6209033
SWEDLOW & KING, LLC
701 Market Street, Suite 350
St. Louis, MO 63101
Telephone:    (314) 621-4012
Facsimile:    (314) 621-2586

*Attorneys for Plaintiff*

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing ENTRY OF APPEARANCE was caused to be served on the following counsel of record by placing same in an envelope properly addressed with postage fully prepaid and by depositing said envelope in a United States Mail Box this 24th day of July, 2006.

**Larry E. Hepler**
**W. Jason Rankin**
**Gordon R. Broom**
**Regina L. L. Wells**
**Troy A. Bozarth**
**Gary A. Meadows**
BURROUGHS, HEPLER, BROOM, MACDONALD, HEBRANK & TRUE, LLP
Two Mark Twain Plaza, Suite 300
103 West Vandalia Street
Edwardsville, IL 62025-0510

**Steven B. Feirson**
**Stephen J. McConnell**
**Nory Miller**
DECHERT LLP
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia PA 19103

**Kathleen N. Massey**
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112

**Frances S. Cohen**
DECHERT LLP
200 Clarendon Street
Boston, MA 02116

**Matthew R. Kipp**
**Donna L. McDevitt**
**Charles F. Smith**
**Lee P. Garner**
**Rebecca M. Girsch**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

**John E. Galvin**
**Richard B. Korn**
FOX GALVIN LLC
One Memorial Drive, 8th Floor
St. Louis, MO 63102-2439

**John D. Donovan, Jr.**
ROPES & GRAY LLP
One International Place
Boston, MA 02110

**Rebecca R. Jackson**
**Ann C. Barron**
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway
St. Louis, MO 63102

**David O. Stewart**
**Laura Suchon**
**Thomas B. Smith**
ROPES & GRAY LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005

**James R. Carroll**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
One Beacon Street
Boston, MA 02108-3194

**Seth M. Schwarz**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Four Times Square
New York, NY 10036

**Jack C. Carey**
LAW OFFICES OF JACK C. CAREY
23 South First Street
Belleville, IL 62220

**Dale R. Harris**
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

**Andrew M. Johnstone**
**David E. Koropp**
**Robert Y. Sperling**
WINSTON & STRAWN, LLP
35 West Wacker Drive
Chicago, IL 60601-9703

**Charles L. Joley**
**Georgiann Oliver**
DONOVAN NESTER & JOLEY, PC
8 East Washington Street
Belleville, IL 62220

**Laura Steinberg**
**Jason W. Morgan**
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02190

**Frank N. Gundlach**
**Glenn E. Davis**
ARMSTRONG TEASDALE LLP
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, MO 63102

**Robert H. Schultz, Jr.**
**Richard K. Hunsaker**
HEYL, ROYSTER, VOELKER & ALLEN
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026

**Mark A. Perry**
**Andrew S. Tulumello**
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

**Kurt E. Reitz**
THOMPSON COBURN LLP
525 West Main Street
P. O. Box 750
Belleville, IL 62220-1547

Page 8 of 9

Cause Nos. 04-L-241, 03-L-2014, 03-L-1539, 03-L-1540, 03-L-2036,
03-L-1255, 03-L-1253, 03-L-1253A, 03-L-1254, and 03-L-1550

**John W. Rotunno**
**Daniel J. Hayes**
**Kenneth E. Rechtoris**
**Mark A. Rabinowitz**
BELL, BOYD & LLOYD LLC
Three First National Plaza
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207

**Edward T. McDermott**
**Anthony Zaccaria**
**Daniel Pollack**
**Martin I. Kaminsky**
POLLACK & KAMINSKY
114 West 47th Street, Suite 1900
New York, NY 10036

**Christopher P. Hall**
**Francis S. Chlapowski**
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue, 44th Floor
New York, New York 10178

**Jon A. Santangelo**
STINSON, MORRISON, et al.
100 South Fourth Street, Suite 700
St. Louis, MO 63102

**Phil C. Neal**
**Mark A. Rabinowitz**
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602

Page 9 of 9

**IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**



T.K. PARTHASARATHY, EDMUND
WOODBURY, STEWART ALLEN SMITH, and
SHARON SMITH,

        Plaintiffs,

     v.

