IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| T.K. PARTHASARATHY, EDMUND WOODBURY, STUART ALLEN SMITH, and SHARON SMITH,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>T. ROWE PRICE INTERNATIONAL FUNDS, INC., T. ROWE PRICE INTERNATIONAL, INC., ARTISAN FUNDS, INC., ARTISAN PARTNERS LIMITED PARTNERSHIP, AIM INTERNATIONAL FUNDS, INC. AND A I M ADVISORS, INC.,<br><br>        *Defendants*. | Case No. 06-cv-943-DRH-PMF |

**MEMORANDUM OF LAW IN SUPPORT OF THE
ARTISAN DEFENDANTS' MOTION TO DISMISS**

    Defendants Artisan Partners Limited Partnership and Artisan Funds, Inc. (together, the "Artisan Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' First Amended Complaint as to the Artisan Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Securities Litigation Uniform Standards Act ("SLUSA"), §§ 77p & 78bb(f).

    The Seventh Circuit already has ruled that the First Amended Complaint in this action should be dismissed under SLUSA § 77bb(f)(1). *See Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) (*Kircher II*), *vacated on other grounds by* 126 S. Ct. 2145 (2006) (*Kircher III*). The Seventh Circuit also has affirmed the dismissal of other market timing complaints that are essentially identical to the First Amended Complaint. *See, e.g., Bradfisch v.*

*Templeton Funds, Inc.*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *reh'g denied* (with additional explanation) (June 15, 2006), *motion to vacate denied* (June 19, 2006).

In addition, the United States Supreme Court has emphatically rejected the sole basis for this Court's prior remand of this action by holding that claims asserted on behalf of "holders" of securities (and not just purchasers or sellers) come within SLUSA's preclusive scope.[1]  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1515 (2006).  In so doing, the Supreme Court expressly approved the reasoning of the Seventh Circuit's decision in *Kircher II*. *Id.* at 1507 ("The background, the text, and the purpose of SLUSA's pre-emption provision all support the broad[] interpretation adopted by the Seventh Circuit [in *Kircher II*]"); *see In re Mut. Fund Market-Timing Litig.*, 468 F.3d 439, 441 (7th Cir. 2006) ("*Kircher IV*") (noting that *Dabit* approved *Kircher II*).[2]

Accordingly, under controlling Seventh Circuit and Supreme Court precedent, this action cannot be maintained in any court and should be dismissed with prejudice.[3]

## PROCEDURAL BACKGROUND

Plaintiffs filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on September 16, 2003 (the "State Court"), and filed a First Amended Complaint on October 3, 2003.  The Complaint is brought by investors in three different mutual

---

[1]   *See* the discussion *infra* at pp. 3-4.

[2]   Although the Supreme Court in *Dabit* expressly approved the Seventh Circuit's reasoning in *Kircher II*, in a separate decision the Supreme Court vacated *Kircher II* on the sole ground that the Seventh Circuit lacked jurisdiction to hear the case because it arose on appeal from a remand order.  *Kircher III*, 126 S. Ct. 2145; *see* the discussion *infra* at p. 6.

[3]   Because SLUSA expressly precludes the First Amended Complaint, the Artisan Defendants do not assert any additional grounds for dismissal in this motion.  Instead, the Artisan Defendants expressly reserve all such additional grounds and defenses.

funds, on behalf of themselves and purportedly on behalf a putative class of mutual fund investors. The First Amended Complaint names six defendants: three different mutual funds in which the respective Plaintiffs invested, in separate transactions, and the investment advisors of each of those mutual funds. In Counts I and II of the First Amended Complaint, Plaintiff T.K. Parthasarathy has asserted claims against Artisan Funds, Inc. (the issuer of shares in Artisan International Fund, in which Mr. Parthasarathy invested) and its investment advisor, Artisan Partners Limited Partnership.

