UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| T.K. PARTHASARTHY, EDMUND WOODBURY, STUART ALLEN SMITH and SHARON SMITH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.  3:06-CV-00943 DRH-PMF |
| T. ROWE PRICE INTERNATIONAL FUNDS, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**THE T. ROWE PRICE AND AIM DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
PURSUANT TO RULE 12(b), FED. R. CIV. P.**

Defendants T. Rowe Price International Funds, Inc., T. Rowe Price International, Inc.,

AIM International Funds, Inc. and A I M Advisors, Inc. (hereinafter "Defendants") move to

dismiss the First Amended Complaint herein on the ground that the Securities Litigation

Uniform Standards Act, 15 U.S.C. § 77p(b) and § 78bb(f)(1) ("SLUSA"), bars the maintenance

of Plaintiffs' State law claims in any State or Federal court and, accordingly, they must be

dismissed.

**THE LAW**

SLUSA provides, in pertinent part:

No covered class action based upon the statutory or common law
of any State or subdivision thereof may be maintained in any State
or Federal court by any private party alleging—

(1)  an untrue statement or omission of a material fact in
connection with the purchase or sale of a covered security; or

(2)  that the defendant used or employed any manipulative
or deceptive device or contrivance in connection with the purchase
or sale of a covered security.

15 U.S.C. § 77p(b) and § 78bb(f)(1).  These conditions are satisfied in this case, *i.e.,* the covered

class action is based on State law and alleges a misrepresentation or omission of a material fact or the use of a manipulative or deceptive device in connection with the purchase or sale of a covered security.  Accordingly, this action is barred by SLUSA, and must be dismissed.

## A.  Dabit

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S. Ct. 1503 (2006), Defendants respectfully submit, disposes of this case.  In Dabit, the Supreme Court gave an unqualified endorsement to the reasoning and rationale of Kircher v. Putnam Funds Trust ("Kircher II") decided by the Seventh Circuit.[1]  In rejecting the Opinion of the Second Circuit in Dabit, and endorsing the Opinion of the Seventh Circuit in Kircher II, Justice Stevens wrote (at 1507):

> The background, the text, and the purpose of SLUSA's pre-emption provision all support the broader interpretation adopted by the Seventh Circuit.

At a later point in the Opinion, Justice Stevens wrote (at 1509):

> The magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated.

At a still later point in the Opinion, Justice Stevens wrote (at 1513-14):

> The presumption that Congress envisioned a broad construction follows not only from ordinary principles of statutory construction but also from the particular concerns that culminated in SLUSA's enactment.  A narrow reading of the statute would undercut the effectiveness of the 1995 Reform Act and thus run contrary to SLUSA's stated purpose, viz., "to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives" of the 1995 Act.  SLUSA § 2(5), 112 Stat. 3227.  As the Blue Chip Stamps Court observed, class actions brought by holders pose a special risk of vexatious litigation.  421 U.S., at 739.  It would be odd, to say the least, if SLUSA exempted that particularly troublesome subset of class actions from its pre-emptive sweep.  See Kircher, 403 F.3d, at 484.

Plaintiffs have argued, in the past, that theirs is a "holder" class action and, as such,

---

[1] "[T]he reasoning in Kircher II was approved by the Supreme Court in Dabit, and certiorari was denied in Kircher II itself to the extent that the plaintiffs sought review of the substantive portion of our decision." Bradfisch v. Templeton Funds, Inc., 2006 WL 1751307 (7th Cir. June 15, 2006).

outside the reach of SLUSA.  The Supreme Court rejected this distinction.[2]

Although <u>Kircher II</u> was vacated and remanded on other grounds, it is hard to imagine a stronger affirmation of the principles of <u>Kircher II</u> than the one provided by Justice Stevens writing for a unanimous Supreme Court in <u>Dabit</u>.

