IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| T.K. PARTHASARATHY, EDMUND WOODBURY, STUART ALLEN SMITH, and SHARON SMITH,<br><br>*Plaintiffs*,<br><br>v.<br><br>T. ROWE PRICE INTERNATIONAL FUNDS, INC., T. ROWE PRICE INTERNATIONAL, INC., ARTISAN FUNDS, INC., ARTISAN PARTNERS LIMITED PARTNERSHIP, AIM INTERNATIONAL FUNDS, INC. AND A I M ADVISORS, INC.,<br><br>*Defendants.* | Case No. 06-cv-943-DRH-PMF |

**REPLY MEMORANDUM IN SUPPORT
OF THE ARTISAN DEFENDANTS' MOTION TO DISMISS**

Plaintiffs' argument to this Court that their claims sound in "negligence" does not alter the fact that the First Amended Complaint rests on allegations of misrepresentation, omission and/or manipulative or deceptive conduct "in connection with" the purchase and sale of securities. Consequently, plaintiffs' claims are barred by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§77p & 78bb(f).

I.  **Plaintiff Parthasarathy's Characterization of His Claim Does Not Alter the Fact that the First Amended Complaint Alleges Conduct Involving a Misrepresentation.**

Plaintiff Parthasarathy's efforts to avoid use of the labels "misrepresentation" and "omission" in characterizing his state law claims does not shield those claims from SLUSA preclusion, since plaintiff substantively alleges a misrepresentation or omission of material fact. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, 395 F.3d 25, 34 (2d Cir. 2005), *vacated in part on other grounds*, 547 U.S. ___, 126 S.Ct. 1503 (2006) ("Under SLUSA...we must look beyond

the face of the complaint to analyze the substance of the allegations made"); Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP, 335 F.3d 800, 803 (8th Cir. 2003) ("negligence" claim preempted by SLUSA because it "implicitly allege[d]...misrepresentations and omissions...in connection with the purchase of securities").  In fact, the First Amended Complaint specifically alleges that the Artisan Defendants represented in Artisan International Fund's prospectus that the goal of that Fund was "providing long term capital growth to investors who hold shares of the fund," while at the same time the Artisan Defendants purportedly were employing portfolio valuation and share pricing policies which benefited short-term, market timing traders at the expense of "holders" of Fund shares. (Compl. ¶¶54, 7, 17, 38-40, 42, 59, 64)  Moreover, the First Amended Complaint alleges that the Artisan Defendants failed "to implement Artisan International's portfolio valuation and share pricing policies and procedures" (Compl. ¶¶60 (ii), 64 (iii)) -- *policies and procedures which are described in the prospectus relied upon in the First Amended Complaint.* See Excerpts from November 1, 2002 Prospectus for, *inter alia,* Artisan International Fund attached hereto as Exhibit A at pp. 37-38.[1]  In other words, the First Amended Complaint alleges that the Artisan Defendants purportedly said one thing about the International Fund's goals and its portfolio valuation and share pricing policies, and did another.[2]

---

[1] The prospectus is part of a post-effective amendment to the registration statement of Artisan Funds, Inc. filed with the Securities and Exchange Commission that is publicly available at http://sec.gov/Archives/edgar/data/935015/000094822102000559/ar9878.txt.  The prospectus may be considered by the Court in ruling on the Artisan Defendants' Motion to Dismiss without converting the motion into one for summary judgment. Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000) (court may take judicial notice of matters in public record in ruling on a Rule 12(b)(6) motion to dismiss); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) (court may consider documents quoted by or otherwise integral to the complaint).

