UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| T.K. PARTHASARTHY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>T. ROWE PRICE INTERNATIONAL FUNDS, INC., et al.,<br><br>        Defendants. | Case No.: 3:06-CV-00943 DRH - PMF |

**THE T. ROWE PRICE AND AIM DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
<u>PURSUANT TO RULE 12(b), FED. R. CIV. P.</u>**

**POINT I**

**THE FIRST AMENDED COMPLAINT
*DOES* ALLEGE MISREPRESENTATIONS BY DEFENDANTS**

    The allegations in the First Amended Complaint (the "Complaint") rebut Plaintiffs' contention that the Complaint does not charge the T. Rowe Price and AIM Defendants ("Defendants") with making misrepresentations:

    1.    The Complaint alleges that Defendants did not do what the prospectuses of the Funds stated they did do, i.e., while the prospectuses stated that Defendants operated the Funds for the benefit of long-term growth, the Complaint alleges that, in actuality, the Defendants knowingly operated the Funds for the benefit of short-term traders at the expense of long-term growth. The Complaint alleges that:

> **Defendant[s] operate** [the Funds] as an open end mutual **fund with the stated goal of providing long term capital growth to investors who hold shares of the fund**. The fund expressly states in its prospectus that it seeks to achieve its investment goal through a policy of investing in stocks and debt obligations of companies outside of the United States.

(¶ 67 (T. Rowe Price), ¶ 80 (AIM)).[1]

The Complaint, however, alleges that Defendants' operation of the Funds was contrary to this representation in the prospectuses. For instance, the Complaint alleges that Defendants:

- allow[ed] portfolio valuation and share pricing policies and procedures which benefited market timing traders … **at the expense of long term traders** (¶ 73(iii) (T. Rowe Price), ¶ 90(iv) (AIM));

- by choosing to use stale prices in valuing their fund shares and setting their daily NAVs, **Defendants have exposed long term shareholders** to market timing traders (¶¶ 38; 42); and

- fail[ed] to implement [Defendants'] portfolio valuation and share pricing policies and procedures (¶ 73(ii) (T. Rowe Price), ¶ 90(iii) AIM).

2. The Complaint also alleges that:

> [t]he NAVs [net asset values] set by Defendants do not take into account on a daily basis any price relevant information that has become available … (¶ 37; *see also* ¶¶ 40, 43 and 44).[2]

Those same allegations of misrepresenting the value of the shares of funds have triggered the preemptive application of SLUSA. *See, e.g., Mehta v. AIG Sunamerica Life Assur. Co.,* 437 F. Supp. 2d 439, 443-44 (D.Md. 2006). A copy of a complaint in *Mehta,* with its virtually identical allegations (particularly ¶¶ 29, 32, 63, 70(iii)) is attached as Exhibit B.

Finally, Plaintiffs have effectively conceded that the Complaint alleges any state of mind that may be required for coverage by SLUSA by stating that "Plaintiffs have alleged that

---

[1] Attached as Exhibit A are pages of the prospectuses of the Funds which state they are seeking to provide long term capital growth, and describe procedures which Plaintiffs allege are contrary to what Plaintiffs say Defendants did. Complaint, ¶¶ 73(ii), 90(iii). The prospectuses may be considered by the Court in deciding this Motion. *Anderson* v. *Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) (court may take judicial notice of matters in public record in ruling on Rule 12(b)(6) motion); *Venture Assoc. Corp.* v. *Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (courts may consider documents integral to the complaint).

[2] Merely because Plaintiffs have not used the talismanic words "fraud", "misrepresentation", "omission of material facts" or "manipulative or deceitful devices", does not enable them to escape the preemptive effect of SLUSA. *See Dabit* v. *Merrill Lynch, Pierce, Fenner & Smith*, 395 F.3d 25, 34 (2d Cir. 2005), vacated in part on other grounds, 126 S. Ct. 1503 (2006) ("Under SLUSA … we must look beyond the face of the complaint to analyze the substance of the allegations made").