T. ROWE PRICE INTERNATIONAL FUNDS,
INC., T. ROWE PRICE INTERNATIONAL, INC.,
ARTISAN FUNDS, INC., ARTISAN PARTNERS
LIMITED PARTNERSHIP, AIM
INTERNATIONAL FUNDS, INC., and AIM
ADVISORS, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

AUG 25 2006

CLERK OF CIRCUIT COURT # 82
3RD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

Case No. 03 L 1253

## OPPOSITION OF ARTISAN PARTNERS LIMITED PARTNERSHIP AND ARTISAN FUNDS, INC. TO PLAINTIFFS' MOTION TO ADMINISTRATIVELY RE-OPEN CASE AND FOR ENTRY OF A SCHEDULING ORDER

Artisan Partners Limited Partnership and Artisan Funds, Inc. (together, "Artisan") submit this opposition to plaintiffs' "Motion to Administratively Re-Open Case and for Entry of a Scheduling Order."

As discussed below, the relief sought in plaintiffs' motion is barred by the May 27, 2005 judgment entered by the United States District Court for the Southern District of Illinois dismissing plaintiffs' claims with prejudice – a judgment that plaintiffs have appealed to the United States Court of Appeals for the Seventh Circuit. It was the entry of that federal judgment of dismissal that led this Court to direct the closure of the file in this case on June 14, 2005. Unless and until that judgment is vacated on appeal, and the case is remanded to this Court, the file in this matter must remain closed.

## Background

This case was filed in September 2003. Defendants removed the case to the United States District Court for the Southern District of Illinois pursuant to the federal Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p, 78bb ("SLUSA"). The District Court initially remanded the case to this Court on the ground that SLUSA purportedly did not apply. Artisan appealed, and in April 2005 the United States Court of Appeals for the Seventh Circuit reversed, finding that SLUSA did apply and that the statute both permitted the removal and barred plaintiffs' claims on the merits.[1]

The Seventh Circuit returned the case to the District Court with instructions to vacate the prior remand order and dismiss plaintiffs' claims. After the Seventh Circuit's ruling, plaintiffs sought to amend their complaint in an effort to avoid dismissal by disavowing the bases for federal subject matter jurisdiction. The District Court found that federal question jurisdiction existed at the time the case had been removed, vacated its remand order, refused plaintiffs' amendment, and entered judgment dismissing plaintiffs' claims with prejudice. (*See* Exhibit A, attached.)

Artisan advised this Court of the District Court's judgment by letter dated June 3, 2005. (*See* Exhibit B, attached.) Thereafter, this Court entered a Notification to the Clerk of this Court, instructing that "on the Notice that Order Remanding this Case to this Court Has Been Vacated, and that Plaintiffs' Claims Have Been Dismissed With Prejudice . . . by Order of the United States District Court for the Southern District of Illinois . . . [t]he Court . . . hereby directs

---

[1]    The Artisan appeal was consolidated by the Seventh Circuit with appeals of remand orders entered in similar lawsuits for purposes of briefing and disposition. The consolidated cases proceeded under the caption *Carl Kircher and Robert Brockway v. Putnam Funds Trust and Putnam Investment Management LLC, et al.*, Case No. 04-1495.

the Circuit Clerk to record in the docket the closure of the file against Artisan Partners and Artisan Funds." (*See* Exhibit C, attached.)

Plaintiffs appealed the District Court ruling refusing their amendment and dismissing their claims. (This second federal appeal in the case is referred to hereinafter as "Plaintiffs' Appeal," to distinguish it from the earlier Artisan appeal of the District Court's initial remand order.) Plaintiffs also petitioned the Supreme Court for a writ of certiorari with respect to the Seventh Circuit's reversal of the District Court's original remand ruling. The Seventh Circuit stayed proceedings on Plaintiffs' Appeal of the District Court's judgment of dismissal pending the outcome of plaintiffs' petition to the Supreme Court.

The Supreme Court issued the writ, and on June 15, 2006, vacated the Seventh Circuit's judgment. *Kircher v. Putnam Funds Trust,* 126 S. Ct. 2145 (2006). The Supreme Court held that the District Court's remand order was not appealable, and returned the case to the Seventh Circuit with instructions to dismiss the defendants' appeal.

Importantly, the Supreme Court did *not* disturb the District Court's judgment dismissing plaintiffs' claims with prejudice, and it did *not* "reinstat[e] the remand" to State court, as plaintiffs' motion to this Court asserts. To the contrary, the only "remand" ordered by the Supreme Court was to return the case the *Seventh Circuit.* The Supreme Court also did not address Plaintiffs' Appeal from the District Court's judgment of dismissal, which remains pending before the Seventh Circuit.