Defendants timely removed the action to this Court (Civil Action No. 03-673 (DRH)) on the ground, *inter alia*, that SLUSA precluded Plaintiffs' claims. *See* Removal Notice (dkt. No. 1, *Parthasarathy, et al. v. T. Rowe Price Funds, Inc. et al.*, No. 3:03-cv-673-DRH-CJP) and Artisan Defendants' October 23, 2003 Consent to Removal (dkt. No. 16, *Parthasarathy, et al. v. T. Rowe Price Funds, Inc. et al.*, No. 3:03-cv-673-DRH-CJP). On January 30, 2004, this Court granted Plaintiffs' motion to remand the case to State Court. *T.K. Parthasarathy, et al. v. T. Rowe Price Int'l Funds, Inc., et al.*, 2004 U.S. Dist. Lexis 29804 (S.D. Ill. Jan. 30, 2004). The Court's decision followed an earlier ruling in *Bradfisch v. Templeton Funds, Inc., et al.*, 03-cv-0760-MJR (Jan. 23, 2004), holding that class action claims on behalf of "holders" of securities did not satisfy SLUSA's "in connection with" requirement and therefore were not subject to SLUSA removal or preclusion. *Id.*

The Seventh Circuit, however, rejected this position. After consolidating the Artisan Defendants' timely appeal of the remand order (assigned No. 04-1628) with other related appeals under the lead caption *Kircher v. Putnam Funds Trust, et al.* (assigned No. 04-1495) (the "*Kircher* appeals"), and ruling that it had appellate jurisdiction to review this Court's remand

3

order,[4] the Seventh Circuit held that SLUSA precludes so-called "holder" claims. Accordingly, the Court of Appeals reversed the remand order and held that this action must be dismissed. *Kircher II*, 403 F.3d at 484.

The Seventh Circuit's decision in *Kircher II* created a direct conflict with *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated*, 126 S. Ct. 1503 (2006), in which the Second Circuit had held that pure "holder" claims (those that exclude purchasers and sellers) are beyond the reach of SLUSA preclusion. On September 27, 2005, the United States Supreme Court granted *certiorari* in *Dabit* to resolve this split in the Circuits. The question on which *certiorari* was granted was "[w]hether, *as the Seventh Circuit held [in Kircher II]* and in direct conflict with the decision below, SLUSA preempts state law class actions . . . brought solely on behalf of persons who were induced thereby to hold or retain (and not purchase or sell) securities?" (emphasis added). The Supreme Court answered that question in the affirmative, and expressly approved the Seventh Circuit's construction of SLUSA's preclusive scope. *Dabit*, 126 S. Ct. at 1507, 1515. Thus, as the Seventh Circuit recently explained, both it "(in *Kircher II*) and the Supreme Court (in *Dabit*) have held that the district judge's 2004 [remand] decision [in this case] was mistaken." *Kircher IV*, 468 F.3d at 443.

In a further effort to avoid dismissal of their claims after the Seventh Circuit's decision in *Kircher II*, on May 13, 2005, Plaintiffs filed a proposed Second Amended Complaint in this Court. (*See* Exh. 1, attached). No longer able to rely on SLUSA's "in connection with" prong, Plaintiffs maintained that the "negligent" misconduct alleged in their proposed Second Amended Complaint did not fall within SLUSA's preclusive reach. *Id.* at 4. On May 27, 2005, this Court struck Plaintiffs' proposed amended complaint, holding that it did not provide a new basis for

---

[4]   *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) (*Kircher I*), *vacated*, *Kircher III*, 126 S. Ct. 2145.

remand and was, therefore, futile. *See T.K. Parthasarathy, et al., v. T. Rowe Price Int'l Funds, Inc., et al.*, No. 03-cv-00673 (S.D. Ill. May 27, 2005), *vacated on other grounds by Kircher IV*, 468 F.3d 439. The Court therefore dismissed all of Plaintiffs' claims with prejudice. *See id.* On August 27, 2005, Plaintiffs noticed an appeal from the dismissal order and from a subsequent denial of reconsideration of that order.