### B.  Kircher II

<u>Kircher II</u> held that SLUSA bars State law based class actions, both in State and Federal courts, if they involve "covered class actions" and meet the other aforementioned conditions, all of which are indisputably met in this case.  403 F.3d 478 (7th Cir. 2005), *vacated on other grounds,* 126 S. Ct. 2145 (2006).[3]  The allegations in this action are the same as those which the Seventh Circuit, in <u>Kircher II</u>, found were barred by SLUSA.  From this, it follows that the reasoning and analysis in <u>Kircher II</u>, endorsed by <u>Dabit</u>, compels the dismissal of this action.

### C.  Bradfisch

The Seventh Circuit's holding in <u>Bradfisch v. Templeton Funds, Inc.</u> confirms that <u>Dabit</u> governs and requires the dismissal of this action.  2006 WL 1373095 (7th Cir. May 19, 2006), *reh'g denied,* 2006 WL 1751307 (7th Cir. June 15, 2006).[4]  In <u>Bradfisch</u>, the Seventh Circuit

---

[2] "The holder class action that respondent tried to plead, and that the Second Circuit envisioned, is distinguishable from a typical Rule 10b-5 class action …. For purposes of SLUSA pre-emption, that distinction is irrelevant …." 126 S. Ct. at 1515.

[3] The Seventh Circuit stated in <u>Kircher II</u> (at 484):

> We hold that SLUSA is as broad as § 10(b) itself and that limitations on private rights of action to enforce § 10(b) and Rule 10b-5 do not open the door to litigation about securities transactions under the state law.  Plaintiffs' claims are connected to their own purchases of securities and thus are blocked by SLUSA, whose preemptive effect is not confined to knocking out state-law claims by investors who have *winning* federal claims, as plaintiffs suppose.  It covers both good and bad securities claims—*especially* bad ones.

(emphasis supplied).

[4] In the District Court, Judge Reagan of this Court, found that SLUSA's removal and preemption provisions were triggered because: "(1) the underlying suit is a 'covered class action,' (2) the action is based on state or local law, (3) the action concerns a 'covered security,' and (4) the defendant misrepresented or omitted a material fact or employed a manipulative or deceptive device or contrivance 'in connection with the purchase or sale' of that security."  2005 WL 1653798 (S.D. Ill. July 12, 2005), *aff'd,* 2006 WL 1373095 (7th Cir. May 19, 2006), *reh'g*

affirmed the dismissals of four actions virtually identical to this action, on the basis of <u>Dabit</u>, stating: "[t]hese four appeals are governed by the Supreme Court's decision in … <u>Dabit</u> …. Although the plaintiffs maintain that <u>Dabit</u> does not control because (in their view) the defendant funds have been negligently managed, they have not sought relief through derivative litigation and therefore cannot take advantage of the exception for that kind of suit in [SLUSA]." <u>Id.</u> at *1. The same result should follow here.  <u>See also</u> <u>Mehta v. AIG Sunamerica Life Assur. Co.</u>, 437 F. Supp. 2d 439, 443-44 (D. Md. 2006); <u>In re Mut. Funds Inv. Litig.</u>, 384 F. Supp. 2d 845, 871-72 (D. Md. 2005) (court overseeing coordinated market-timing actions dismisses all State law claims as barred by SLUSA).

## D.  <u>The First Amended Complaint</u>

The First Amended Complaint alleges that Defendants made misrepresentations or omissions of material facts and used manipulative or deceitful devices coinciding with purchases and sales of shares of the T. Rowe Price and AIM Funds.  For instance, it alleges that while Defendants have expressly stated in the Funds' prospectuses that their "goal" is "providing long-term capital growth to investors who hold shares of the fund", they, in fact, allegedly knowingly implemented a method of valuing their portfolios which disadvantaged long-term investors and favored short-term traders known as "market timers."  <u>See</u> First Am. Cmpl. ¶¶ 37-44, 67, 72, 80, 85.