[2] The First Amended Complaint also asserts that the Artisan Defendants' allegedly negligent or reckless conduct facilitated manipulative trading practices by arbitrageurs, to the detriment of other Fund investors. (Compl. ¶¶38-40, 42-43)

In addition, Plaintiffs have previously conceded that the Seventh Circuit rejected their argument that the misconduct alleged in the First Amended Complaint does not involve misrepresentations or omissions. *See* Ex. B hereto at 4 ("According to the panel, either Plaintiffs' claims are derivative actions for corporate mismanagement or they must be claims for misrepresentations or false omissions in connection with their purchase or sale of securities").[3] The same arguments, made by the same lawyers representing plaintiffs in this case, also have been rejected in Mehta v. AIG Sunamerica Life Assur. Co. (In re Mut. Funds Inv. Litig.), 437 F. Supp. 2d 439 (D. Md. 2006) ("negligence" claims identical to plaintiffs' precluded by SLUSA), *appeal pending*. Indeed, plaintiffs concede in their Opposition that the Mehta court "dismissed complaints involving allegations like those here" after concluding that the conduct alleged was "tantamount to a security issuer's deliberate misrepresentation of a security's price...." Opp. at 8. Plaintiffs' attempt to distinguish Mehta by claiming that the Artisan Defendants could have discouraged market timing by various means (Opp. at 8–9) fails because the Mehta defendants could have taken the same measures. In fact, the claims in Mehta are substantively identical to the claims here; specifically, that plaintiffs allegedly suffered dilution in the value of their holdings because market timers exploited assertedly "stale" prices. Mehta, 437 F. Supp. 2d at 440. As in Mehta, the claims here should be dismissed under SLUSA. *See also* Prof'l Mgmt. Assocs., 335 F.3d at 803 (8th Cir. 2003) ("Because PMA's negligence claim is essentially a securities fraud claim, SLUSA governs"); Patenaude v. Equitable Life Assur. Soc'y, 290 F.3d 1020, 1025 (9th Cir. 2002) (recognizing "the broad reach of SLUSA's plain language").

---

[3] Plaintiffs also conceded in their argument to the Supreme Court that SLUSA's reach extends to the manipulation of securities resulting from negligence. *See* the December 22, 2006 Memorandum of Law in Support of the Artisan Defendants' Motion to Dismiss at 13, n.10 (citing Tr. of Kircher Arg. at 57).

Plaintiffs' reliance upon Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc., 341 F. Supp. 2d 258 (S.D.N.Y. 2004), is misplaced. Xpedior did not involve a plaintiff's attempt to cast SLUSA-precluded claims as negligence claims. In contrast to plaintiffs' claims in this case, which the Seventh Circuit has observed can only be understood as "depend[ing] on statements made or omitted," Kircher II, 403 F.2d at 484, the district court in Xpedior found that the plaintiffs' claims neither relied on any misrepresentations or omissions nor "sound[ed] in fraud." 341 F. Supp. 2d at 269. Moreover, post-Dabit decision from the same federal district concludes that a purported breach of contract claim (Xpedior also involved a contract claim) "is a securities fraud wolf dressed up in a breach of contract sheep's clothing." Felton v. Morgan Stanley Dean Witter & Co., 429 F. Supp. 2d, 684, 693 (S.D.N.Y. 2006).

II.     **Defendants' Alleged Misrepresentations Were "In Connection With" the Purchase or Sale of Securities.**

Plaintiffs argue that their claims are not based on any misrepresentation in connection with the purchase or sale of a security because the alleged misconduct involves the valuation of the security after the security is purchased or sold. *See* Opp. at 9-10. It is the challenged conduct, however, not the resulting harm, that must be "in connection with" the purchase or sale of securities in order to trigger SLUSA preclusion. *See* Prof'l Mgmt. Assocs., 335 F.3d at 803 ("in connection with" requirement of SLUSA "is not limited to cases involving damages claimed as a result of the purchase or sale of securities"); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598, 604 (D. Del. 2002) (courts assess the complaint as a whole to determine whether SLUSA's elements are met, "regardless of the prayer for relief"). Indeed, a Rule 10b-5 plaintiff must establish that the value of securities declined *after* the plaintiff's purchase and *after* a disclosure of information revealing the falsity of information previously disseminated to the market. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342-343 (2005). SLUSA undeniably would

4

preclude such a claim brought under state law even though the injurious effects upon the plaintiff are not felt until after the plaintiff's purchase. *See* Falkowski v. Imation Corp., 309 F.3d 1123, 1131 (9th Cir. 2002) ("in connection with" requirement satisfied if misrepresentation has more than just a "tangential relation to the securities transaction").