T. Rowe Price and AIM were negligent or and reckless in failing to prohibit short-term market timing trading" (Pltfs.' Rsp. in Opp. to Defts.' Mtn. to Dismiss, pp. 3-6).  *See Mehta*, 437 F. Supp. 2d at 442 ("negligence" claims like those of Plaintiffs' precluded by SLUSA); *Prof'l Mgmt. Assocs. Employees' Profit Sharing Plan* v. *KPMG LLP*, 335 F.3d 800, 803 (8th Cir. 2003) ("negligence" claim preempted by SLUSA because it "implicitly allege[d] … misrepresentations and omissions … in connection with the purchase of securities").[3]

## POINT II

### THE ABSENCE OF AN APPEAL BY THE T. ROWE PRICE AND AIM DEFENDANTS FROM THE 2004 REMAND ORDER DOES NOT BAR THEIR SUCCESSIVE REMOVAL OF THIS ACTION

Defendants' correct decision not to appeal the Court's non-appealable 2004 remand order does not bar their successive removal.  A remand order is not binding when, like the 2004 remand order, it is not appealable.  As the Seventh Circuit held in *Benson v. SI Handling Systems, Inc.,* 188 F.3d 780, 782 (7th Cir. 1999):

> A district judge's remand order lacks preclusive effect when [as here] §1447(d) blocks appellate review. [citations omitted].

Binding Defendants to the 2004 remand order would also contravene established Seventh Circuit rulings that parties are not barred from making successive removals when, as here, there has been an intervening change in the law on which the initial remand was barred.  *See Santamarina v. Sears*, 466 F.3d 570, 572 (7th Cir. 2006); *Midlock v. Apple Vacations West, Inc.,* 406 F.3d 453, 457 (7th Cir. 2005); *In the Matter of Mut. Fund Market-Timing Litig.* (*Kircher IV*), 468 F.3d 439, 444 (7th Cir. 2006); *Benson*, 188 F.3d at 782-83.

---

[3] Plaintiffs do not (and can not) contest the position of Defendants that the "in connection with" requirement of SLUSA is satisfied by the purchases and sales of third-party "market timers" coinciding with the alleged misrepresentations or deceitful device.  *Dabit*, 126 S. Ct. at 1513-14; *Mehta*, 437 F. Supp. 2d at 443-44.  *See also Prof'l Mgmt. Assocs. Employees' Profit Sharing Plan v. KPMG LLP,* 335 F.3d 800, 803 ("SLUSA's 'in connection with' requirement … is not limited to cases involving damages claimed as a result of the purchase or sale of securities").

3

The Seventh Circuit's comments in *Kircher IV*, quoted out of context by Plaintiffs, are not to the contrary. There, the Court was referring to the efficacy of the 2004 remand order at the time of Defendants' attempted removal in 2005 — prior to the Supreme Court ruling in 2006 in *Dabit* which amounted to "a change in, or clarification of, law that makes clear that the earlier ruling [i.e. 2004 remand order] was erroneous." *Santamarina*, 466 F.3d at 572. Any doubt that the Seventh Circuit's comments in *Kircher IV* were not about a **post-***Dabit* removal by the Defendants is dispelled by this passage from *Kircher IV* omitted by Plaintiffs even though it follows immediately upon the language they quoted (at 444):

> *Dabit* supplies an intervening change of law and may or may not justify a successive removal. . . . But a **pre**-*Dabit* successive removal cannot be justified by that later development, and certainly not by the Price and AIM defendants. (emphasis supplied)[4]

Finally, Plaintiffs' contention that *Dabit* was no more of an intervening change in the law than *Kircher II* ignores the role of the Supreme Court in ending the confusion regarding SLUSA among the Circuit Courts generated, in part, by *Kircher II*. As a plaintiff in this action acknowledged to the Supreme Court:

> When the Seventh Circuit [in *Kircher II*] split with three other circuits on whether SLUSA preempts holder claims, it deepened an already-existing confusion throughout the federal judiciary regarding SLUSA's preemptive scope.