Subsequent to the Supreme Court's ruling, the Seventh Circuit reinstated the Artisan appeal and directed the parties to file statements advising the Court how it should proceed in light of the Supreme Court's decision. (*See* Exhibit D, attached.) The parties have submitted those statements to the Seventh Circuit, detailing their respective views on the proper disposition

of Plaintiffs' Appeal, and are awaiting an order from that Court. Since those submissions, the Seventh Circuit has taken no substantive action on the Artisan appeal or on Plaintiffs' Appeal from the District Court's judgment of dismissal.

### Argument

The District Court's judgment dismissing plaintiffs' claims with prejudice remains in effect, and Plaintiffs' Appeal from that judgment remains pending before the Seventh Circuit. Until that appeal is resolved, and unless the District Court's judgment of dismissal is vacated and the case is remanded to this Court, further proceedings in this forum are barred.

Because the District Court's judgment is a ruling under federal substantive law, its preclusive effect is determined by federal law. *Semtek Int'l, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 507 (2001). Under federal law, the District Court's judgment of dismissal stands as a preclusive adjudication of plaintiffs' claims unless and until it is vacated on appeal or by the District Court itself. *See, e.g., Stoll v. Gottlieb,* 305 U.S. 165, 170 (1938) ("[W]here the judgment or decree of the federal court determines a right under a federal statute, that decision is final until reversed in an appellate court, or modified or set aside in the court of its rendition") (internal quotation omitted); *Amcast Indus. Corp. v. Detrex Corp.,* 45 F.3d 155, 160 (7th Cir. 1995) ("A final judgment by a district court has preclusive effect even though the judgment is pending on appeal"). Accordingly, for this Court to grant plaintiffs' motion and re-open this case now "for further proceedings" would contravene controlling and firmly established principles of *res judicata. People v. Nance,* 189 Ill. 2d 142, 148, 724 N.E.2d 889, 892 (2000) (attempt to relitigate issue resolved by federal district court "constitutes an impermissible collateral attack on the federal court's judgment").

In fact, in the absence of an order remanding this case to this Court, the Court lacks jurisdiction to proceed. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 154, 601 N.E. 2d 720, 726 (1992) (when a case has been removed, "the entire action, including all of the parties and their claims, is transferred to the Federal court," and "the State court loses jurisdiction to proceed further until the case is remanded"); *see also* 28 U.S.C. §1447(c) (only when remand order has been entered, and certified copy mailed to the clerk of the state court, may the State court "thereupon proceed with such case").[2] Here, at no time since the District Court's judgment of dismissal has there been any remand order entered by any court, and thus "the entire action, including all of the parties and their claims" remains in federal court. *Hartlein*, 151 Ill. 2d at 154, 601 N.E. 2d at 726.

The District Court's judgment of dismissal previously led this Court to instruct the Circuit Clerk to close the file in this case. That judgment remains in effect, which requires that the file remain closed. Plaintiffs' "Motion to Administratively Re-Open Case and for Entry of a Scheduling Order" therefore should be denied.

WHEREFORE, Artisan Partners Limited Partnership and Artisan Funds, Inc. respectfully request that the Court deny plaintiffs' "Motion to Administratively Re-Open Case and for Entry of a Scheduling Order."

---

[2]    The rule is thus similar to that where an appeal is taken from a Circuit Court judgment: the Circuit Court loses jurisdiction over the case, and "[t]he jurisdiction of the circuit court is not revived unless the case is remanded to it by the appellate court" and the mandate is filed with the Circuit Court. *Bank of Viola v. Nestrick*, 94 Ill. App. 3d 511, 514, 418 N.E. 2d 515, 518 (3rd Dist. 1981).

Dated:  August 25, 2006

Respectfully submitted,

ARTISAN PARTNERS LIMITED
PARTNERSHIP

By: _____
One of its attorneys

Gordon R. Broom - #00308447
Troy A. Bozarth - #96236748
Gary A. Meadows - #06209493
Burroughs, Hepler, Broom,
   MacDonald, Hebrank & True LLP
103 West Vandalia Street, Suite 300
Edwardsville, IL 62025
(618) 656-0184

John W. Rotunno - #02405342
Kenneth E. Rechtoris - #061990285
Daniel J. Hayes - #06243089
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3100
Chicago, IL  60602-4207
(312) 372-1121

*Attorneys for Artisan Partners Limited Partnership*

03 L 1253

ARTISAN FUNDS, INC.