The Seventh Circuit consolidated Plaintiffs' appeal from the dismissal order in this case (assigned No. 05-3548) with appeals in similar cases under the lead caption *Potter v. Janus Investment Fund, et al.* (the "*Potter* appeals"). In four of these cases—each of which involved complaints that are functionally identical to Plaintiffs' and that were also remanded by this Court in early 2004—the defendants had not appealed the remand order but, instead, re-removed after *Kircher II* was decided. This Court denied motions to remand those cases following their removal, holding that all of SLUSA's conditions for removal were satisfied and that the cases must be dismissed under SLUSA. *Bradfisch v. Templeton Funds, Inc.*, No. 05-cv-0298-MJR, 2005 U.S. Dist. LEXIS 14500, at *8 (S.D. Ill. July 12, 2005) ("*Kircher [II]* instructs that lawsuits based on allegations such as those in Plaintiffs' complaint herein satisfy [SLUSA's] four conditions and fall within SLUSA's reach. . . . *Kircher [II]* mandates that this Court dismiss all of Plaintiffs' state law claims as barred by SLUSA"), *aff'd* 179 F. App'x 973, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *reh'g denied* (with additional explanation) (June 15, 2006); *Kwiatkowski v. Templeton Growth Fund, Inc.*, Nos. 05-cv-299, 300, 301-GPM, 2005 U.S. Dist. LEXIS 41946, at *2–3 (S.D. Ill. Aug. 24, 2005) ("the Seventh Circuit found that the broad preemptive effect of SLUSA effectively *blocks* state court litigation of such claims"), *aff'd sub nom. Bradfisch v. Templeton Funds, Inc.*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *reh'g denied* (with additional explanation) (June 15, 2006). Prior to its

5

disposition of the rest of the *Potter* appeals, the Seventh Circuit affirmed this Court's dismissal of *Bradfisch* and *Kwiatkowski* "by unpublished order relying on *Dabit*." See *Kircher IV*, 468 F.3d at 443 (citing *Bradfisch*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394), *reh'g denied* (with additional explanation) (June 15, 2006)).

While the *Potter* appeals were pending in the Seventh Circuit, the Plaintiffs in the consolidated *Kircher* cases sought review of *Kircher I* and *II* in the United States Supreme Court. The Supreme Court granted review on January 6, 2006, limited to the question of appellate jurisdiction addressed in *Kircher I*. The Supreme Court did not grant review of *Kircher II* because the conflict created by that decision was going to be squarely resolved in *Dabit*. On June 15, 2006, following its ruling in *Dabit* in which it adopted the Seventh Circuit's reasoning in *Kircher II*, the Supreme Court held that the Seventh Circuit did not have appellate jurisdiction to review this Court's remand order, and directed the Seventh Circuit to dismiss the *Kircher* appeals. *Kircher III*, 126 S. Ct. at 2157.

On October 16, 2006, the Seventh Circuit issued an opinion dismissing the *Kircher* appeals pursuant to the Supreme Court's ruling in *Kircher III*, vacating the district court's judgments of dismissal in the *Potter* appeals and ordering that the cases be remanded to State Court. *Kircher IV*, 468 F.3d at 444. The Seventh Circuit explained that it had appellate jurisdiction over the *Potter* appeals and referred to its holding in *Kircher II* that Plaintiffs' claims are precluded by SLUSA. *Id.* at 442, 444. It nonetheless declined to summarily affirm this Court's judgments of dismissal because *Kircher III* required it to "rewind the litigation to the date in 2004 when *Kircher I* erroneously asserted appellate jurisdiction—a step that would return each case to state court." *Id.* at 442.

The Seventh Circuit pointedly observed, however, that an order of remand "does not block a successive removal if facts *or law* change after the initial remand," and that "*Dabit* supplies an intervening change of law" that might warrant such a removal. *Id.* at 444 (emphasis added). The Court also recognized that defendants intended to re-remove the cases on the ground "that a second removal is authorized either by 28 U.S.C. § 1446(b) (a new 30-day period for removal opens once an order first demonstrates that the case is removable) or by SLUSA." *Id.* at 442. It explained that "[t]here will be time enough to address these arguments if they become important; their resolution ought not be anticipated before the steps that make them relevant have been taken." *Id.* at 443. Thereafter, Defendants timely removed the action to this Court.[5]

## ARGUMENT

### THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT SATISFIES ALL OF THE CRITERIA FOR PRECLUSION UNDER SLUSA

Plaintiffs' First Amended Complaint should be dismissed with prejudice because it is precluded by SLUSA. A claim falls within the scope of SLUSA preclusion if it: (1) is brought in a "covered class action;" (2) purports to be based on state law; (3) accuses defendant of a misrepresentation or omission of a material fact or the use of a manipulative or deceptive device;