Plaintiffs further allege that "[b]y failing to make daily adjustments based upon positive correlations between upward movements in United States and foreign markets and by *choosing* to use stale prices in valuing the underlying foreign securities … Defendants give market timing traders the opportunity to earn vastly higher returns" while "long term buy and hold shareholders have incurred a dilution in the NAV of their shares …."  <u>See</u> <u>id.</u> ¶¶ 43 and 44 (emphasis

---

*denied,* 2006 WL 1751307 (7th Cir. June 15, 2006).

supplied).

Plaintiffs' characterization of their own claims does not save them from dismissal under SLUSA.  As the Third Circuit stated in <u>Rowinski v. Salomon Smith Barney, Inc.</u>, "preemption [turns] on whether the SLUSA prerequisites are 'alleged' in one form or another," not on the "essential legal elements of a claim."  398 F.3d 294, 300 (3d Cir. 2005); <u>see</u> <u>also</u> <u>Dudek v. Prudential Sec., Inc.</u>, 295 F.3d 875, 879-80 (8th Cir. 2002).

### E.  Jurisdiction

As to the lack of personal jurisdiction, Defendants T. Rowe Price International, Inc. and A I M Advisors, Inc. republish the motions previously filed in the State court, copies of which are attached hereto as Exhibits A and B, respectively.

### CONCLUSION

The First Amended Complaint must be dismissed because SLUSA bars its maintenance in any State or Federal court.  Additionally, this Court lacks personal jurisdiction over Defendants T. Rowe Price International, Inc. and A I M Advisors, Inc.

Dated:  December 29, 2006

Respectfully submitted,

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
POLLACK & KAMINSKY
114 West 47th Street, Suite 1900
New York, NY  10036
(212) 575-4700
(212 575-6560 (facsimile)

- and -

ARMSTRONG TEASDALE LLP

BY: <u>s/ Lisa M. Wood</u> _____
    Frank N. Gundlach
    Glenn E. Davis
    Lisa M. Wood
    One Metropolitan Square, Suite 2600
    St. Louis, Missouri 63102-2740
    (314) 621-5070
    (314) 621-5065 (facsimile)

ATTORNEYS FOR DEFENDANTS T. ROWE
PRICE INTERNATIONAL FUNDS, INC., T.
ROWE PRICE INTERNATIONAL, INC., AIM
INTERNATIONAL FUNDS, INC. and A I M
ADVISORS, INC.

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that on this 29th day of December, 2006, a copy of the above and foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered participants:

George A. Zelcs, Esq.
Korein Tillery
Three First National Plaza
70 West Madison, Suite 660
Chicago, IL  60602

*Attorneys for Plaintiffs*

Gordon R. Broom
Gary A. Meadows
Troy A. Bozarth
Hepler, Broom, MacDonald, Hebrank, True & Noce, LLP
103 W. Vandalia St., Suite 300
Edwardsville, IL  62025

*Attorneys for Defendant Artisan Partners Limited Partnership*

Stephen M. Tillery, Esq.
Korein Tillery
10 Executive Woods Ct.
Swansea, IL 62226

*Attorneys for Plaintiffs*

Robert H. Shultz, Jr.
Richard K. Hunsaker
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, IL  62025

*Attorneys for Defendant Artisan Funds, Inc.*

Robert L. King, Esq.
Swedlow & King LLC
701 Market Street, Suite 350
St. Louis, MO  63101-1830

*Attorneys for Plaintiffs*

       The undersigned further certifies that on this 29th day of December, 2006, a true and correct copy of the foregoing document was served via U.S. Mail, postage prepaid, upon the following non-participants:

John W. Rotunno
Kenneth E. Rechtoris
Bell, Boyd & Lloyd LLC
70 W. Madison Street, Suite 3100
Chicago, IL  60602-4207

*Attorneys for Defendant Artisan Partners Limited Partnership*

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, DC  20005

*Attorneys for Defendant Artisan Funds, Inc.*

                            s/ Lisa M. Wood_____