**III.    Plaintiffs' Description of Their Claims Is Irrelevant to the Waiver Issue.**

Plaintiffs devote much of their Opposition to the proposition that they "have always maintained that their claims are for negligence." Opp. at 10. But the issue is not whether plaintiffs' complaint purported to plead claims under common-law negligence; rather, the issue is whether the claims -- regardless of their label -- turn on allegations of misrepresentations, omissions or other deceptive or manipulative practices. Plaintiffs have never contended otherwise in their previous briefing in the district court or the Seventh Circuit, and when given the opportunity to articulate a state-law theory of their case that was not dependent upon a misrepresentation or other misconduct covered by SLUSA, they were unable to do so (as the transcript excerpts included in Plaintiffs' Opp. at 13–16 demonstrate).

Plaintiffs contend that they could not have waived the issue because it goes to subject matter jurisdiction. But the Supreme Court in Dabit did not treat this issue as jurisdictional. The Seventh Circuit has also rejected a variant of plaintiffs' contention. *See* the Artisan Defendants' Opening Br. at 14 (*quoting* Workman v. UPS, 234 F.3d 998, 999–1000 (7th Cir. 2000)). Because plaintiffs have waived any argument that their allegations do not rest on misrepresentations, omissions or manipulative or deceptive conduct, the First Amended Complaint must be dismissed as precluded by SLUSA.

5

Dated: February 7, 2007

        Respectfully submitted,

        ARTISAN PARTNERS LIMITED
        PARTNERSHIP, defendant


        By:_____/s/ Gary A. Meadows_____
                  One of its attorneys

Gordon R. Broom - #00308447
Gary A. Meadows - #06209493
Troy A. Bozarth - #06236748
Hepler, Broom, MacDonald, Hebrank, True & Noce, LLP
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
(618) 656-0184

John W. Rotunno
Kenneth E. Rechtoris
Bell, Boyd & Lloyd LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121

    *Attorneys for Artisan Partners Limited Partnership*

        ARTISAN FUNDS, INC., defendant


        By:___/s/ Richard K. Hunsaker (with consent)___
                  One of its attorneys

Robert H. Shultz, Jr. - #03122739
Richard K. Hunsaker - #06192867
Heyl, Royster, Voelker & Allen
100 W. Vandalia Street, Suite 100
Edwardsville, Illinois 62026
(618) 656-4646

David O. Stewart
Thomas B. Smith
Ropes & Gray LLP
700 12th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 508-4600

    *Attorneys for Artisan Funds, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, state that I electronically filed the foregoing **Reply Memorandum in Support of the Artisan Defendants' Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

| | |
|---|---|
| **Richard K. Hunsaker** | rhunsaker@hrva.com, edwecf@hrva.com |
| **Martin I. Kaminsky** | mikaminsky@pollacklawfirm.com |
| **Robert L. King** | robertlking@charter.net |
| **Edward T. McDermott** | etmcdermott@pollacklawfirm.com |
| **Gary A. Meadows** | gam@ilmolaw.com, tmf@ilmolaw.com, docket@ilmolaw.com, alf@ilmolaw.com, par@ilmolaw.com |
| **Daniel A. Pollack** | dapollack@pollacklawfirm.com |
| **Stephen M. Tillery** | stillery@koreintillery.com |
| **Lisa M. Wood** | lwood@armstrongteasdale.com |
| **Anthony Zaccaria** | azaccaria@pollacklawfirm.com |
| **George A. Zelcs** | gzelcs@koreintillery.com, JWitteried@koreintillery.com |

I also certify that on February 7, 2007, I mailed by United States Postal Service the same document to the following non-registered participants:

Eugene Y. Barash
Korein Tillery
701 Market Street, Suite 300
St. Louis, Missouri 63101

/s/ Gary A. Meadows
Attorney