Petition for A Writ of Certiorari in *Kircher,* p. 23, a copy of which is attached as Exhibit C. The Supreme Court's ruling in *Dabit* settled and clarified that issue of SLUSA law. As recognized by the Seventh Circuit, *Santamarina,* 466 F.3d at 572, that is the very kind of decision which effects an intervening change in the law justifying a successive removal.

---

[4] Defendants also incorporate their Memorandum in Opposition to Plaintiffs' Motion for Remand (pp. 12-14) where they further address these comments by the Seventh Circuit.

## **CONCLUSION**

The Court should dismiss the First Amended Complaint because SLUSA bars its maintenance in any State or Federal Court. In addition, Plaintiffs have failed to oppose, in any way, Defendants' argument that this Court lacks personal jurisdiction over Defendants T. Rowe Price International, Inc. and A I M Advisors, Inc. The Court should now dismiss the action against those defendants on this additional ground.

Dated: February 16, 2007

    Respectfully submitted,

    Daniel A. Pollack
    Martin I. Kaminsky
    Edward T. McDermott
    Anthony Zaccaria
    POLLACK & KAMINSKY
    114 West 47th Street, Suite 1900
    New York, New York 10036
    (212) 575-4700
    (212) 575-6560 (facsimile)

    - and -

    ARMSTRONG TEASDALE LLP

    By:  s/ Lisa M. Wood
        Frank N. Gundlach
        Glenn E. Davis
        Lisa M. Wood
        One Metropolitan Square, Suite 2600
        St. Louis, Missouri 63102-2740
        (314) 621-5070
        (314) 621-5065 (facsimile)

    ATTORNEYS FOR DEFENDANTS
    T. ROWE PRICE INTERNATIONAL
    FUNDS, INC., T. ROWE PRICE
    INTERNATIONAL, INC., AIM
    INTERNATIONAL FUNDS, INC. AND
    A I M ADVISORS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of February, 2007, a copy of the above and foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered participants:

| | |
|---|---|
| George A. Zelcs, Esq.<br>Korein Tillery<br>Three First National Plaza<br>70 West Madison, Suite 660<br>Chicago, IL  60602<br><br>*Attorneys for Plaintiffs* | Gordon R. Broom<br>Gary A. Meadows<br>Troy A. Bozarth<br>Hepler, Broom, MacDonald, Hebrank, True & Noce, LLP<br>103 W. Vandalia St., Suite 300<br>Edwardsville, IL  62025<br><br>*Attorneys for Defendant Artisan Partners Limited Partnership* |
| Stephen M. Tillery, Esq.<br>Korein Tillery<br>10 Executive Woods Ct.<br>Swansea, IL  62226<br><br>*Attorneys for Plaintiffs*<br><br>Robert L. King, Esq.<br>Swedlow & King LLC<br>701 Market Street, Suite 350<br>St. Louis, MO  63101-1830<br><br>*Attorneys for Plaintiffs* | Robert H. Shultz, Jr.<br>Richard K. Hunsaker<br>Heyl, Royster, Voelker & Allen<br>100 W. Vandalia Street, Suite 100<br>Edwardsville, IL  62025<br><br>*Attorneys for Defendant Artisan Funds, Inc.* |

The undersigned further certifies that on this 16th day of February, 2007, a true and correct copy of the foregoing document was served via U.S. Mail, postage prepaid, upon the following non-participants:

| | |
|---|---|
| John W. Rotunno<br>Kenneth E. Rechtoris<br>Bell, Boyd & Lloyd LLC<br>70 W. Madison Street, Suite 3100<br>Chicago, IL  60602-4207<br><br>*Attorneys for Defendant Artisan Partners Limited Partnership* | David O. Stewart<br>Thomas B. Smith<br>Ropes & Gray LLP<br>700 12th Street, N.W., Suite 900<br>Washington, DC  20005<br><br>*Attorneys for Defendant Artisan Funds, Inc.*<br><br>s/ Lisa M. Wood |