By: _Richard K Hunsaker_
     One of its attorneys

Robert H. Schultz, Jr. #03122739
Richard K. Hunsaker #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL 62026
(618) 656-4646

Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, DC 20005
(202) 508-4600

*Attorneys for Artisan Funds, Inc.*

## Certificate of Service

The undersigned, an attorney, states that he caused the foregoing **Opposition of Artisan Partners Limited Partnership and Artisan Funds, Inc. to Plaintiffs' Motion to Administratively Re-Open Case and for Entry of a Scheduling Order** to be served upon:

Stephen M. Tillery
Christine J. Moody
Korein Tillery
10 Executive Woods Court
Swansea, Illinois 62226

George A. Zelcs
Korein Tillery
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601

Robert L. King
Swedlow & King LLC
701 Market Street, Suite 350
St. Louis, Missouri 63101

*Counsel for Plaintiffs*

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
Pollack & Kaminsky
114 West 47th Street
New York, New York 10036

Frank N. Gundloch
Glenn E. Davis
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102

*Counsel for
T. Rowe Price International Funds Inc.,
T. Rowe Price International, Inc.,
AIM International Funds, Inc., and
AIM Advisors, Inc.*

by placing copies of said document in properly addressed envelopes, with first class postage affixed, and depositing said envelopes in the United States Mail at Edwardsville, Illinois this 25 day of August 2006.

Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

T.K. PARTHASARTHY, EDMUND WOODBURY,
STUART ALLEN SMITH, and SHARON SMITH,
individually and on behalf of all others
similarly situated,

Plaintiffs,

vs.

T. ROWE PRICE INTERNATIONAL FUNDS, INC.,
a corporation, T. ROWE PRICE INTERNATIONAL, INC.,
ARTISAN FUNDS, INC., a corporation,
ARTISAN PARTNERS LIMITED PARTNERSHIP,
AIM INTERNATIONAL FUNDS, INC., a corporation,
and AIM ADVISORS, INC.,

Defendants.                                    No. 03-CV-00673-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

I. Introduction

Plaintiffs filed this purported class action in the Madison County, Illinois

Circuit Court, on behalf of long-term investors of certain mutual funds, against T.

Rowe Price International Funds, Inc., T. Rowe Price International, Inc. (otherwise

referred to herein as "T. Rowe Price Defendants"), Artisan Funds, Inc., Artisan

Partners Limited Partnership (otherwise referred to herein as "Artisan Defendants"),

AIM International Funds, Inc., and AIM Advisors, Inc. (otherwise referred to herein

as "AIM Defendants"). Defendants removed the case to this Court based on federal

Page 1 of 3



question jurisdiction, **28 U.S.C. § 1331**, arguing that Plaintiffs' claims were preempted by the Securities Litigation Uniform Standards Act of 1998, **15 U.S.C. § 77, et seq.** ("SLUSA"), among other things. On January 30, 2004, the Court granted Plaintiffs' motion to remand and remanded the case to state court (Doc. 71). Defendants appealed the remand to the United States Court of Appeals for the Seventh Circuit (Doc. 73).[1]

On April 5, 2005, the Seventh Circuit reversed the remand orders and directed the Court to "undo the remand orders and dismiss plaintiffs' state-law claims." *Kircher v. Putnam Funds Trust*, **403 F.3d 478, 484 (7th Cir. 2005)**. On May 10, 2005, the Seventh Circuit issued the mandate. The Clerk of the Court received and docketed the mandate on May 18, 2005 (Doc. 87).

Between the Seventh Circuit's April 5, 2005 opinion and the district court's receipt of the mandate, Plaintiffs filed an amended complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a) and a motion for leave to amend the complaint (Docs. 84 & 85, respectively). The amended complaint, which contains common law negligence claims, tries to disavow all claims based on federal securities law and all bases for federal subject matter jurisdiction. The amendment of the complaint was improper. Moreover, it does not provide a new basis for remand, and it does not allow the Court to disregard the Seventh Circuit's directive.

Accordingly, pursuant to the Seventh Circuit's opinion and mandate in

---

[1]The Seventh Circuit consolidated this case with seven others from this judicial district regarding the same issue.

Page 2 of 3

*Kircher*, the Court finds that federal question jurisdiction existed at the time the case was removed to this Court and that SLUSA preempts Plaintiffs' claims contained in the original complaint. Thus, the Court **VACATES the January 30, 2004** remand Order (Doc. 71) and **DISMISSES with prejudice** Plaintiffs' state law claims in accord with the Seventh Circuit's mandate. Further, the Court **STRIKES** Plaintiffs' amended complaint (Doc. 84) and **DENIES as moot** Plaintiffs' motion for leave to amend the complaint (Doc. 85).