---

[5] Following the Seventh Circuit's ruling in *Kircher IV*, the Defendants in this action filed a notice of the removal to this Court on November 15, 2006, where it was assigned docket number 3:06-cv-00943-DRH-PMF. On November 14, 2006, the Seventh Circuit Clerk issued the mandate in *Kircher IV*, consisting of a certified copy of the Court's ruling, and, on November 29, 2006, this Court entered an order implementing the Seventh Circuit's mandate in *Kircher IV*. On December 5, 2006, the District Court Clerk transmitted the Court's November 29 order to the Clerk of the State Court. In light of the issuance of the Seventh Circuit's mandate and this Court's implementing order, and in order to avoid any confusion about the court in which this case was pending, Defendants filed an additional Notice of Removal on December 8, 2006. That Notice of Removal was assigned docket number 3:06-cv-01008-JPG-DGW. On December 14, 2006, the Court consolidated the two removals and directed that further proceedings be filed under docket number 3:06-cv-00943-DRH-PMF.

and (4) alleges that the conduct described in criterion (3) was "in connection with the purchase or sale" of a "covered security." *See, e.g., Bradfisch*, 2005 U.S. Dist. LEXIS 14500, at *7–8; 15 U.S.C. §§ 77p(b) & 78bb(f)(1).[6] In *Dabit*, the Supreme Court emphasized that SLUSA must be broadly applied and that the ordinary presumption against preclusion was inappropriate because "SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class action device to vindicate certain claims." 126 S. Ct. at 1513–14.

1.  **The First Amended Complaint Pleads a "Covered Class Action" Involving "Covered Securities" and State Law Claims**

The First Amended Complaint asserts direct, putative class action claims based upon state law. Compl. ¶¶ 46, 53-65. Plaintiffs have never disputed that this is a "covered class action" involving "covered securities" and exclusively state law claims, and the Seventh Circuit expressly so held with respect to the First Amended Complaint. *See Kircher II*, 403 F.3d at 481 ("Investments in mutual funds are 'covered securities,' see § 77p(f)(3), and all of these suits are 'covered class actions,' see § 77p(f)(2), because plaintiffs seek to represent more than 50 investors and each action is direct rather than derivative"). Although *Kircher II* was vacated by *Kircher III*, the Supreme Court in *Dabit* expressly approved *Kircher II*'s reasoning. That decision, therefore, remains highly persuasive authority. *See Christianson v. Colt Indus.*

---

[6] SLUSA provides that:
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal Court by any private party alleging—
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (amending Securities Act); *see* 15 U.S.C. § 78bb(f)(1) (analogous provision for Exchange Act).

*Operating Corp.*, 870 F.2d 1292, 1298–99 (7th Cir. 1989); *United States ex rel. Espinoza v. Fairman*, 813 F.2d 117, 125 n.7 (7th Cir. 1987), *overruled on other grounds by United States v. LaGrone*, 43 F.3d 332 (7th Cir. 1994). Moreover, the Seventh Circuit has recently affirmed this Court's ruling that, under *Kircher II*, functionally identical complaints met *all* of SLUSA's criteria. *See Bradfisch*, 2005 U.S. Dist. LEXIS 14500, at *7–8, *aff'd*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394, *reh'g denied* (with additional explanation) (June 15, 2006).[7]

### 2. The Supreme Court Has Rejected Plaintiffs' Holder Argument

As set forth above, the *sole* basis for this Court's 2004 remand order was that SLUSA's "in connection with" requirement was not met because Plaintiffs' claims were on behalf of "holders," rather than purchasers or sellers of securities. This argument has now been rejected by the Supreme Court. 126 S. Ct. at 1515; *see also Kircher III*, 126 S. Ct. at 2151 & n.5 (explaining that *Dabit* rejected the reasoning underlying this Court's prior remand). In doing so, the Supreme Court clarified that "[f]or purposes of SLUSA pre-emption, that distinction is irrelevant; the identity of the plaintiffs does not determine whether the complaint alleges fraud 'in connection with the purchase or sale' of securities." *Dabit*, 126 S. Ct. at 1515.[8] As noted, *Dabit* expressly approved the Seventh Circuit's reasoning in *Kircher II*. *Id.* at 1507; *see Kircher IV*, 468 F.3d at 441.