     **IT IS SO ORDERED.**

     Signed this 27th day of May, 2005.

                    /s/    David RHerndon
                    **United States District Judge**

**BURROUGHS, HEPLER, BROOM, MacDONALD,**
**HEBRANK & TRUE, LLP**
*ATTORNEYS AT LAW*

GARY A. MEADOWS
*LICENSED IN ILLINOIS*
*DIRECT DIAL: 618-307-1153*
*FAX: 618-656-1364*
*E-MAIL: gam@ilmolaw.com*
*www.ilmolaw.com*

103 W. VANDALIA STREET, SUITE 300
P.O. BOX 510
EDWARDSVILLE, ILLINOIS 52025
618-656-0184

1010 MARKET STREET, SUITE 500
ST. LOUIS, MISSOURI 63101
314-355-6160

*REPLY TO EDWARDSVILLE OFFICE*

June 3, 2005

**By Hand Delivery**

Honorable Ralph Mendelsohn
Third Judicial Circuit Courthouse
157 North Main Street, Room 302
Edwardsville, IL 62025

> Re: **T.K. Parthasarathy v. Artisan Funds, Inc. and Artisan Partners**
> **Limited Partnership, Case No. 03-L-1253**

Dear Judge Mendelsohn:

The above-captioned case currently is set for a status conference on June 10, 2005. This Court previously severed the claims asserted by plaintiff T.K. Parthasarathy against Artisan Funds, Inc. and Artisan Partners Limited Partnership (the "Artisan Defendants") from the separate claims asserted by plaintiffs Edmund Woodbury and Stuart and Sharon Smith against certain other mutual fund defendants. The Court also suspended all proceedings as to the Artisan Defendants pending resolution of the Artisan Defendants' appeal to the United States Court of Appeals for the Seventh Circuit from the January 30, 2004 order entered by the Honorable David R. Herndon, United States District Judge, which had remanded this case from federal court to the Circuit Court. The Artisan Defendants' appeal in Parthasarathy was consolidated by the Seventh Circuit with appeals of remand orders entered in similar lawsuits for purposes of briefing and disposition. The consolidated cases proceeded on appeal under the caption Carl Kircher and Robert Brockway v. Putnam Funds Trust and Putnam Investment Management, LLC, *et al.*, Case No. 04-1495 ("Kircher").

On April 5, 2005, the Seventh Circuit issued its decision in Kircher, holding that plaintiffs' purported state law claims were federally preempted, and directing that "[t]he judgments of the district courts are reversed, and the cases are remanded [to the district court] with instructions to undo the remand orders and dismiss plaintiffs' state-law claims." Kircher, 403 F.3d 478, 484 (7th Cir. 2005). On May 27, 2005, District Judge Herndon entered a Memorandum and Order vacating his January 30, 2004 order remanding this case to Circuit Court and terminating the instant litigation. Judge Herndon's Memorandum and Order (a copy of which is attached) provides, in relevant part, as follows:

> [P]ursuant to the Seventh Circuit's opinion and mandate in
> *Kircher*, the Court finds that federal question jurisdiction existed at



Honorable Ralph Mendelsohn
June 3, 2005
Page 2

> the time the case was removed to this Court and that SLUSA
> preempts Plaintiffs' claims contained in the original complaint.
> Thus, the Court **VACATES the January 30, 2004** remand order
> (Doc. 71) and **DISMISSES with prejudice** Plaintiff's state law
> claims in accord with the Seventh Circuit's mandate.

(Emphasis in original.)

Accordingly, the Artisan Defendants respectfully submit that the status conference previously set on this Court's docket for June 10, 2005 should be stricken since the case against the Artisan Defendants has now been dismissed *with prejudice*.

Sincerely yours,

Gary A. Meadows

GAM/par
cc:   All counsel of record

### IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
### MADISON COUNTY, ILLINOIS

T.K. PARTHASARATHY, individually and on behalf of )
all others similarly situated, )
                    )
        Plaintiff, )
                    )    Cause No.  03 L 1253
   v. )
                    )
ARTISAN FUNDS, INC., a corporation, and ARTISAN )
PARTNERS LIMITED PARTNERSHIP, )
                    )
       Defendants.