The Supreme Court's and Seventh Circuit's holdings that Plaintiffs' claims are "in connection with" the purchase or sale of securities for purposes of SLUSA preclusion provide

---

[7] Although the Seventh Circuit's decision in *Bradfisch* is unpublished, it falls within the "law of the case" exception to the rule that unpublished orders shall not be cited. *Bradfisch* was consolidated with Plaintiffs' appeal to the Seventh Circuit from this Court's May 27, 2005 order dismissing this action and its subsequent order denying reconsideration of the dismissal order. *See* 7th Cir. R. 53(b)(2)(iv).

[8] The Supreme Court appears to have used "fraud" as shorthand for the various types of misconduct enumerated in SLUSA, 15 U.S.C. § 77p(b).

ample basis for setting aside this Court's 2004 conclusion to the contrary. *See, e.g., Lenard v. Argento*, 808 F.2d 1242, 1246 (7th Cir. 1987) ("a change of law is a reason not to apply the doctrine of law of the case"). In light of this intervening, controlling authority, permitting Plaintiffs to continue to try "to evade [the] PSLRA in order to litigate a securities class action in state court in the hope that a local judge or jury may produce an idiosyncratic award," *Kircher II*, 403 F.3d at 484, would work a substantial injustice.[9] *See Dabit*, 126 S. Ct. at 1511, 1513 (noting that Congress enacted SLUSA to prevent plaintiffs from evading the PSLRA's requirements by resorting to state law and state courts for securities class actions, and that such actions should be stopped at the earliest stage of litigation). This Court should not "reward game-playing of this kind." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999).

   3. **The First Amended Complaint Alleges a Misrepresentation or Omission or the Use of a Manipulative or Deceptive Device in Connection with the Purchase or Sale of Securities**

The First Amended Complaint alleges that the Artisan Defendants marketed the Artisan International Fund "with the stated goal of providing long term capital growth to investors who hold shares of the fund" (Compl. ¶ 54) while at the same time knowingly employing portfolio valuation and share pricing policies which benefited short-term, market timing traders at the expense of long-term shareholders. (Compl. ¶¶ 7, 17, 38-40, 42, 59, 64) The purported failure of the Artisan Defendants to properly calculate publicly reported fund share prices is alleged to have created arbitrage opportunities that were exploited by market timers who purchased fund shares at artificially low prices, and redeemed shares at artificially high prices. These purchases and redemptions by market timers are alleged to have diluted the value of the shares of Plaintiff

---

[9] *See Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir. 1989) (law of the case is a "'self-imposed prudential limitation'" that may be set aside if "'controlling authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice'").

Parthasarathy and other long-term shareholders—a consequence the Artisan Defendants are alleged to have consciously disregarded. *See, e.g.,* Compl. ¶¶ 20, 37-45, 60, 64.

The First Amended Complaint thus squarely alleges misrepresentation or omissions, as well as manipulative or deceptive devices, in connection with the purchase or sale of covered securities. In *Dabit,* the Supreme Court held that the "in connection with" language in SLUSA must be accorded the same "broad interpretation" employed in the context of § 10(b) and Rule 10b-5. 126 S. Ct. at 1513-14. The Court explained, "[u]nder our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction—whether by the plaintiff or by someone else." *Dabit,* 126 S. Ct. at 1513 (citing *United States v. O'Hagan,* 521 U.S. 642, (1997)). S*ee also SEC v. Zandford,* 535 U.S. 813, 825 (2002).

Here, the purchases and redemptions of fund shares by market timers alleged in the First Amended Complaint bear the requisite causal nexus with the Artisan Defendants' asserted misconduct. Defendants' alleged knowing use of "stale" closing prices of foreign securities "to calculate NAV for said Fund … [that] … did not represent fair value" (Compl., ¶ 59) coincided with (and, according to the First Amended Complaint, facilitated) the purchase and redemption of securities by market timers. Compl. ¶¶ 20-22, 38-20, 44. In addition, as appears below, Plaintiffs' own purchases of mutual fund shares also meet SLUSA's "in connection with" requirement.