### NOTIFICATION TO THE CLERK

This matter having come to be heard for a report on status and on the Notice that

Order Remanding this Case to this Court Has Been Vacated, and that Plaintiff's Claims

Have Been Dismissed With Prejudice as to Artisan Partners Limited Partnership

("Artisan Partners") and Artisan Funds, Inc. ("Artisan Funds") by Order of the United

States District Court for the Southern District of Illinois entered on May 27, 2005,

following removal to that Court. The Court being fully advised in the premises, hereby

directs the Circuit Clerk to record in the docket the closure of the file against Artisan

Partners and Artisan Funds.

DATED this _14_ day of June, 2005.

ENTER: _Ralph J. Mendelsohn_
                            JUDGE

**FILED**

JUN 1 4 2005

CLERK OF CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



**EXHIBIT**

C

7-17

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 19, 2006

*By the Court:*

| | |
|---|---|
| CARL KIRCHER and ROBERT BROCKWAY,<br>individually and on behalf of all<br>others similarly situated,<br>      Plaintiffs-Appellees, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois. |
| No. 04-1495          v. | ] No. 03 C 691 |
| PUTNAM FUNDS TRUST and PUTNAM<br>INVESTMENT MANAGEMENT, LLC,<br>      Defendants-Appellants. | ] David R. Herndon,<br>]    Judge. |

-------------------------------------

| | |
|---|---|
| STEVE DUDLEY and BETH DUDLEY,<br>individually and on behalf of all<br>others similarly situated,<br>      Plaintiffs-Appellees, | ] Appeals from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois. |
| Nos. 04-1496 and 04-1608  v. | ] Nos. 03 C 852<br>]       03 C 853 |
| PUTNAM INTERNATIONAL EQUITY FUND<br>and PUTNAM INVESTMENT MANAGEMENT,<br>LLC,<br>      Defendants-Appellants. | ] G. Patrick Murphy,<br>]    Chief Judge. |

-------------------------------------

| | |
|---|---|
| T. K. PARTHASARATHY, individually<br>and on behalf of all others<br>similarly situated, et al.,<br>      Plaintiffs-Appellees, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois. |
| No. 04-1628          v. | ] No. 03 C 673 |
| ARTISAN FUNDS, INC., a corporation,<br>and ARTISAN PARTNERS LIMITED<br>PARTNERSHIP,<br>      Defendants-Appellants. | ] David R. Herndon,<br>]    Judge. |

-------------------------------------

(over)



Appeal nos. 04-1495, et al.                                            Page 2

| | |
|---|---|
| DOROTHY LUETTINGER and ROBERT POTTER, individually and on behalf of all other similarly situated,<br>       Plaintiffs-Appellees, | ] Appeals from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois. |

Nos. 04-1650 and 04-1651   v.           ] No. 03 C 692

| | |
|---|---|
| SCUDDER INTERNATIONAL FUND, INC., a corporation, and DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC.,<br>       Defendants-Appellants. | ] David R. Herndon,<br>]     ·Judge. |

-----------------------------------]

| | |
|---|---|
| GARY VOGELER, individually and on behalf of all others similarly situated,<br>       Plaintiff-Appellee, | ] Appeals from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois. |

Nos. 04-1660 and 04-1661   v.           ] No. 03 C 843

| | |
|---|---|
| COLUMBIA WANGER ASSET MANAGEMENT L.P. and COLUMBIA ACORN TRUST,<br>       Defendants-Appellants. | ] David R. Herndon,<br>]     Judge. |

-----------------------------------]

| | |
|---|---|
| AVERY JACKSON, individually and on behalf of all others similarly situated,<br>       Plaintiff-Appellee, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois. |

No. 04-2162                 v.           ] No. 04 C 56

| | |
|---|---|
| VAN KAMPEN SERIES FUND, INC. and VAN KAMPEN INVESTMENT ADVISORY CORPORATION,<br>       Defendants-Appellants. | ] David R. Herndon,<br>]     Judge. |

-----------------------------------]

| | |
|---|---|
| TERRY SPURGEON, as Custodian for the Benefit of James E. Spurgeon, individually and on behalf of all others similarly situated,<br>       Plaintiff-Appellee, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>]<br>] No. 04 C 355 |

No. 04-2687                 v.           ] Michael J. Reagan,

| | |
|---|---|
| PACIFIC LIFE INSURANCE COMPANY,<br>       Defendant-Appellant. | ] Michael J. Reagan,<br>]     Judge. |

Appeal nos. 04-1495, et al.

(over)

Page 3

The following is before the court: **LETTER**, filed on July 17, 2006, by counsel for the appellees.

**IT IS ORDERED** that the parties shall file by July 25, 2006, their statements under Circuit Rule 54. Any statement received after that time will not be considered.