The Seventh Circuit has *twice* rejected Plaintiffs' argument that their claims do not allege misconduct within SLUSA's parameters. In *Kircher II*, the Seventh Circuit explained that Plaintiffs have effectively alleged a misstatement or omission covered by SLUSA in connection with their own purchases of fund shares:

> Suppose the funds stated in their prospectuses that they took actions to prevent arbitrageurs from exploiting the fact that each

> fund's net asset value is calculated only once a day. That statement, if false (and known to be so), could support [an] enforcement action [under Rule 10b-5], for the deceit would have occurred in connection with investors' purchases of the funds' securities. Similarly, if these funds had stated bluntly in their prospectuses (or otherwise disclosed to investors) that daily valuation left no-load funds exposed to short-swing trading strategies, that revelation would have squelched litigation of this kind.
>
> These observations show that *plaintiffs' claims depend on statements made or omitted* in connection with *their own* purchases of the funds' securities. They could have brought them directly under Rule 10b-5 in federal court (to the extent that the purchases occurred within the period of limitations). Indeed, most of the approximately 200 suits filed against mutual funds in the last two years alleging that the home-exchange-valuation rule can be exploited by arbitrageurs have been filed in federal court under Rule 10b-5.

*Kircher II*, 403 F.3d at 484 (emphasis added); *see* Compl. ¶¶ 17, 54, 60, 64 (alleging that the Funds were marketed as beneficial for long-term investors); *see also id.* at Counts I-VI (seeking punitive damages in connection with all counts against each of the Defendants).

Similarly, in *Bradfisch*, the Seventh Circuit held that complaints substantively identical to the one at issue here—in actions where the investors are represented by the same lawyers, who advanced the same arguments—alleged misconduct covered by SLUSA. The Seventh Circuit expressly rejected the plaintiffs' argument that "*Dabit* does not control because (in [plaintiffs'] view) the defendant funds have been negligently managed," noting that plaintiffs "have not sought relief through derivative litigation and therefore cannot take advantage of the exception for that kind of suit in the Securities Litigation Uniform Standards Act of 1998." 179 F. App'x at 973, 2006 U.S. App. LEXIS 12394, at *2. In fact, the First Amended Complaint in this case can *only* be understood to allege a misrepresentation or omission in connection with Plaintiff Parthasarathy's purchase of securities because if it is not based on such allegations, it pleads a classic derivative injury that cannot be redressed in a class action. *See Kircher II*, 403 F.3d at

483 ("claim based on mismanagement likely would need to be cast as a derivative action, which none of these suits purports to be").[10]

The federal court overseeing the multidistrict mutual fund litigation similarly has concluded that purported "negligence" claims identical to Plaintiffs'—also asserted in actions where the investors are represented by the same lawyers, who advanced identical arguments—are precluded by SLUSA. *See Mehta v. AIG Sunamerica Life Assur. Co. (In re Mut. Funds Inv. Litig.)*, 437 F. Supp. 2d 439 (D. Md. 2006), *appeal pending*. That court explained that the "element of a misrepresentation or omission of a material fact is satisfied when a plaintiff alleges a misrepresentation concerning the value of the securities sold or the consideration received in return," which "is exactly what the plaintiffs have done here." *Id.* at 443 (internal quotations omitted); *see, e.g.*, Compl. ¶¶ 31–36. Consequently, regardless of how Plaintiffs might seek to characterize their claims, their allegations make clear that SLUSA applies. As the Seventh Circuit has expressly cautioned, a plaintiff's "labels" have no bearing on whether, as here, claims are precluded by SLUSA. *See Bradfisch*, 179 F. App'x at 973, 2006 U.S. App. LEXIS 12394, at *2.

Finally, Plaintiffs also have waived any argument that the First Amended Complaint remains viable because it purportedly alleges only negligence. None of the Plaintiffs raised this argument before any court until 2006, when it first appeared in the Petitioners' brief on the

---

[10]    Plaintiffs in the mutual fund litigation, including Plaintiff Parthasarathy, have recognized that they cannot evade SLUSA preclusion by purporting to plead a claim based upon negligence. They expressly conceded that fact in oral argument before the Supreme Court. (*See* Tr. of *Kircher* Arg. at 57 as Exh. 2, attached) (excerpt) (in response to a question by Justice Stevens, Petitioners "agree[d] that a complaint that alleged that the defendant negligently used or employed manipulative devices" would be precluded by SLUSA).

merits to the Supreme Court.[11]  Although Plaintiff Parthasarathy previously has contended that Plaintiffs' negligent mismanagement argument purportedly cannot be waived because it pertains to the federal courts' subject matter jurisdiction, the Seventh Circuit has rejected a variant of this contention:

> Although challenges to the subject-matter jurisdiction of a federal court are conventionally said not to be waivable, so that such a challenge can be mounted for the first time on appeal and can indeed be made by the court itself, it is not true that waiver or forfeiture plays no role in determinations of jurisdiction.  If the district court makes a factual determination that supports jurisdiction and the party opposing jurisdiction does not challenge the finding . . . he forfeits his objection to the finding, though not to the inference of jurisdiction drawn from the finding.

*Workman v. UPS, Inc.*, 234 F.3d 998, 999–1000 (7th Cir. 2000).  In previously dismissing this action with prejudice this Court made an implicit finding that the Plaintiffs had alleged the type of misconduct that would bring their claims within SLUSA, as the Funds demonstrated in their opening brief in *Kircher II*.  Joint Brief for Appellants at 12 n.4, *Kircher II*, 403 F.3d 478.  (*See* excerpt of brief as Exh. 3, attached).  Nonetheless, the Plaintiffs in the consolidated *Kircher* appeals (including Plaintiff Parthasarathy) "did not argue in their briefs—and did not maintain at oral argument despite the court's invitation—that their suits allege mismanagement rather than deceit or manipulation."  *Kircher II*, 403 F.3d at 482–83.  The Plaintiffs thereby waived a jurisdictional *fact*, and should be held to the consequences of that waiver.

## CONCLUSION

Because the allegations of the First Amended Complaint satisfy all of SLUSA's criteria for preclusion, the First Amended Complaint should be dismissed as to the Artisan Defendants with prejudice.

---

[11]   The argument was not raised in their petition for a writ of *certiorari* to the Supreme Court.

Dated: December 22, 2006

                Respectfully submitted,

                ARTISAN PARTNERS LIMITED
                PARTNERSHIP, defendant


                By: /s/ Gary A. Meadows
                   One of its attorneys

John W. Rotunno
Kenneth E. Rechtoris
Bell, Boyd & Lloyd LLC
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121

Gordon R. Broom - #00308447
Gary A. Meadows - #06209493
Troy A. Bozarth - #06236748
Hepler, Broom, MacDonald, Hebrank, True & Noce, LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
(618) 656-0184


   *Attorneys for Artisan Partners Limited Partnership*


                ARTISAN FUNDS, INC., defendant


                By: /s/ Richard K. Hunsaker (with consent)
                   One of its attorneys

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 508-4600

Robert H. Shultz, Jr. - #03122739
Richard K. Hunsaker - #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026
(618) 656-4646

*Attorneys for Artisan Funds, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, state that I electronically filed the foregoing *Memorandum of Law In Support of the Artisan Defendants' Motion to Dismiss* with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

| | |
|---|---|
| **Richard K. Hunsaker** | rhunsaker@hrva.com, edwecf@hrva.com |
| **Martin I. Kaminsky** | mikaminsky@pollacklawfirm.com |
| **Robert L. King** | robertlking@charter.net |
| **Edward T. McDermott** | etmcdermott@pollacklawfirm.com |
| **Gary A. Meadows** | gam@ilmolaw.com, tmf@ilmolaw.com, docket@ilmolaw.com, alf@ilmolaw.com, par@ilmolaw.com |
| **Daniel A. Pollack** | dapollack@pollacklawfirm.com |
| **Stephen M. Tillery** | stillery@koreintillery.com |
| **Lisa M. Wood** | lwood@armstrongteasdale.com |
| **Anthony Zaccaria** | azaccaria@pollacklawfirm.com |
| **George A. Zelcs** | gzelcs@koreintillery.com, JWitteried@koreintillery.com |

I also certify that on December 22, 2006, I mailed by United States Postal Service the same document to the following non-registered participants:

Eugene Y. Barash
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101


　　　　　　　　　　　　　　　　　　　/s/ Gary A. Meadows
　　　　　　　　　　　　　　　　　　　　　Attorney